Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701

- and -

Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (*pro hac vice* pending)
**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) PREPARE A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' 50 LARGEST UNSECURED CREDITORS, AND (C) MAIL INITIAL NOTICES, AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

Relativity Fashion, LLC and its affiliated debtors and debtors in possession in these chapter

11 cases (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**"), by and through

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

their undersigned proposed counsel, for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) authorizing the Debtors to (a) prepare a consolidated list of creditors in lieu of submitting the mailing matrix or matrices for each individual Debtor required by Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"); (b) file a consolidated list of the Debtors' 50 largest unsecured creditors (the "**Top 50 Creditors List**"), (c) mail initial notices through their proposed Claims and Noticing Agent (as defined herein); (ii) waiving the requirement of section 521(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**") and Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") that each Debtor file a list of creditors on the Petition Date; and (iii) approving the form and manner of notifying creditors of commencement of the Debtors' chapter 11 cases (the "**Notice of Commencement**") attached hereto as <u>Exhibit B</u>.  In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The statutory predicates for the relief requested herein are sections 105(a), 342(a), and 521 of the Bankruptcy Code, Rules 1007(a)(1) and (d) and 2002(a), (f) and (m) of the Bankruptcy Rules, and Rule 1007-1 and 5075-1 of the Local Rules.

### Background

3.       On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and to manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of the chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  No committees have yet been appointed or designated.

5.      Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the *Declaration of Brian G. Kushner Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**") filed contemporaneously herewith and fully incorporated herein by reference.

## Relief Requested

6.      By this Motion, the Debtors seek entry of an order (a) authorizing the Debtors to prepare a consolidated list of creditors in lieu of submitting any required mailing matrix, (b) authorizing the Debtors to file the Top 50 Creditors List, (c) authorizing the Debtors to mail initial notices through their Claims and Noticing Agent (defined below), (d) waiving the requirement that each Debtor file a list of creditors on the Petition Date, and (e) approving the Notice of Commencement.

## Basis for Relief

7.      Pursuant to section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-1 (collectively, the "**Notice Rules**"), the Debtors are required to file a list of creditors containing the names and addresses of each such creditor (the "**Creditor Matrix**"), together with the Debtors' chapter 11 petitions, unless the Debtors file their schedules of assets and liabilities required under section 521(b)(1) of the Bankruptcy Code (the "**Schedules and**

**Statements**") simultaneously with the petitions.  Contemporaneously herewith, the Debtors filed

their *Motion for an Order Extending the Time to File (i)(a) Schedules of Assets and Liabilities, (b)*

*Schedules of Current Income and Expenditures, (c) Schedules of Executory Contracts and Unexpired*

*Leases, and (d) Statements of Financial Affairs, and (ii) Reports of Financial Information*.  Thus, the

Debtors are not in a position to file their Schedules and Statements on the Petition Date and, without

further relief, are required to each file a list of creditors and their addresses.

### A.     Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix

8.      The Local Bankruptcy Rules provide that "Debtor's counsel, at the time of filing the

petition, shall . . . unless a claims and noticing agent has been retained by the debtor in accordance

with Local Bankruptcy Rule 5075-1, upload the creditors' matrix into the CM/EFC creditors'

database." L. R. Bankr. P. 1007-1(b)(1).  Local Bankruptcy Rule 5075-1(b), in turn, provides that

"[i]n a case in which the number of creditors and equity security holders, in the aggregate, is 250 or

more, the estate shall retain, subject to approval of the Court, a claims and noticing agent in

accordance with the Protocol for the Employment of Claims And Noticing Agents under 28 U.S.C.

§156(c) . . . ." L. R. Bankr. P. 5075-1(b).

9.      The Debtors represent 145 entities that (together with their non-debtor affiliates)

operate an integrated global business network, which have over a thousand potential creditors.

