Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701

- and -

Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq.
**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Joint Administration Requested) |

## DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTORS TO HONOR PRIZE OBLIGATIONS UNDER EXISTING PRODUCTION AGREEMENTS

Relativity Fashion, LLC, and its affiliated debtors and debtors in possession in these chapter

11 cases (collectively, the "**Debtors**"), hereby submit this motion (the "**Motion**"), by and through

their undersigned proposed counsel, for the entry of interim and final orders, substantially in the

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

form attached as <u>Exhibits A and B</u>, authorizing the Debtors in their business judgment to perform and honor their obligations under the Production Agreements (as defined herein).  In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

## Background

3.      On the date hereof (the "**Petition Date**") each of the Debtors filed a voluntary petition in this Court for relief under the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  No committees have yet been appointed or designated.

5.      The Debtors, along with their non-Debtor affiliates and related entities, are a privately-held Hollywood studio with an integrated and diversified global media platform that provides, among other things, film and television production and distribution.   Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the *Declaration of Brian G. Kushner Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), filed contemporaneously herewith and fully incorporated herein by reference.

6.      Debtor Relativity REAL, LLC (d/b/a Relativity Television) ("**RTV**") develops and produces television programs.  In connection therewith, RTV enters into agreements to develop and produce television programing (the "**Production Agreements**").  Under the Production Agreements, RTV is obligated to advance certain costs and expenses in connection with producing television programing.  These costs and expenses include prizes that are awarded to participants in the television programs produced by the Debtors (the "**Prize Obligations**").  The participants who receive the Prize Obligations are third party contestants and are not affiliated with the Debtors, or the Debtors' counterparties under the Production Agreements.  In some instances, the Debtors' counterparties have paid the Debtors for the costs of the Prize Obligations, but the Debtors have not yet awarded the Prize Obligations to the participants.

7.      A significant portion of the Debtors' television business involves developing television programing for television and cable networks.  Typically the television programing will be distributed by media distribution companies, such as television and cable networks, that are obligated to distribute the television programing and pay a portion of the backend revenue to the Debtors.  In order to realize the backend revenue from the Production Agreements, which is vital to the Debtors' business, the Debtors must continue to comply with the Production Agreements and perform their Prize Obligations.  The Production Agreements, and the Debtors' relationship with the counterparties to the Production Agreements, are important assets of the Debtors' estates and are critical to the value of the Debtors' television business.

8.      The value of the Prize Obligations is approximately $2,500,000.  If the Debtors fail to perform the Prize Obligations it would likely cause the Debtors to default under certain of the Production Agreements, and would result in serious harm to the Debtors' estate.  Additionally, it would harm the participants in the television programs, who are innocent third parties, if the Debtors

-3-

failed to honor the Prize Obligations.  Moreover, the negative publicity associated with the Debtors'
failure to honor the Prize Obligations would diminish the value and appeal of the television
programing that the Debtors have developed and sold.  This would likely encourage the relatively
small number of potential media distribution companies to avoid working with the Debtors, or any
potential purchaser of the Debtors' assets, in the future.  Accordingly, the Debtors' television
business would be seriously damaged, and the Debtors position in the television production
marketplace would be adversely impacted, threatening the ability of the Debtors to realize maximum
value on their assets.

### Relief Requested

9.       The Prize Obligations are critical to RTV's performance under the Production
Agreements and the success of the television programing produced thereunder.  While the Prize
Obligations largely arise under pre-petition agreements, many of the Prize Obligations will not
become due until after the Petition Date.  To preserve this important asset of the estate pending the
Debtors' likely assumption of the Production Agreements, the Debtors seek to honor their
obligations thereunder.  As such, by this Motion, the Debtors, pursuant to sections 105, 363(b) and
365 of the Bankruptcy Code, seek entry of interim and final orders authorizing, but not directing, the
Debtors to perform and honor their Prize Obligations under the Production Agreements subject to
the Debtors' business judgment.

