**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

### INTERIM ORDER AUTHORIZING, BUT NOT DIRECTING, DEBTORS TO (A) PAY CERTAIN PREPETITION WAGES AND REIMBURSABLE EMPLOYEE EXPENSES, (B) PAY AND HONOR EMPLOYEE MEDICAL AND OTHER BENEFITS AND (C) CONTINUE EMPLOYEE BENEFIT PROGRAMS

Upon the motion (the "**Motion**")[2] of Relativity Fashion LLC, on behalf of itself and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), for entry of an interim order (the "**Interim Order**"): (i) authorizing, but not directing, the Debtors (a) to pay certain prepetition wages, salaries, commissions and other compensation, taxes, withholdings and reimbursable employee expenses, (b) to pay and honor obligations relating to employee medical and other benefits programs and (c) to continue their employee medical and other benefits programs on a postpetition basis; (ii) authorizing, but not directing, financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests related to the foregoing, solely to the extent the Debtors have sufficient funds standing to their credit with such financial institutions; and (iii) scheduling a final hearing (the "**Final Hearing**") to consider entry of the Proposed Final Order; and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to

---

[1] The Debtors in these chapter 11 cases are as set forth on the following page.
[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to

28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in

the best interests of the Debtors, their estates, their creditors and other parties in interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein on an interim basis.

2.      The Debtors are authorized, but not directed, to pay and honor all prepetition

obligations associated with the Employee Obligations and Reimbursable Expenses, and to

continue to pay the Employee Obligations and Reimbursable Expenses in the ordinary course of

business to the extent requested in the Motion, in an amount not to exceed $400,000; *provided*,

*however*, that the Debtors may not pay any Employee, Executive, or Independent Contractor

more than $12,475 in the aggregate on account of Unpaid Prepetition Compensation and

prepetition accrued but unused Paid Time Off until entry of a Final Order.

3.      For the avoidance of doubt, no payments shall be made under this Interim Order

to Temporary Production Personnel, except that the Debtors are authorized, but not directed, to

continue to honor their obligations, including prepetition obligations, for Reimbursable Expenses

due to Temporary Production Personnel.

4.      The Debtors and any applicable third parties are authorized, but not directed, to

continue to allocate and distribute Deductions and Payroll Taxes to the appropriate third-party

recipients or taxing authorities consistent with the Debtors' stated prepetition policies and

practices.

5.     The Debtors are authorized, but not directed, to continue to honor their obligations, including any prepetition obligations, to Employees for Reimbursable Expenses in accordance with the Debtors' stated policies and prepetition practices.

6.     The Debtors are authorized, but not directed, to honor the Employee Benefit Programs to the extent requested in the Motion and to make any necessary contributions to such programs and pay any unpaid premium, claim or amount owed as of the Petition Date with respect thereto.

7.     The Debtors are authorized, but not directed, to pay all processing and administrative fees associated with and all costs and expenses incidental to payment of the Employee Obligations and Reimbursable Expenses.

8.     There shall be considered in connection with the proposed entry of the Final Order, the Debtors' request to modify, change and discontinue any of the Employee Obligations, and the policies related thereto, to implement new Employee Obligations and continue to provide compensation to their Employees in the ordinary course of business, each to the extent permitted by applicable law, during these chapter 11 cases in their sole discretion without the need for further Court approval.

9.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10.     In accordance with this Interim Order (or other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is authorized to (a) receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely

on all representations made by the Debtors with respect to which checks, drafts, wires or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on or subsequent to the Petition Date, and have no duty to inquire otherwise, and shall be without liability for following the Debtors' instructions.

11.    The Debtors shall serve a copy of the Motion and this Order within three (3) business days after the entry of this Order, by first class mail, on the Notice Parties.

12.    The Final Hearing on the Motion shall be held on August 25, 2015, at 11:00 a.m. (Prevailing Eastern Time) and any objections or responses to the Motion shall be in writing, filed with the Court, and served upon the Notice Parties so as to be received no later than 4:00 p.m. (Prevailing Eastern Time) on August 18, 2015.

13.    Nothing herein shall be deemed to authorize the payment of any amount or the incurrence of any obligation that would violate section 503(c) of the Bankruptcy Code.

14.    Nothing contained herein or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

15.    Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

16.    The requirements set forth in Local Rule 9013-1(b) are satisfied.

17.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

18.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived

19.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder shall be subject to the terms, conditions, requirements and budgets imposed on the Debtors under the Debtors' postpetition financing agreements (the "**DIP Documents**") and any order governing the Debtors' use of cash collateral and entry into the DIP Documents..

21.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

22.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
       July 31, 2015

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE