UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Joint Administration Requested) |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) PREPARE A LIST
OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING
MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' 50
LARGEST UNSECURED CREDITORS, AND (C) MAIL INITIAL NOTICES,
AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS
OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for the entry of an order (this "**Order**") (i) authorizing the Debtors to (a) prepare a consolidated list of creditors in lieu of submitting any required mailing matrix or matrices, (b) file a consolidated list of the Debtors' 50 largest unsecured creditors, and (c) mail initial notices through their Claims and Noticing Agent, and (ii) approving the form and manner of notifying creditors of commencement of the Debtors' chapter 11 cases, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).
[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

-1-

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The requirement that each of the Debtors file a list of creditors with the Court on the Petition Date pursuant to the Notice Rules is hereby waived.

3. The Debtors are authorized to file a consolidated list of the 50 largest unsecured creditors in the chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

4. In lieu of submitting a formatted mailing matrix or matrices, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

5. The Notice of Commencement of the chapter 11 cases, substantially in the form attached to the Motion as Exhibit B, is hereby approved.

6. The Debtors, with the assistance of the Claims and Noticing Agent, are authorized, but not directed, to undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code, including the Notice of Commencement of the chapter 11 cases, and any other correspondence that the Debtors may wish to send to creditors.

7. The Claims and Noticing Agent is authorized and directed to serve the Notice of Commencement no later than five business days after the Debtors receive written notice from the U.S. Trustee of the time and place of the Section 341 Meeting. The Claims and Noticing Agent shall

serve the Notice of Commencement by regular mail, postage prepaid, on those entities entitled to receive the Notice of Commencement pursuant to Bankruptcy Rule 2002(a).

8. The Debtors, with the assistance of the Claims and Noticing Agent, shall cause the Notice of Commencement to be published (i) once in the national edition of *The Wall Street Journal* and (ii) on the website to be established by the Claims and Noticing Agent.

9. Service of the Notice of Commencement in accordance with the foregoing paragraphs is approved in all respects and is deemed sufficient notice to all parties in interest of the commencement of these chapter 11 cases and the Section 341 Meeting under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. The requirements set forth in Local Rule 9013-1(b) are satisfied.

12. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
　　　　August 3, 2015

　　　　　　　　　　　　　　　　　　　　s/Michael E. Wiles
　　　　　　　　　　　　　　　　　　　　THE HONORABLE MICHAEL E. WILES
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

SMRH:443848040.1