Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701

- and -

Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE
OF PAYMENT TO UTILITIES, (II) ESTABLISHING PROCEDURES FOR
RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING
UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558).  The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

**PLEASE TAKE NOTICE THAT** the hearing to consider the *Debtors' Motion for Entry of an Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utilities, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service* (the "**Utility Motion**") **will be held on August 15, 2015 at 11:00 a.m. (ET)** before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in Courtroom 617 at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("**Objections**") to the entry of an order on the Utility Motion shall be filed electronically with the Court on the docket of *In re: Relativity Fashion, LLC, et al.*, Case No. 15-11989, pursuant to the Court's General Order M-399 (available at http://www.nysb.uscourts.gov/sites/default/files/m399.pdf), by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disc, preferably in portable document format, Microsoft Word or any other Windows-based word processing format, and served on (i) the Chambers of the Honorable Michael E. Wiles, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (ii) the Debtors (9242 Beverly Blvd., Beverly Hills, CA, Suite 300, 90210) and their counsel (Sheppard Mullin Richter & Hampton LLP, 30 Rockefeller Plaza, New York, NY 10112, Attn: Craig A. Wolfe, Esq., Malani J. Cademartori, Esq. and Blanka K. Wolfe, Esq., and Jones Day, 222 East 41st Street, New York, NY 10017, Attn: Richard L. Wynne, Esq., Bennett L. Spiegel, Esq. and Lori Sinanyan, Esq.; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Serene Nakano and Susan Golden); (iv) the attorneys for any statutory committee of unsecured creditors, or until such time as any committee is appointed, the entities listed on the

*Consolidated List of Creditors Holding the 50 Largest Unsecured Claims* filed pursuant to Bankruptcy Rule 1007(d); (v) counsel to any other statutory committee appointed in these chapter 11 cases; (vi) counsel to the Ad Hoc Group of Term Loan Lenders, the DIP Lender and the Stalking Horse Bidder, Milbank, Tweed, Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90017, Attn: Mark Shinderman, Esq. and Haig H. Maghakian, Esq., and Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis C. O'Donnell, Esq. and Matthew Brod, Esq.; (vii) counsel to Cortland Capital Market Services LLC, as Administrative & Collateral Agent under the Cortland TLA/TLB Facility and DIP Agent, Kaye Scholer LLP, Three First National Plaza, 70 West Madison Street, Suite 4200, Chicago, IL 60602, Attn: Daniel J. Hartnett, Esq. and Seth Kleinman, Esq.; (viii) counsel to CB Agency Services, LLC, as Origination Agent under the Cortland TLA/TLB Facility, Schulte Roth & Zabel LLP, 919 Third Avenue, New York, NY 10022, Attn: Marc B. Friess, Esq. and Parker J. Milender, Esq.; (ix) counsel for RKA Film Financing, LLC, the Pre-Release P&A Lender,  Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022, Attn: Christopher J. Clark, Keith A. Simon, Esq., Benjamin A. Naftalis, Esq., and Matthew S. Salerno, Esq., and Latham & Watkins LLP, 330 North Wabash Ave., Suite 2800, Chicago, IL 60611, Attn: David S. Heller, Esq.; (x) counsel for Macquarie US Trading, LLC, as Agent to for the P&A Lenders, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071, Attn: Samuel A. Newman, Esq. and Daniel B. Denny, Esq., and Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, Attn: J. Eric Wise, Esq. and Shira D. Weiner, Esq.; (xi) counsel for OneWest Bank N.A., Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178, Attn: Glenn E. Siegel, Esq., and Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110, Attn: Julia Frost-Davies, Esq. and Amelia C. Joiner,

Esq.; (xii) counsel for Manchester Securities, O'Melveny & Myers LLP, 7 Times Square, New York, NY 10036, Attn: Daniel S. Shamah, Esq.; (xiii)  Vine Film Finance Fund II LP, 1501 Broadway, Suite 1400, New York, NY 10036; (xiv) the Securities and Exchange Commission; (xv) the Internal Revenue Service; and (xvii) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002 **so as to be received no later than August 18, 2015 at 4:00 p.m. (ET)** (the "**Objection Deadline**").