Accordingly, contemporaneously with the filing of this Motion, and in accordance with the Local

Bankruptcy Rule 5075-1, the Debtors filed their *Application for an Order Appointing Donlin Recano*

*& Company, Inc. as Claims and Noticing Agent for the Debtors Pursuant to 28 U.S.C. § 156(c), 11*

*U.S.C. § 105(a) and Local Rule 5075-1*, seeking to retain Donlin Recano & Company, Inc. ("**Donlin**

**Recano**" or the "**Claims and Noticing Agent**"), as their claims and noticing agent in the chapter 11

cases.[2]  If such application is granted, the Claims and Noticing Agent will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor database, and (b) complete the mailing of notices to the parties in such database.

10.     The Debtors, working together with the Claims and Noticing Agent, are preparing a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors are prepared to make that list available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix (or matrices) to the clerk of the Court.

11.     The Debtors also propose that the Claims and Noticing Agent undertake all mailings directed by the Court, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), or as required by the section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the Notice of Commencement.  The Debtors believe that using the Claims and Noticing Agent for this purpose will maximize efficiency in administering the chapter 11 cases and will ease administrative burdens that otherwise fall upon the Court and the U.S. Trustee

12.     After consultation with the Claims and Noticing Agent, the Debtors believe that preparing the consolidated list will permit the Claims and Noticing Agent to promptly provide notices to all applicable parties.  Accordingly, the Debtors believe it will maximize efficiency and accuracy and reduce costs to maintain electronic-format lists of creditors rather than preparing and filing separate matrices.  Permitting the Debtors to maintain a consolidated list of their creditors in electronic format only, in lieu of filing a creditor matrix or matrices, is warranted under the circumstances of these cases.  Indeed, because the Debtors have approximately one thousand

---

[2] The request to retain the Claims and Noticing Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provisions of notice of the administrative information to parties in interest so long as the costs of the services are paid for out of assets of the estate. *See* 28 U.S.C. § 156(c).

potential creditors and other parties in interest, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk and recurrence of error with respect to information already intact on computer systems maintained by the Debtors or their agents.

13.    The Debtors submit that the proposed maintenance of an electronic list of creditors under the auspices of the Claims and Noticing Agent is consistent with applicable Local Rules. Pursuant to Local Bankruptcy Rule 5075-1, a debtor filing a petition with more than 250 creditors, such as is the case here, is required to retain an approved claims and noticing agent, pursuant to an order of the Court.[3]

14.    Courts in this jurisdiction and others have approved relief similar to the relief requested in this Motion with respect to preparation of a consolidated, electronic list of a debtor's creditors. *See, e.g., In re Chassix Holdings, Inc., et al.,* 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); *In re NII Holdings, Inc.,* 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 15, 2014); *Nautilus Holdings Limited,* 14-2288 (RDD) (Bankr. S.D.N.Y. June 23, 2014); *In re LHI Liquidation Co. Inc.,* 13-14050 (MG) (Bankr. S.D.N.Y. Dec. 15, 2013); *In re Sound Shore Medical Center of Westchester,* 13-22840 (RDD) (Bankr. S.D.N.Y. May 29, 2013); *In re Hawker Beechcraft, Inc.*, 12-11873 (SMB) (Bankr. S.D.N.Y. May  3, 2012);  *In re Grubb & Ellis Co.*, Case No. 12-10685 (MG) (Bankr. S.D.N.Y. Feb. 21, 2012); *In re United Retail Grp.*, Case No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012); *In re Sbarro, Inc.*, Case No. 11-11527 (SCC) (Bankr. S.D.N.Y. Apr. 5, 2011); *In re MSR Resort Golf Course LLC*, Case No. 11-10372 (SHL) (Bankr. S.D.N.Y. Feb. 3, 2011); *In re Great Atl. & Pac. Tea Co.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 14, 2010); *In re Innkeepers USA Trust*, Case

---

[3] The Debtors contacted the Clerk of the Court before the Petition Date and will continue to maintain communications with the Court as necessary throughout the chapter 11 cases.