### Basis for Relief

10.       Pursuant to section 365 of the Bankruptcy Code, a chapter 11 debtor has the power to
assume its valuable contracts at any time prior to the confirmation of its chapter 11 plan.  11 U.S.C.
§ 365(a).  Prior to a debtor's assumption of an executory contract, the debtor cannot receive the
benefits of a contract without paying for them.  *In re Texaco Inc. v. Board of Comm'rs for the
LaFourche Basin Levee Dist. (In re Texaco Inc)*, 254 B.R. 536, 557 (Bankr. S.D.N.Y. 2000)

(*quoting In re Yonkers Hamilton Sanitarium Inc.*, 22 B.R. 427, 435 (Bankr. S.D.N.Y. 1982)) ("As

long as the debtor continues to receive the benefits under [a] contract it must also bear the burdens or

obligations imposed under the contract."); *see also Mirant Corp. v. Potomac Elec. Power Co. (In re*

*Mirant Corp)*, 197 Fed. Appx. 285, 294-95 (5th Cir. 2006) (affirming order that required debtor's

performance under contract prior to assumption or rejection where debtor received benefits of

contract). Thus, before a debtor can demand a contract counterparty's post-petition performance

under an executory contract, it must first satisfy its own post-petition obligations. *See e.g., In re*

*Monarch Capital Corp.,* 163 B.R. 899, 907 (Bankr. D. Mass. 1994) (holding that the debtor

was obligated to perform under the parties' contract by reimbursing creditor's expenses if it

required creditor's continued performance).

11.     In addition, a court may authorize a debtor to pay certain prepetition obligations

pursuant to section 363(b) of the Bankruptcy Code. Section 363(b) provides that "the trustee, after

notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property

of the estate." 11 U.S.C. § 363(b)(1). To approve the use of a debtor's assets outside the ordinary

course of business pursuant to section 363(b), a Court must find that a "good business reason" exists

for the use of such assets. *See, e.g., Official Comm. of Unsecured Creditors v. Enron Corp. (In re*

*Enron Corp.)*, 335 B.R. 22, 27-28 (S.D.N.Y. 2005) (quoting *In re Lionel Corp.*, 722 F.2d 1063, 1071

(2d Cir. 1983)).

12.     This business judgment rule is satisfied where "'the directors of a corporation acted

on an informed basis, in good faith and in the honest belief that the action taken was in the best

interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In*

*re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488

A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993). "Where the debtor

articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Courts in this District consistently have declined to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence, and have upheld a board's decisions as long as such decisions are attributable to any "'rational business purpose.'" *Integrated*, 147 B.R. at 656 (*quoting CRTF Corp. v. Federated Dep't Stores*, 683 F. Supp. 422, 436 (S.D.N.Y. 1988)).

13.    In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a); *see Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.)*, 352 F.3d 671, 680 (2d Cir. 2003) ("it is axiomatic that bankruptcy courts are 'courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process'") (*quoting In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994)). Thus, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the Debtors to pay and honor their Prize Obligations because such payments are necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code, which "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "protect and preserve the estate, including an operating business' going-concern value," on behalf of the debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (*quoting In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232-33 (Bankr. S.D.N.Y. 1998) ("upon filing its petition, the Debtor became debtor in

possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee").

14.    In a long line of well-established cases, courts consistently have permitted postpetition payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors. *See, e.g.*, *In re Fin. News Network, Inc.*, 134 B.R. 732, 735-36 (Bankr. S.D.N.Y. 1991) ("[A] bankruptcy court may allow pre-plan payments of prepetition obligations where such payments are critical to the debtor's reorganization")*;* *Ionosphere*, 98 B.R. at 175 (citing *Miltenberger v. Logansport, C&S W.R. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim before reorganization permitted to prevent stoppage of "indispensable business relations")); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).  This "doctrine of necessity" functions in a chapter 11 reorganization as a mechanism by which the Court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code.  *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (quoting *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) ("[T]he 'necessity of payment' doctrine…[permits] immediate payment of claims of creditors where those creditors will not supply services or material  essential to the conduct of the business until their pre-reorganization claims shall have been paid."); *In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing "existence of a judicial power to authorize trustees in reorganization to pay claims [for] goods and services indispensably necessary" to debtors' continued operation); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 ("A general practice has developed…where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will

-7-

be unable to reorganize without such payment."); *In re Structurelite Plastics Corp.*, 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988) ("[A] *per se* rule proscribing the payment of pre-petition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code"). The rationale for the doctrine of necessity is consistent with the paramount goal of chapter 11— "facilitating the continued operation and rehabilitation of the debtor." *Ionosphere*, 98 B.R. at 176.

15.     The value of the Debtors' business is highly dependent on the Production Agreements, and such Agreements are essential to maintaining the going concern value of the Debtor's enterprise. The Production Agreements are a valuable asset of the estate, and provide the Debtors with a stream of income based on the Debtors' production of television programing.