  **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served prior to the Objection Deadline, the relief requested in the Utility Motion may be granted with no further notice or opportunity to be heard.

Dated: August 5, 2015
      New York, New York

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: _/s/ Craig A. Wolfe_
Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: cwolfe@sheppardmullin.com
      mcademartori@sheppardmullin.com
      bwolfe@sheppardmullin.com

-and-

**JONES DAY**
Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted _pro hac vice_)
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306
E-mail: rlwynne@jonesday.com
      blspiegel@jonesday.com
      lsinanyan@jonesday.com

_Proposed Co-Counsel to the Debtors and Debtors
in Possession_

**Hearing Date and Time: August 25, 2015 at 11:00 a.m. (ET)**
**Objection Deadline: August 18, 2015 at 4:00 p.m. (ET)**

Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701

- and -

Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING DEBTORS'
PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO
UTILITIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING
OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING
UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE**

Relativity Fashion, LLC and its affiliated debtors and debtors in possession in these

chapter 11 cases (collectively, the "**Debtors**"), hereby submit this motion (the "**Motion**") for

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558).  The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

entry of an order, substantially in form attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), (i) approving the Debtors' proposed form of adequate assurance of payment to utilities, (ii) establishing procedures for resolving objections by utility companies, and (iii) prohibiting utilities from altering, refusing, or discontinuing service.  In support of this Motion, the Debtors respectfully represent and set forth as follows:

## Jurisdiction

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105 and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

3.      On July 30, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

4.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for appointment of a trustee or examiner has been made in these chapter 11 cases.  No committees have yet been appointed or designated.

5.      Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the *Declaration of Brian G. Kushner Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of Chapter 11 Petitions and First Day Pleadings*, filed on July 30, 2015 [Dk. 14] (the "**First Day Declaration**"), and fully incorporated herein by reference.

-2-

## The Utility Companies

6.      In the ordinary course of operating their businesses, the Debtors use the services of a number of utility companies (collectively, the "**Utility Companies**").  To maintain their operations, the Debtors require the uninterrupted provision of electricity and telecommunications services (collectively, the "**Utility Services**") at their leased premises and other properties.  A list of the Utility Companies, and their affiliates, that provided Utility Services to the Debtors as of the Petition Date, is attached as <u>Exhibit 1</u> to the Proposed Order (the "**Utility Service List**").[2]

7.      Prior to the Petition Date, the Debtors' average monthly cost of Utility Services was approximately $17,950.  Uninterrupted Utility Services are essential to the Debtors' ongoing operations, and, therefore, the success of the Debtors' reorganization.  Indeed, any interruption in Utility Services, even for a brief period of time, would disrupt the Debtors' ability to continue operations and service their customers. This disruption would adversely impact customer relationships and result in a decline in the Debtors' revenues and profits. Such a result could seriously jeopardize the Debtors' reorganization efforts and, ultimately, the value of the Debtors' estates and creditor recoveries. It is, therefore, critical that Utility Services continue uninterrupted during these chapter 11 cases.

## Relief Requested

8.      To ensure the uninterrupted supply of Utility Services, as that term is used in section 366 of the Bankruptcy Code, which are critical to the operation of the Debtors' businesses, the Debtors request, pursuant to sections 366 and 105(a) of the Bankruptcy Code, entry of an order (i) approving the Proposed Adequate Assurance (as defined herein);

---

[2] The inclusion of any entity on, as well as the omission of any entity from, <u>Exhibit 1</u>, and the description thereof is not an admission or concession that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

-3-

(ii) establishing procedures for resolving objections by the Utility Companies relating to the adequacy of the Proposed Adequate Assurance; and (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors because of the commencement of these chapter 11 cases or a debt that is owed by the Debtors for Utility Services rendered prior to the Petition Date.

### The Proposed Adequate Assurance Deposit

9.      Section 366 of the Bankruptcy Code protects a debtor against the immediate termination or alteration of utility services after commencing its case.  Under section 366(c) of the Bankruptcy Code, a utility company may not alter, refuse, or discontinue services to a debtor solely on account of the commencement of the debtor's chapter 11 case or outstanding unpaid prepetition amounts.  If, however, during the thirty (30) days following the Petition Date, the debtor does not provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility company, the utility company may exercise its rights, including by altering or discontinuing service.  11 U.S.C. § 366(c)(2).  Section 366 of the Bankruptcy Code further provides that "assurance of payment" may consist of "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1)(A).