No. 10-13800 (SCC) (Bankr. S.D.N.Y. July 20, 2010); *In re NR Liquidation III Co. (f/k/a Neff Corp.)*, Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. May 17, 2010).[4]

15.     Finally, as Donlin Recano will assist in compiling the Creditor Matrix to furnish the Debtors' creditors with the Notice of Commencement and will handle all notices to be given to the creditors in these cases, the filing of the Creditor Matrix with this Court pursuant to the Notice Rules serves no practical purpose.  Accordingly, the Debtors submit that cause exists to authorize the Debtors to prepare a list of creditors in lieu of submitting a formatted mailing matrix.

**B.      Cause Exists to Authorize the Debtors to File a Single
Consolidated List of the Debtors' 50 Largest Unsecured Creditors**

16.     Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  Because many of the Debtors have many creditors in common  and, in many cases, operate as an integrated business enterprise, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors.

17.     The exercise of compiling separate top 20 creditor lists for each individual Debtor would consume an excessive amount of the Debtors' time and resources.  Further, given the affiliated nature of the Debtors and the fact that they share a number of creditors in common, the Debtors believe a single, consolidated list of the Debtors' 50 largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors and streamline the U.S. Trustee's efforts to organize a creditors' committee in these cases.  As such, the Debtors believe that filing a single consolidated list of the 50 largest unsecured creditors in the chapter 11 cases is appropriate.

---

[4] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion.  Copies of these orders are available upon request of the Debtors' proposed counsel.

18.     Courts in this jurisdiction and others have approved relief similar to the relief requested in this Motion with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates.  *See, e.g., In re Chassix Holdings, Inc., et al.,* 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); *In re NII Holdings, Inc.,* 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 15, 2014); *In re Nautilus Holdings Limited,* 14-2288 (RDD) (Bankr. S.D.N.Y. June 23, 2014); *In re LHI Liquidation Co. Inc.,* 13-14050 (MG) (Bankr. S.D.N.Y. Dec. 15, 2013); *In re Sound Shore Medical Center of Westchester,* 13-22840 (RDD) (Bankr. S.D.N.Y. May 29, 2013); *In re Hawker Beechcraft, Inc.*, 12-11873 (SMB) (Bankr. S.D.N.Y. May  3, 2012); *In re Grubb & Ellis Co.*, Case No. 12-10685 (MG) (Bankr. S.D.N.Y. Feb. 21, 2012); *In re United Retail Grp.*, Case No. 12-10405 (SMB) (Bankr. S.D.N.Y. Feb. 2, 2012); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Jan. 19, 2012); *In re Sbarro, Inc.*, Case No. 11-11527 (SCC) (Bankr. S.D.N.Y. Apr. 5, 2011); *In re MSR Resort Golf Course LLC*, Case No. 11-10372 (SHL) (Bankr. S.D.N.Y. Feb. 3, 2011); *In re Great Atl. & Pac. Tea Co.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 14, 2010); *In re Innkeepers USA Trust*, Case No. 10-13800 (SCC) (Bankr. S.D.N.Y. July 20, 2010); *In re NR Liquidation III Co. (f/k/a Neff Corp.)*, Case No. 10-12610 (SCC) (Bankr. S.D.N.Y. May 17, 2010).[5]

## C.    Authority of the Claims and Noticing Agent to Mail Initial Notices

19.     As stated above, the Debtors propose that the Claims and Noticing Agent undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of the chapter 11 cases.  The Claims and Noticing Agent's assistance with the mailing and preparation of creditor lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee.  With such assistance, the

---

[5] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion.  Copies of these orders are available upon request of the Debtors' proposed counsel.

Debtors will be prepared to file a computer-readable consolidated list of creditors and also will be capable of undertaking all necessary mailings.