16.     In order to capitalize on the value of the Production Agreements, the Debtors must honor their Prize Obligations. The failure to do so would likely constitute a default under the Production Agreements, and would likely subject the Debtors to claims by the counterparties to the Production Agreements and other third parties, including the participants in the television programs produced pursuant to the Production Agreements. Such claims would significantly reduce the value of the Debtors' enterprise and result in a lower potential return for the Debtors' creditors in connection with these bankruptcy proceedings. Moreover, if the Debtors fail to comply with their Prize Obligations, the counterparties to the Production agreements, which include major broadcasting and media companies with which the Debtors work, could lose confidence in the Debtors, question the Debtors' ability to survive, and refuse to agree to similar production agreements with the Debtors in the future. The Debtors' inability to honor their Prize Obligations would irreparably harm the Debtors' relationship with the counterparties to the Production Agreements, and thereby irreparably harm the Debtors' businesses, causing catastrophic damage to its going-concern value.

17.    The Debtors' continued compliance with the Production Agreements is critical to the success of these chapter 11 cases.  The disruption and damage to the Debtors' business that will ensue if the Debtors do not comply with their Prize Obligations far exceed the costs associated with honoring the Prize Obligations.  Accordingly, the Debtors request that they be authorized, but not directed, to   perform and honor their Prize Obligations in connection with the Production Agreements.

## Bankruptcy Rule 6003 Is Satisfied

18.    Rule 6003 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") provides that to the extent "relief is necessary to avoid immediate and irreparable harm," a Bankruptcy Court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty-one days after the Petition Date.  Fed. R. Bankr. P. 6003(b).  Harm exists when a debtor's ability to reorganize is threatened or the value of the debtor's estate may decrease without the grant of the requested relief.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990).

19.    As described herein and in the First Day Declaration, the Debtors' business relies on the Production Agreements, and the ability of the Debtors to receive the value of the Production Agreements is contingent on the Debtors' satisfaction of their Prize Obligations.  Accordingly, the Debtors submit that the relief requested is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

## Request for Waiver of Any Applicable Stay

20.    As discussed above, the relief sought by this Motion is critical to the Debtors' continuing business operations and is therefore in the best interests of the estates.  In order to avoid delay in implementing such relief and the attendant potential harm to the Debtors' business operations, the Debtors request that the Court waive the notice requirements of Bankruptcy Rule

6004(a) and the 14 day stay imposed by Bankruptcy Rule 6004(h), such that any order on this Motion will be effective immediately upon entry.

**Debtors' Reservation of Rights**

21.     Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their rights to contest any claims related to the Insurance Policies under applicable non-bankruptcy law.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

**Notice**

22.     No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases.  The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent (and if there is no agent, counsel to the lender(s)) under each of the Debtors' pre-petition financing facilities; (d) counsel to the agent under the Debtors' post-petition financing facility; (e) counsel to the lenders under the Debtors' post-petition financing facility; (f) the United States Securities and Exchange Commission; (g) the Internal Revenue Service; and (h) all parties entitled to notice pursuant to Local Rule 9013-1(b) (collectively, the "**Notice Parties**").  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **No Prior Request**

23.     No prior request for the relief sought in this Motion has been made to this or any other court.

[Rest of page left intentionally blank]

### Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter an order, (a) granting

the relief sought herein on an interim basis, substantially in the form attached hereto as <u>Exhibit A</u>,

(b) scheduling a final hearing on the Motion, (c) granting the relief sought herein on a final basis,

substantially in the form attached hereto as <u>Exhibit B</u>, and (d) granting such other and further relief

as may be just and proper.

Dated: July 30, 2015
      New York, New York      **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

By: */s/ Craig A. Wolfe* _____
Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: cwolfe@sheppardmullin.com
       mcademartori@sheppardmullin.com
       bwolfe@sheppardmullin.com

-and-

**JONES DAY**
Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (*pro hac vice* pending)
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306
E-mail: rlwynne@jonesday.com
       blspiegel@jonesday.com
       lsinanyan@jonesday.com