10.      The Debtors intend to timely pay all postpetition obligations owed to the Utility Companies and anticipate having sufficient funds to do so.  The Debtors expect that availability under their proposed postpetition credit facilities and/or cash generated by the Debtors during their chapter 11 cases will be more than sufficient to pay all postpetition utility obligations. Notwithstanding the foregoing, to provide adequate assurance of payment to the Utility Companies pursuant to section 366(c) of the Bankruptcy Code, the Debtors propose, within

-4-

twenty (20) days of the Petition Date, to deposit into an interest-bearing, segregated account (the "**Utility Deposit Account**"), an amount equal to two weeks of Utility Services, calculated based on the historical average of the Debtors' utility expenses, which is generally calculated by averaging payment for a twelve-month period prior to the Petition Date (the "**Adequate Assurance Deposit**").  The Adequate Assurance Deposit will not, however, include any amount on account of any Utility Company that (a) agrees to a lesser amount, (b) already holds a deposit, letter of credit, surety bond, or other type of instrument securing the Debtors' performance equal to or greater than two weeks of Utility Services, or (c) is paid in advance for its Utility Services.

11.     Based on the foregoing calculation, the Debtors estimate that the total amount of the Adequate Assurance Deposit will be approximately $8,975. The Debtors shall maintain the Adequate Assurance Deposit in the Utility Deposit Account until the earlier of (a) the Court's entry of an order authorizing the return of the Adequate Assurance Deposit to the Debtors and (b) the effective date of a plan of reorganization for the Debtors (at which time the Adequate Assurance Deposit shall automatically, without further order of the Court, be returned to the Debtors).

12.     The Debtors shall, however, have the right to reduce the Adequate Assurance Deposit to the extent that any of the following occurs: (a) the Adequate Assurance Deposit includes any amount on account of a Utility Company that the Debtors subsequently determine should be removed from the Utility Service List; (b) a Utility Company properly serves an Additional Assurance Request (as defined below) on the Additional Assurance Request Notice Parties (as defined below), and any settlement results in such Utility Company's removal from the Utility Service List or in the Debtors' provision of alternate assurance to the Utility Company; or (c) any Utility Company has instead been provided with a letter of credit, cash

deposit, or some other form of security acceptable to the Utility Company. The Debtors submit that the Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business (the "**Proposed Adequate Assurance**"), constitutes sufficient adequate assurance to the Utility Companies. If any Utility Company believes additional assurance is required, it may request such assurance pursuant to the procedures set forth below.

13.    In light of the severe consequences to the Debtors' operations that may be caused by any interruption in the Utility Services, but recognizing the right of each Utility Company to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtors propose that the Court approve and adopt the following procedures (the "**Adequate Assurance Procedures**") for any Utility Company not satisfied with the Proposed Adequate Assurance to request additional adequate assurance (an "**Additional Assurance Request**"):

a.    Within three (3) business days after the date of entry of the Proposed Order, the Debtors will mail a copy of the Proposed Order to the Utility Companies on the Utility Service List.

b.    If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon the following parties: (i) Relativity Media, LLC, 9242 Beverly Blvd., Ste. 300, Beverly Hills, CA 90210, (Attn: John Debus (FTI) and Kenny Lynch); (ii) Sheppard Mullin Richter & Hampton LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Craig A. Wolfe, Esq., Malani J. Cademartori, Esq., Blanka K. Wolfe, Esq.); and (iii) counsel to the official committee of unsecured creditors (the "**Creditors Committee**"), [_____] (collectively, the "**Additional Assurance Request Notice Parties**").

c.    Each Additional Assurance Request must (i) be in writing; (ii) set forth the type of Utility Services and the location for which such services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any deposits and other security held by the Utility Company; (iv) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

d.  Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have fourteen (14) days from the receipt of such Additional Assurance  Request (the "**Resolution Period**") to negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

e.  If the Debtors determine that an Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtors will file a motion with the Court promptly seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "**Determination Motion**") pursuant to section 366(c)(3) of the Bankruptcy Code.