20. In addition, the use of the Claims and Noticing Agent for these purposes is consistent with Rule 5075 of the Local Rules and with section 156(c) of the Bankruptcy Code, and should be approved to the extent that the use of a claims and noticing agent is required by this Court due to the size and complexity of these cases.

**D.      Approval of Form and Manner of Notice of Commencement**

21. Attached as <u>Exhibit B</u> hereto is a form of the proposed Notice of Commencement of these chapter 11 cases to be sent to the Debtors' known creditors and other parties in interest. The proposed Notice of Commencement is based on and conforms with Official Bankruptcy Form 9F and would, therefore, provide all required information in connection with the commencement of these chapter 11 cases. The Notice of Commencement would be sent by first class mail to those entities entitled to receive such notice pursuant to Bankruptcy Rule 2002(a) no later than five business days after the Debtors receive notice from the U.S. Trustee of the time and place of the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**Section 341 Meeting**").

22. Accordingly, and because the proposed Notice of Commencement conforms with the all applicable rules and practice, the Debtors hereby request that Court approve the proposed Notice of Commencement for service by the Claims and Noticing Agent pursuant to all applicable Notice Rules as providing sufficient notice of the commencement of these chapter 11 cases and the Section 341 Meeting.

<u>**Notice**</u>

23. No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases. The Debtors have provided notice of this Motion to: (a) the Office of the United States

Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of

Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c)

counsel to the agent (and if there is no agent, counsel to the lender(s)) under each of the Debtors'

pre-petition financing facilities; (d) counsel to the agent under the Debtors' post-petition financing

facility; (e) the United States Securities and Exchange Commission; (f) the Internal Revenue

Service, and (g) all parties entitled to notice pursuant to Local Rule 9013-1(b).  In light of the nature

of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### **No Prior Request**

24.    No prior request for the relief sought in this Motion has been made to this or any

other court.

[Rest of page left intentionally blank]

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other relief as is just and proper.

Dated: July 30, 2015
New York, New York

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: _/s/ Craig A. Wolfe_ _____
Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: cwolfe@sheppardmullin.com
        mcademartori@sheppardmullin.com
        bwolfe@sheppardmullin.com

-and-

**JONES DAY**
Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (_pro hac vice_ pending)
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306
E-mail: rlwynne@jonesday.com
        blspiegel@jonesday.com
        lsinanyan@jonesday.com

_Proposed Co-Counsel to the Debtors and Debtors
in Possession_

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*, [1] | Case No. 15-11989 (MEW) |
| Debtors. | (Joint Administration Requested) |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PREPARE A LIST
OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING
MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' 50
LARGEST UNSECURED CREDITORS, AND (C) MAIL INITIAL NOTICES,
AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS
OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession

(collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) authorizing the Debtors to

(a) prepare a consolidated list of creditors in lieu of submitting any required mailing matrix or

matrices, (b) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (c) mail

initial notices through their Claims and Noticing Agent, and (ii) approving the form and manner of

notifying creditors of commencement of the Debtors' chapter 11 cases, all as more fully set forth in

the Motion; and upon consideration of the First Day Declaration; and it appearing that this Court has

jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that

venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b); and this Court having determined that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).
[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558).  The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

 IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The requirement that each of the Debtors file a list of creditors with the Court on the Petition Date pursuant to the Notice Rules is hereby waived.

3.      The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in the chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4.      In lieu of submitting a formatted mailing matrix or matrices, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

5.      The Notice of Commencement of the chapter 11 cases, substantially in the form attached to the Motion as <u>Exhibit B</u>, is hereby approved.