*Proposed Co-Counsel to the Debtors and Debtors
in Possession*

-12-

**<u>EXHIBIT A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Joint Administration Requested) |

### INTERIM ORDER AUTHORIZING THE DEBTORS TO HONOR THEIR PRIZE OBLIGATIONS UNDER EXISTING PRODUCTION AGREEMENTS

Upon the motion (the "**Motion**")[2] of Relativity Fashion, LLC and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**") for the entry of an order authorizing, but not directing, the Debtors to perform and honor their obligations under the Production Agreements, including the Prize Obligations, subject to the Debtors' business judgment and as the Debtors deem appropriate and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558).  The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

IT IS HEREBY ORDERED THAT:

1.        The Motion is GRANTED on an interim basis, as provided herein.

1.        Pursuant to sections 105, 363(b) and 365 of the Bankruptcy Code, the Debtors, in their business judgment, are authorized, but not required, to honor the Prize Obligations arising under the Production Agreements that become due prior to the date of the hearing to consider entry of an order granting the relief requested in the Motion on a final basis (the "**Final Hearing**").

2.        Nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to dispute any claim with respect to the Prize Obligations or the Production Agreements.

3.        Nothing contained in this Order shall be deemed to constitute an assumption of any contract or to require the Debtors to make any payment authorized herein.

4.        Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any Prize Obligations not otherwise due prior to the Final Hearing;

5.        The Debtors shall serve a copy of the Motion and this Order within three (3) business days after the entry of this Order, by first class mail, on the Notice Parties.

6.        The Final Hearing on the Motion shall be held on _____, 2015, at _____ (Prevailing Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon the Notice Parties so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on _____, 2015.

7.        Nothing contained herein or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed

as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

8.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

9.      The requirements set forth in Local Rule 9013-1(b) are satisfied.

10.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

11.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived

12.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder shall be subject to the terms, conditions, requirements and budgets imposed on the Debtors under the Debtors' postpetition financing agreements (the "**DIP Documents**") and any order governing the Debtors' use of cash collateral and entry into the DIP Documents..

14.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
       July __, 2015

                                        _____
                                        THE HONORABLE [_____]
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Joint Administration Requested) |

### FINAL ORDER AUTHORIZING THE DEBTORS TO HONOR THEIR PRIZE OBLIGATIONS UNDER EXISTING PRODUCTION AGREEMENTS

Upon the motion (the "**Motion**")[2] of Relativity Fashion, LLC and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**") for the entry of an order authorizing, but not directing, the Debtors to perform and honor their obligations under the Production Agreements, including the Prize Obligations, subject to the Debtors' business judgment and as the Debtors deem appropriate and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and a hearing having been held on shall be held on [_____] to consider the relief requested in the Motion (the "**Interim Hearing**") on an interim basis, and the Court having entered an order granting the relief requested in

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

-1-

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558).  The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

the Motion on an interim basis and a final hearing on the Motion having been held on [_____]

(the "**Final Hearing**"); and upon all filings and proceedings in connection with the Motion, and the

record of the Interim Hearing, the Final Hearing and all of the proceedings had before the Court; and

after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

16.      The Motion is GRANTED on a final basis, as provided herein.

17.      Pursuant to sections 105, 363(b) and 365 of the Bankruptcy Code, the Debtors, in

their business judgment, are authorized, but not required, to honor the Prize Obligations arising

under the Production Agreements.

18.      Nothing herein shall be construed to limit, or in any way affect, the Debtors' ability to

dispute any claim with respect to the Prize Obligations or the Production Agreements.

19.      Nothing contained in this Order shall be deemed to constitute an assumption of any

contract or to require the Debtors to make any payment authorized herein.

20.      Nothing contained herein or in the Motion is intended to be or shall be construed as

(a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or

any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of

any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

Likewise any payment made pursuant to this Order is not intended to be and shall not be construed

as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim

subsequently.

21.      Notwithstanding entry of this Final Order, nothing herein shall create, nor is intended

to create, any rights in favor of or enhance the status of any claim held by any party.

22.      The requirements set forth in Local Rule 9013-1(b) are satisfied.

23.    The requirements of Bankruptcy Rule 6003(b) have been satisfied.

24.    The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived

25.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

26.    Notwithstanding anything to the contrary contained herein, any payment to be made hereunder shall be subject to the terms, conditions, requirements and budgets imposed on the Debtors under the Debtors' postpetition financing agreements (the "**DIP Documents**") and any order governing the Debtors' use of cash collateral and entry into the DIP Documents..

27.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

28.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      July __, 2015

                                                                 _____

                                                                THE HONORABLE [_____]
                                                                UNITED STATES BANKRUPTCY JUDGE