f.  Pending resolution of any such Determination Motion, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition services, the filing of these chapter 11 cases, or any objections to the adequacy of the Proposed Adequate Assurance.

g.  The Debtors may resolve any Additional Assurance Request or Determination Motion by mutual agreement with the requesting Utility Company without further order of this Court and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of this Court to the extent the Debtors believe such additional assurance is reasonable in the exercise of its business judgment; provided that the Debtors will provide the Creditors Committee with three (3) days' notice of any proposed resolution of an Additional Adequate Assurance Request to afford the Creditors Committee the opportunity to object thereto. If the Creditors Committee does not agree with the proposed resolution to the Additional Adequate Assurance Request, the Creditors Committee may request a hearing before the Court to determine the adequacy of assurances of payment with respect to the particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

h.  Absent the timely filing of a Procedures Objection (as herein defined), the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make a timely Additional Assurance Request.

14.  The Debtors respectfully request that, absent compliance with the Adequate Assurance Procedures, the Utility Companies are forbidden from altering, refusing, or

discontinuing service on account of any prepetition charges, or requiring additional adequate assurance of payment other than the Proposed Adequate Assurance.

## Objections to Adequate Assurance Procedures

15.    In light of the adverse consequences to the Debtors that would result from any interruption in services by the Utility Companies, but recognizing the right of the Utility Companies to evaluate the Proposed Adequate Assurance independently, the Utility Companies should be required to promptly raise any objections to the Adequate Assurance Procedures so that any such objections may be heard by the Court prior to the running of the thirty-day period following the Petition Date. The Debtors, therefore, propose that any Utility Company that objects to the Adequate Assurance Procedures described above must file an objection thereto and serve such objection on the Additional Assurance Request Notice Parties, so that it is *actually received* seven (7) days before the hearing.

## Subsequent Modifications of the Utility Service List

16.    Although the Debtors have made extensive and good faith efforts to identify all Utility Companies, certain companies that currently provide Utility Services to the Debtors may have been omitted inadvertently from the Utility Service List. To the extent that the Debtors identify additional Utility Companies, the Debtors will promptly file amendments to the Utility Service List and will serve copies of the Motion and Proposed Order (when and if entered) on such newly identified Utility Companies.

17.    The Debtors further request that the Court make the Proposed Order binding on all Utility Companies, regardless of when each Utility Company was added to the Utility Service List, provided that (a) the Debtors shall increase the amount of the Adequate Assurance Deposit by an amount equal to the cost of two weeks of Utility Services provided by such additional

Utility Company to the Debtors, calculated as a historical average, and (b) any such newly identified Utility Company shall have fourteen days from the date of service of the Proposed Order, as applicable, on such Utility Company to serve an Additional Assurance Request in compliance with the proposed Adequate Assurance Procedures, which request must actually be received by the Additional Assurance Request Notice Parties within this timeframe.  The Debtors shall have the periods specified in the proposed Adequate Assurance Procedures to seek to resolve any such request by mutual agreement with the Utility Company without further order of the Court or to file a Determination Motion with the Court to determine the adequacy of assurance of payment with respect to such Utility Company in accordance with the Adequate Assurance Procedures.

### Basis for Relief Requested

18.    The relief requested will ensure that the Debtors' operations will not be disrupted, which would severely impact their businesses and prospects for a successful reorganization.  The relief requested also provides the Utility Companies with a fair and orderly procedure for requesting any additional or further adequate assurance deposits and the Debtors with a fair and orderly procedure for addressing such requests.  Absent the Court's approval of the Adequate Assurance Procedures, the Debtors could be forced to address numerous requests by Utility Companies in a disorganized manner at a time when the Debtors' efforts could be more productively focused on stabilizing their operations and administering the assets of the estate in order to maximize value.