6.      The Debtors, with the assistance of the Claims and Noticing Agent, are authorized, but not directed, to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of the chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

7.      The Claims and Noticing Agent is authorized and directed to serve the Notice of Commencement no later than five business days after the Debtors receive written notice from the U.S. Trustee of the time and place of the Section 341 Meeting.  The Claims and Noticing Agent shall serve the Notice of Commencement by regular mail, postage prepaid, on those entities entitled to

receive the Notice of Commencement pursuant to Bankruptcy Rule 2002(a). Service of the Notice

of Commencement in accordance with this paragraph is approved in all respects and is deemed

sufficient notice to all parties in interest of the commencement of these chapter 11 cases and the

Section 341 Meeting under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

8.      All time periods set forth in this Order shall be calculated in accordance with

Bankruptcy Rule 9006(a).

9.      The requirements set forth in Local Rule 9013-1(b) are satisfied.

10.     The Debtors are authorized and empowered to take all actions necessary to implement

the relief granted in this Order.

11.     This Court shall retain jurisdiction to hear and determine all matters arising from or

related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
       July __, 2015

                                        _____
                                        THE HONORABLE [_____]
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Notice of Commencement**

**B9F (Official Form 9F)** (Chapter 11 Corporation/Partnership Case) (12/12)

| |
|---|
| <div align="center">UNITED STATES BANKRUPTCY COURT<br>FOR THE SOUTHERN DISTRICT OF NEW YORK</div> |

<div align="center">

**Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines**

</div>

A chapter 11 bankruptcy case concerning the debtors listed below was filed on July 30, 2015.

You may be a creditor of the debtors. **This notice lists important deadlines**. You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

<div align="center">

**Creditors -- Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side for Important Explanations.**

</div>

| Debtors: | Complete EIN: | Case Number: |
|---|---|---|
| Relativity Fashion, LLC | 46-3954571 | 15-_____ |
| Relativity Holdings LLC | 26-3867052 | 15-_____ |
| Relativity Media, LLC | 25-1910844 | 15-_____ |
| plus their 142 subsidiaries and/or affiliates listed on the attached schedule. | | |

| All other names used by the Debtor(s) in the last 8 years (include trade names): | Attorneys for Debtors (name and address):<br>Craig A. Wolfe, Esq., Blanka K. Wolfe, Esq.<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>30 Rockefeller Plaza, New York, NY 10112, Tel: (212) 653-8700<br><br>Richard L. Wynne, Esq., Bennett L. Spiegel, Esq., Lori Sinanyan, Esq.<br>JONES DAY<br>222 East 41st Street, New York, NY 10017, Tel:  (212) 326-3939 |
|---|---|

<div align="center">

**Meeting of Creditors**

</div>

Date:    9/16/2015        Time:  2:30  P.M.        Location:  Office of the United States Trustee
            .                                      80 Broad Street, 4th Floor
                                                   New York, New York 10004

<div align="center">

**Deadline to File a Proof of Claim**

</div>

Proof of Claim must be *received* by the bankruptcy clerk's office by the following deadline:

<div align="center">

Notice of deadline will be sent at a later time.

**Creditor with a Foreign Address:**

</div>

A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

<div align="center">

**Deadline to File a Complaint to Determine Dischargeability of Certain Debts:**

</div>

<div align="center">

**Creditors May Not Take Certain Actions:**

</div>

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| <br>One Bowling Green<br>New York, NY 10004-1408<br>Telephone number: (212) 668-2870 | Clerk of the Bankruptcy Court: |
| Hours Open: Monday - Friday, 8:30 a.m. - 5:00 p.m. | Date: |

<div align="center">-1-</div>

**EXPLANATIONS**                                                                    **B9F (Official Form 9F) (12/12)**

| | |
|---|---|
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered.  Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the court.  You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice.  Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code § 362.  Common examples of prohibited actions include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; and starting or continuing lawsuits or foreclosures.  Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side.  *The debtor 's representative must be present at the meeting to be questioned under oath by the trustee and by creditors.*  Creditors are welcome to attend, but are not required to do so.  The meeting may be continued and concluded at a later date specified in a notice filed with the court.  The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim.  If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office.  You may look at the schedules that have been or will be filed at the bankruptcy clerk's office.  If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim.  Whether or not your claim is scheduled, you are permitted to file a Proof of Claim.  If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan.  The court has not yet set a deadline to file a Proof of Claim.  If a deadline is set, you will be sent another notice.  A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim.  Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.  **Filing Deadline for a Creditor with a Foreign Address:**  The deadline for filing claims will be set in a later court order and will apply to all creditors unless the order provides otherwise.  If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See Bankruptcy Code § 1141 (d).  A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.  If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141 (d) (6) (A), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side.  The bankruptcy clerk's office must receive the complaint and any required filing fee by that deadline. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side.  You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| | Refer To Other Side For Important Deadlines and Notices |