19.    Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "**2005 Amendments**"), it was well established by courts, commentators, and legislative history that section 366 of the Bankruptcy Code did not require, as a matter of course, that the debtor provide a deposit or other security to its utilities as adequate

assurance of payment. In *Virginia Electric & Power Co. v. Caldor, Inc.–NY*, the United States Court of Appeals for the Second Circuit affirmed the Bankruptcy Court's ruling that the debtor's prepetition payment history, its postpetition liquidity, and the administrative expense priority afforded to postpetition invoices constituted adequate assurance of future performance. 117 F.3d 646, 647 (2d Cir. 1997). The Second Circuit rejected the argument that section 366(b) nevertheless required a "deposit or other security," holding instead that "a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'" *Id.* at 650; *see also Shirey v. Philadelphia Elec. Co. (In re Shirey)*, 25 B.R. 247, 249 (Bankr. E.D. Pa. 1982) ("[S]ection 366(b) . . . does not permit a utility to request adequate assurance of payment for continued services unless there has been a default by the debtor on a pre-petition debt owed for services rendered.").

20.     Under section 366(c) of the Bankruptcy Code, as amended by the 2005 Amendments, however, utility companies may now alter, refuse, or discontinue utility service if, within thirty (30) days after the commencement of a debtor's chapter 11 case, the debtor has not provided the utility company with adequate assurance in a form that is "satisfactory" to the utility company, subject to the Court's ability to modify the amount of adequate assurance. Furthermore, pursuant to section 366(c)(3)(B), in determining whether a debtor's assurance of payment is adequate, the court may not consider any of the following factors: (a) the absence of security before the petition date; (b) the debtor's history of timely payments; or (c) the availability of an administrative expense priority.   Nevertheless, in "deciding what constitutes adequate assurance, a bankruptcy court must focus on the utility's need for assurance with the

debtor's scarce financial resources." *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008).

21.     While the 2005 Amendments clarified what does and does not constitute "assurance of payment" and what can be considered in determining whether such assurance is adequate, Congress, in enacting that section, did not divest the Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a utility company. *In re Beach House Prop., LLC.*, No. 08-11761-BKC-RAM, 2008 WL 961498, at *1 (Bankr. S.D. Fla. Apr. 8, 2008) (citing 3 COLLIER ON BANKRUPTCY ¶ 366.03[2] (15th rev. ed. 2006)); *In re Great Atlantic & Pacific Tea Co.*, No. 11-CV-1338, 2011 WL 5546954, at *5 (S.D.N.Y. Nov. 14, 2011) (finding that what constitutes adequate assurance of payment for continuing utility services is a federal bankruptcy law question that bankruptcy courts are afforded "reasonable discretion" to determine); *see also* 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the Court may order modification of the amount of an assurance of payment . . . ."). Under section 366(c), there is nothing to prevent a court from deciding, as courts have before the 2005 Amendments, that, on the facts before it, the amount required of the Debtors to adequately assure payment to a utility company is nominal, or even zero.

22.     Moreover, Congress has not changed the requirement that the assurance of payment only be "adequate." 11 U.S.C. § 366(b). Courts construing section 366(b) of the Bankruptcy Code have long recognized that "adequate" assurance of payment does not require an absolute guarantee of the debtor's ability to pay. *See, e.g.*, *In re Caldor, Inc.–NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires the Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment. The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom.*

*Va. Elec. & Power Co. v. Caldor, Inc–NY*, 117 F.3d 646 (2d Cir. 1997); *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) (same); *see also Great Atlantic & Pacific Tea Co.*, 2011 WL 5546954, at *5 (rejecting the adequate assurance sought by utility providers as "more than necessary" because the assurance sought would be "an absolute"). Therefore, despite the language in section 366(c)(2) of the Bankruptcy Code allowing a utility company to take action against a debtor should the debtor fail to provide adequate assurance of payment that is "satisfactory" to the utility company, section 366 of the Bankruptcy Code does not require that the assurance provided be "satisfactory" once the Court determines the appropriate amount of adequate assurances.