**SCHEDULE OF THE DEBTORS**

| Debtor: | Complete EIN: | Case No.: |
|---|---|---|
| Relativity REAL, LLC | 26-2931653 | 15-_____ |
| RML Distribution Domestic, LLC | 27-3506528 | 15-_____ |
| RML Distribution International, LLC | 27-3506749 | 15-_____ |
| RMLDD Financing, LLC | 61-1689114 | 15-_____ |
| 21 & Over Productions, LLC | 27-2717796 | 15-_____ |
| 3 Days to Kill Productions, LLC | 45-5455747 | 15-_____ |
| A Perfect Getaway P.R., LLC | 80-0149252 | 15-_____ |
| A Perfect Getaway, LLC | 33-1193939 | 15-_____ |
| Armored Car Productions, LLC | 46-1492750 | 15-_____ |
| Best of Me Productions, LLC | 46-3731490 | 15-_____ |
| Black Or White Films, LLC | 47-2086718 | 15-_____ |
| Blackbird Productions, LLC | 80-0908037 | 15-_____ |
| Brant Point Productions, LLC | 80-0449994 | 15-_____ |
| Brick Mansions Acquisitions, LLC | 46-2403910 | 15-_____ |
| Brilliant Films, LLC | 26-2620448 | 15-_____ |
| Brothers Productions, LLC | 35-2309930 | 15-_____ |
| Brothers Servicing, LLC | 38-3765849 | 15-_____ |
| Catfish Productions, LLC | 27-2717728 | 15-_____ |
| Cine Productions, LLC | 27-3008359 | 15-_____ |
| CinePost, LLC | 26-4218440 | 15-_____ |
| Cisco Beach Media, LLC | 80-0888621 | 15-_____ |
| Cliff Road Media, LLC | 47-3227065 | 15-_____ |
| Den of Thieves Films, LLC | 90-0403046 | 15-_____ |
| Don Jon Acquisitions, LLC | 46-1887951 | 15-_____ |
| DR Productions, LLC | 46-5767803 | 15-_____ |
| Einstein Rentals, LLC | 30-0545861 | 15-_____ |
| English Breakfast Media, LLC | 27-2972240 | 15-_____ |
| Furnace Films, LLC | 45-2563558 | 15-_____ |
| Gotti Acquisitions, LLC | 46-2486562 | 15-_____ |
| Great Point Productions, LLC | 36-4755813 | 15-_____ |
| Guido Contini Films, LLC | 26-2861031 | 15-_____ |
| Hooper Farm Music, LLC | 37-1783773 | 15-_____ |
| Hooper Farm Publishing, LLC | 37-1783762 | 15-_____ |
| Hummock Pond Properties, LLC | 47-3629862 | 15-_____ |
| Hunter Killer La Productions, LLC | 47-3241939 | 15-_____ |
| Hunter Killer Productions, LLC | 45-3803130 | 15-_____ |
| In The Hat Productions, LLC | 47-2593140 | 15-_____ |
| J & J Project, LLC | 54-2191832 | 15-_____ |
| JGAG Acquisitions, LLC | 46-2819221 | 15-_____ |
| Left Behind Acquisitions, LLC | 46-2761367 | 15-_____ |
| Long Pond Media, LLC | 80-0357197 | 15-_____ |
| Madaket Publishing, LLC | 80-0459356 | 15-_____ |