23.     Bankruptcy courts in this district have regularly approved similar adequate assurance deposits and procedures in other chapter 11 cases. *See, e.g., In re Chassix Holdings, Inc.*, Case No. 15-10578 (Bankr. S.D.N.Y. Apr. 7, 2014); *In re LHI Liquidation Co. Inc.*, Case No. 13-14050 (MG) (Bankr. S.D.N.Y. Jan. 16, 2014); *In re LightSquared, Inc.*, Case No. 12-12080 (SCC) (Bankr. S.D.N.Y. June 11, 2012); *In re Hawker Beechcraft, Inc.*, Case No. 12-11873 (SMB) (Bankr. S.D.N.Y. June 1, 2012); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Feb. 16, 2012); *In re AMR Corp.*, Case No. 11- 15463 (SHL) (Bankr. S.D.N.Y. Dec. 23, 2011); ); *In re General Maritime Corp.*, Case No. 11-15285(MG) (Bankr. S.D.N.Y. Dec. 12, 2011); *In re Borders Group., Inc.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Apr. 7, 2011); *In re Great Atl.& Pac. Tea Co., Inc.*, Case No. 10-24549 (Bankr. S.D.N.Y. Jan. 13, 2011); *In re Blockbuster, Inc.*, Case No. 10-14997 (Bankr. S.D.N.Y. Oct. 21, 2010); *In re Uno Rest. Holdings Corp.*, Case No. 10-10209 (Bankr. S.D.N.Y. Mar. 10, 2010).

24.     Further, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title." 11 U.S.C. § 105(a). The Debtors respectfully assert that the Proposed Adequate Assurance and the Adequate Assurance Procedures are necessary and appropriate to carry out the provisions of the Bankruptcy Code and they will ensure that the Debtor's Utility Services are continued without prejudicing the Utility Companies.

25.    Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of the Debtors' chapter 11 estates, and should be granted in all respects.

### Request for Waiver of Any Applicable Stay

26.    As discussed above, the relief sought by this Motion is critical to the Debtors' continuing business operations and is therefore in the best interests of the estates. In order to avoid delay in implementing such relief and the attendant potential harm to the Debtors' business operations, the Debtors request that the Court waive the notice requirements of Bankruptcy Rule 6004(a) and the 14 day stay imposed by Bankruptcy Rule 6004(h), such that any order on this Motion will be effective immediately upon entry.

### Debtors' Reservation of Rights

27.    Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. The Debtors expressly reserve their rights to contest any claims of the Utility Companies under applicable non-bankruptcy law. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

-13-

## **Notice**

28.     No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases.  The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent (and if there is no agent, counsel to the lender(s)) under each of the Debtors' pre-petition financing facilities; (d) counsel to the agent under the Debtors' post-petition financing facility; (e) the United States Securities and Exchange Commission; (f) the Internal Revenue Service, and (g) all parties entitled to notice pursuant to Local Rule 9013-1(b). In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **No Prior Request**

29.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: August 5, 2015
New York, New York

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: */s/ Craig A. Wolfe*  _____
Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: cwolfe@sheppardmullin.com
        mcademartori@sheppardmullin.com
        bwolfe@sheppardmullin.com

-and-

**JONES DAY**
Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306
E-mail: rlwynne@jonesday.com
        blspiegel@jonesday.com
        lsinanyan@jonesday.com

*Proposed Co-Counsel to the Debtors and Debtors
in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

### ORDER PURSUANT TO 11 U.S.C. §§ 366 AND 105(a) (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE

Upon the motion (the "**Motion**")[2] of Relativity Fashion, LLC, and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), for entry of an order (i) approving Debtors' proposed form of adequate assurance of payment to utilities, (ii) stablishing procedures for resolving objections by utility companies, and (iii) prohibiting utilities from altering, refusing, or discontinuing service; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      All Utility Companies listed on the Utility Service List, annexed hereto as <u>Exhibit</u> <u>1</u>**,** are (a) prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of any unpaid prepetition charges, (b) discriminating against the Debtors, or (c) requiring payment of a deposit or receipt or any other security for continued service as a result of the commencement of the Debtors' chapter 11 cases or any outstanding prepetition invoices except as provided in the immediately following paragraphs.

3.      Except as may be adjusted by a subsequent order of the Court, as adequate assurance for the payment of Utility Services, the Debtors shall deposit cash in an amount equal to $8,975 (the "**Adequate Assurance Deposit**") into the Utility Deposit Account for the benefit of all Utility Companies.

4.      The Adequate Assurance Deposit is to be deposited in the Utility Deposit Account within five (5) days of the entry of this Order for the purpose of providing each Utility Company adequate assurance of payment for its postpetition Utility Services to the Debtors.