| Debtor: | Complete EIN: | Case No.: |
|---|---|---|
| Madaket Road Music, LLC | 80-0459352 | 15-____ |
| Madvine RM, LLC | 46-3940646 | 15-____ |
| Malavita Productions, LLC | 45-5458636 | 15-____ |
| MB Productions, LLC | 47-1214477 | 15-____ |
| Merchant of Shanghai Productions, LLC | 46-3727002 | 15-____ |
| Miacomet Media LLC | 80-0867371 | 15-____ |
| Miracle Shot Productions, LLC | 46-5650015 | 15-____ |
| Most Wonderful Time Productions, LLC | 46-0830426 | 15-____ |
| Movie Productions, LLC | 01-0939860 | 15-____ |
| One Life Acquisitions, LLC | 45-5249061 | 15-____ |
| Orange Street Media, LLC | 61-1673089 | 15-____ |
| Out Of This World Productions, LLC | 47-0982322 | 15-____ |
| Paranoia Acquisitions, LLC | 45-5248747 | 15-____ |
| Phantom Acquisitions, LLC | 46-2766381 | 15-____ |
| Pocomo Productions, LLC | 80-0951069 | 15-____ |
| Relative Motion Music, LLC | 90-0488016 | 15-____ |
| Relative Velocity Music, LLC | 80-0357169 | 15-____ |
| Relativity Development, LLC | 26-3215296 | 15-____ |
| Relativity Film Finance II, LLC | 45-3709082 | 15-____ |
| Relativity Film Finance III, LLC | 45-5298893 | 15-____ |
| Relativity Film Finance, LLC | 26-3052127 | 15-____ |
| Relativity Films, LLC | 36-4615464 | 15-____ |
| Relativity Foreign, LLC | 46-1178993 | 15-____ |
| Relativity India Holdings, LLC | 47-0988921 | 15-____ |
| Relativity Jackson, LLC | 26-3766116 | 15-____ |
| Relativity Media Distribution, LLC | 26-2620264 | 15-____ |
| Relativity Media Films, LLC | 26-4061574 | 15-____ |
| Relativity Music Group, LLC | 45-2489540 | 15-____ |
| Relativity Production LLC | 20-8217891 | 15-____ |
| Relativity Rogue, LLC | 26-3873333 | 15-____ |
| Relativity Senator, LLC | 45-4049044 | 15-____ |
| Relativity Sky Land Asia Holdings, LLC | 45-5099582 | 15-____ |
| Relativity TV, LLC | 46-3420227 | 15-____ |
| Reveler Productions, LLC | 47-3092191 | 15-____ |
| RML Acquisitions I, LLC | 45-1349406 | 15-____ |
| RML Acquisitions II, LLC | 45-1539810 | 15-____ |
| RML Acquisitions III, LLC | 45-2749116 | 15-____ |
| RML Acquisitions IV, LLC | 45-2994997 | 15-____ |
| RML Acquisitions IX, LLC | 46-5114410 | 15-____ |
| RML Acquisitions V, LLC | 45-5619532 | 15-____ |
| RML Acquisitions VI, LLC | 46-1269640 | 15-____ |
| RML Acquisitions VII, LLC | 46-1407747 | 15-____ |
| RML Acquisitions VIII, LLC | 46-1687459 | 15-____ |