5.      If an amount relating to postpetition Utility Services provided by a Utility Company is unpaid beyond any applicable grace period, such Utility Company may request a disbursement from the Utility Deposit Account, in no case to exceed the amount of the Utility Deposit contributed to the Utility Deposit Account for the benefit of such Utility Company, by giving notice by mail to (i) (Relativity Media, LLC, 9242 Beverly Blvd., Ste. 300, Beverly Hills, CA 90210 (Attn: John Debus (FTI) and Kenny Lynch); and (ii) Sheppard Mullin Richter & Hampton LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Craig A. Wolfe, Esq., Malani J. Cademartori, Esq., Blanka K. Wolfe, Esq.) in which case the Debtors shall cause the

-2-

disbursement request to be honored on the date that is three (3) business days after the date of such Utility Company's request if the amount in question remains unpaid.

6.      Except as provided herein with respect to the rights of Utility Companies to request payment of unpaid amounts related to postpetition Utility Services, the creditors of the Debtors shall have no interest in, or lien on, the Adequate Assurance Deposit or the Utility Deposit Account.

7.      The Adequate Assurance Deposit shall be maintained until the earlier of (a) entry of an order of the Court authorizing the return of the Adequate Assurance Deposit to the Debtors and (b) the effective date of a plan of reorganization for the Debtors (at which time the Adequate Assurance Deposit shall automatically, without further order of the Court, be returned to the Debtors).

8.      The Debtors shall have the right to reduce the Adequate Assurance Deposit to the extent that any of the following occurs: (a) the Adequate Assurance Deposit includes an amount on account of a Utility Company that the Debtors subsequently determines should be removed from the Utility Service List; (b) a Utility Company properly serves an Additional Assurance Request (as defined below) on the Adequate Assurance Notice Parties, and any settlement results in such Utility Company's removal from the Utility Services List or in the Debtors' provision of alternate assurance to the Utility Company; or (c) any Utility Company has instead been provided with a letter of credit, cash deposit, or some other form of security acceptable to the Utility Company.

9.      The following Adequate Assurance Procedures, with respect to the submission of Additional Assurance Requests, are approved in all respects, and absent compliance with the Adequate Assurance Procedures, the Utility Companies are forbidden from (a) altering, refusing,

or discontinuing service to the Debtor, (b) discriminating against the Debtors on account of any

prepetition charges, or (c) requiring additional adequate assurance of payment other than the

Proposed Adequate Assurance:

a. Within three (3) business days after the date of entry of this Order, the Debtors will mail a copy of the Order to the Utility Companies on the Utility Service List.

b. If a Utility Company is not satisfied with the Proposed Adequate Assurance and seeks additional assurance of payment in the form of a deposit, letter of credit, prepayment, or otherwise, it must serve an Additional Assurance Request upon the following parties: (i) Relativity Media, LLC, 9242 Beverly Blvd., Ste. 300, Beverly Hills, CA 90210, (Attn: John Debus (FTI) and Kenny Lynch); (ii) Sheppard Mullin Richter & Hampton LLP, 30 Rockefeller Plaza, New York, NY 10112 (Attn: Craig A. Wolfe, Esq., Malani J. Cademartori, Esq., Blanka K. Wolfe, Esq.); and (iii) counsel to the official committee of unsecured creditors (the "**Creditors Committee**"), [_____] (collectively, the "**Additional Assurance Request Notice Parties**").

c. Each Additional Assurance Request must (i) be in writing; (ii) set forth the type of Utility Services and the location for which such services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any deposits and other security held by the Utility Company; (iv) set forth why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

d. Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have fourteen (14) days from the receipt of such Additional Assurance  Request (the "**Resolution Period**") to negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

e. If the Debtors determine that an Additional Assurance Request is not reasonable and are unable to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtors will file a motion with the Court promptly seeking a hearing to determine the adequacy of assurance of payment with respect to a particular Utility Company (the "**Determination Motion**") pursuant to section 366(c)(3) of the Bankruptcy Code.

f. Pending resolution of any such Determination Motion, any such Utility Company shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of unpaid charges for prepetition

services, the filing of these chapter 11 cases, or any objections to the adequacy of the Proposed Adequate Assurance.