| Debtor: | Complete EIN: | Case No.: |
|---|---|---|
| RML Acquisitions X, LLC | 47-1401009 | 15-_____ |
| RML Acquisitions XI, LLC | 47-1622651 | 15-_____ |
| RML Acquisitions XII, LLC | 47-2104226 | 15-_____ |
| RML Acquisitions XIII, LLC | 47-2279614 | 15-_____ |
| RML Acquisitions XIV, LLC | 47-2291910 | 15-_____ |
| RML Acquisitions XV, LLC | 47-3105518 | 15-_____ |
| RML Bronze Films, LLC | 47-2938636 | 15-_____ |
| RML Damascus Films, LLC | 46-4236024 | 15-_____ |
| RML Desert Films, LLC | 46-5024564 | 15-_____ |
| RML Documentaries, LLC | 46-3687991 | 15-_____ |
| RML DR Films, LLC | 46-4080022 | 15-_____ |
| RML Echo Films, LLC | 46-3144656 | 15-_____ |
| RML Escobar Films LLC | 46-3930123 | 15-_____ |
| RML Film Development, LLC | 27-2473567 | 15-_____ |
| RML Films PR, LLC | 68-0681662 | 15-_____ |
| RML Hector Films, LLC | 46-5066054 | 15-_____ |
| RML Hillsong Films, LLC | 47-3083539 | 15-_____ |
| RML IFWT Films, LLC | 47-3411255 | 15-_____ |
| RML International Assets, LLC | 27-4661910 | 15-_____ |
| RML Jackson, LLC | 37-1581081 | 15-_____ |
| RML Kidnap Films, LLC | 47-1792708 | 15-_____ |
| RML Lazarus Films, LLC | 47-2190107 | 15-_____ |
| RML Nina Films, LLC | 47-2430495 | 15-_____ |
| RML November Films, LLC | 46-5079701 | 15-_____ |
| RML Oculus Films, LLC | 46-3682596 | 15-_____ |
| RML Our Father Films, LLC | 47-3006485 | 15-_____ |
| RML Romeo and Juliet Films, LLC | 46-2869509 | 15-_____ |
| RML Scripture Films, LLC | 47-2097845 | 15-_____ |
| RML Solace Films, LLC | 47-2455125 | 15-_____ |
| RML Somnia Films, LLC | 46-5127195 | 15-_____ |
| RML Timeless Productions, LLC | 45-4541996 | 15-_____ |
| RML Turkeys Films, LLC | 45-5248898 | 15-_____ |
| RML Very Good Girls Films, LLC | 46-2873685 | 15-_____ |
| RML WIB Films, LLC | 47-1780102 | 15-_____ |
| Rogue Digital, LLC | 35-2375578 | 15-_____ |
| Rogue Games, LLC | 45-3744812 | 15-_____ |
| Roguelife LLC | 27-1733442 | 15-_____ |
| Safe Haven Productions, LLC | 45-3326550 | 15-_____ |
| Sanctum Films, LLC | 27-3377736 | 15-_____ |
| Santa Claus Productions, LLC | 46-2227398 | 15-_____ |
| Smith Point Productions, LLC | 32-0419118 | 15-_____ |
| Snow White Productions, LLC | 27-3833175 | 15-_____ |
| Spy Next Door, LLC | 90-0403043 | 15-_____ |

| Debtor: | Complete EIN: | Case No.: |
|---|---|---|
| Story Development, LLC | 46-0660677 | 15-_____ |
| Straight Wharf Productions, LLC | 30-0545858 | 15-_____ |
| Strangers II, LLC | 30-0566152 | 15-_____ |
| Stretch Armstrong Productions, LLC | 46-0780213 | 15-_____ |
| Studio Merchandise, LLC | 46-5235738 | 15-_____ |
| Summer Forever Productions, LLC | 47-2719211 | 15-_____ |
| The Crow Productions, LLC | 45-3326707 | 15-_____ |
| Totally Interns, LLC | 46-2499980 | 15-_____ |
| Tribes of Palos Verdes Production, LLC | 46-5656638 | 15-_____ |
| Tuckernuck Music, LLC | 36-4758713 | 15-_____ |
| Tuckernuck Publishing, LLC | 80-0913960 | 15-_____ |
| Wright Girls Films, LLC | 45-5059639 | 15-_____ |
| Yuma, Inc. | 42-1711669 | 15-_____ |
| Zero Point Enterprises, LLC | 46-4549558 | 15-_____ |