g.      The Debtors may resolve any Additional Assurance Request or Determination Motion by mutual agreement with the requesting Utility Company without further order of this Court and may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of future payment, including, but not limited to, a cash deposit, prepayment, letter of credit, and/or other forms of security, without further order of this Court to the extent the Debtors believe such additional assurance is reasonable in the exercise of its business judgment; provided that the Debtors will provide the Creditors Committee with three (3) days' notice of any proposed resolution of an Additional Adequate Assurance Request to afford the Creditors Committee the opportunity to object thereto. If the Creditors Committee does not agree with the proposed resolution to the Additional Adequate Assurance Request, the Creditors Committee may request a hearing before the Court to determine the adequacy of assurances of payment with respect to the particular Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

h.      Absent the timely filing of a Procedures Objection (as herein defined), the Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Company that fails to make a timely Additional Assurance Request.

10.     The Debtors are authorized to supplement, as necessary, the Utility Service List and shall serve copies of this Order on such newly identified Utility Companies.

11.     This Order shall be binding on all Utility Companies providing Utility Services to the Debtors, regardless of when each Utility Company was added to the Utility Service List, provided that (a) the Debtors shall increase the amount of the Adequate Assurance Deposit by an amount equal to the cost of two (2) weeks of Utility Services provided by such additional Utility Company to the Debtor, calculated as provided in the Motion, and (b) any such newly identified Utility Company not on the Utility Service List shall serve an Additional Assurance Request in compliance with the proposed Adequate Assurance Procedures.

12.     Any Utility Company that fails to timely submit an Additional Assurance Request in accordance with the Adequate Assurance Procedures and/or fails to file an objection or

response to the Motion and the Adequate Assurance Procedures, shall be deemed to have adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code.

13.    Nothing contained in this Order or in the Motion is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

14.    Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

15.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16.    Nothing in the Motion or this Order, nor as a result of any payment made pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment made pursuant to this Order.

17.    The requirements set forth in Local Rule 9013-1(b) are satisfied.

18.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

-6-

19.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder shall be subject to the terms, conditions, requirements and budgets imposed on the Debtors under the Debtors' postpetition financing agreements (the "**DIP Documents**") and any order governing the Debtors' use of cash collateral and entry into the DIP Documents.

20.     The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

21.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      August __, 2015

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Utility Service List**

| - | Name of Utility Provider | Legal Entity | Address | Services Provided | Location(s) Served | Last Four Digits of Acct # | Average Monthly Expenditure | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|---|---|
| 1 | AT&T | Relativity Media LLC | 1150 S Olive St Los Angeles, CA 90015 | Telecommunications | 315 Park Avenue South New York, NY 10010; 9242 Beverly Blvd Beverly Hills, CA 90210; 335 N Maple Dr Beverly Hills, CA 90210; 3000 31st Street, Main Hanger Santa Monica, CA 90405; Hollywood Center Studios 1040 N Las Palmas Ave Los Angeles, CA 90038 | 4025, 8865, 1740, 3795, 3811 | $3,500 | $1,750 |
| 2 | Zayo, LLC | Relativity Media LLC | PO Box 952136 Dallas TX 75395-2136 | Telecommunications | 315 Park Avenue South New York, NY 10010 9242 Beverly Blvd Beverly Hills, CA 90210 335 N Maple Dr Beverly Hills, CA 90210 | 6712 | $11,450 | $5,725 |
| 3 | Masergy Communications, Inc. | Relativity Media LLC | 5757 W. Century Blvd. #575, Los Angeles CA 90045 | Telecommunications | 315 Park Avenue South New York, NY 10010 9242 Beverly Blvd Beverly Hills, CA 90210 335 N Maple Dr Beverly Hills, CA 90210 | 2033 | $1,500 | $750 |
| 4 | Greystone Power | Hummock Pond, LLC | 4040 Bankhead Highway Douglasville, GA 30134 (770) 942-6576 | Electricity | 7115 Oak Ridge Austell, GA 30168 | 4001 | $1,500 | $750 |

| Total | | | | | | | $17,950 | $8,975 |