Michael Luskin
Richard Stern
LUSKIN, STERN & EISLER LLP
Eleven Times Square, Suite 16F
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:   (212) 974-3205
luskin@lsellp.com
stern@lsellp.com

Counsel for Viacom International Inc.
and its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                                      :     Chapter 11
                                                            :
RELATIVITY FASHION, LLC, *et al*.,                          :     **Case No. 15-11989 (MEW)**
                                                            :
                                                            :     (Jointly Administered)
            Debtors.                                        :
                                                            :
------------------------------------------------------------x

**RESPONSE OF VIACOM TO DEBTORS' MOTION FOR (I) AN ORDER
(A) ESTABLISHING BID PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL
OF THE DEBTORS' ASSETS, (B) APPROVING STALKING HORSE APA AND
BIDDING PROTECTIONS, AND (C) GRANTING CERTAIN RELATED RELIEF AND
(II) AN ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE
DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES
AND OTHER INTERESTS, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES RELATED THERETO, AND (C) GRANTING CERTAIN RELATED RELIEF**

Viacom International Inc. and certain of its affiliates including Paramount Pictures

Corporation, New Pop Culture Productions Inc., New Remote Productions Inc. and New 38th

Floor Productions Inc. (collectively "Viacom") file their Response to the Debtors' Motion for (I)

An Order (A) Establishing Bid Procedures for the Sale of Substantially All of the Debtors'

Assets, (B) Approving Stalking Horse APA and Bidding Protections, and (C) Granting Certain Related Relief and (II) An Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto, and (C) Granting Certain Related Relief ("**Motion**") as follows:

## Introduction

1.  Viacom has a multitude of contracted relationships with the Debtor and certain of its affiliates (collectively, "**Relativity**" or the "**Debtors**") covering a wide variety of activities including the production and distribution of television programs and motion pictures. Under some of these contracts, Viacom is the owner of the property involved; in others it is the licensee of rights belonging to Relativity; in others it has security interests in certain of Relativity's assets; and in many of these contracts, the parties have multiple roles.

2.  While Viacom does not object to Relativity's decision to sell its assets, Viacom does object to the proposed procedures insofar as they prejudice Viacom's rights under its various contracts with Relativity. Relativity's motion papers give either no information or only the sketchiest of information about which of Viacom's contracts will be affected by the proposed sale. For instance, Debtors do not list which Viacom contracts they intend to assume and assign (or which they intend to reject, and when); they do not list cure amounts; and they do not explain how Viacom's rights as a licensee will be preserved and protected under Bankruptcy Code Section 363(n). This lack of detail has made it impossible for Viacom to determine what position to take with respect to its contracts and the proposed sale, and Viacom accordingly reserves its right to supplement this objection as it obtains more information from Relativity. Viacom also reserves its right to object to the proposed Sale Order at the appropriate time.

**Objections**

3. <u>Inadequate Time</u>.  Relativity has reached agreement with the Stalking Horse Bidder and has proposed a draft Stalking Horse APA.  As part of their negotiations, Relativity and the Stalking Horse Bidder negotiated the various deadlines and time periods set forth in the proposed bidding procedures.  (Motion ¶10.)  The proposed time periods are too short.

(a) The final, executed Stalking Horse Agreement was not filed until Sunday, August 9, 2015 [Dkt. 122-2].  It runs 60-plus pages and contains numerous schedules running an additional 60-plus pages.  There simply hasn't been ample time for Viacom to study the APA prior to today's objection deadline.

(b) Viacom cannot tell from the motion papers whether the proposed September 17 auction deadline or the October 2 closing deadline leave sufficient time for the robust sale process Relativity desires.  The motion papers provide little evidence of what marketing has been done and still needs to be done or how long it will realistically take; nor do they provide any detail on the professed need for speed.

4. <u>Inadequate Detail</u>.  Relativity has not yet provided a list of contracts with Viacom to be assumed and assigned and does not propose to do so until August 21.  (Motion ¶14.)  It will provide individualized 14-day notice "by first class mail" giving appropriate details (contract name, counterparties, proposed cure amount, deadline to object, etc. (<u>Id</u>.))  Viacom urges the Court to require Relativity to send these notices by email or fax as well as by first class mail so we don't lose even more time.  This would give counterparties like Viacom the benefit of the full 14 days notice Relativity proposes.

5.      Relativity has provided notice of which assets are <u>not</u> being sold (APA Schedule 2.2(d) [Dkt. 122-2 at pages 80-81 of 133), and Viacom has been able to identify at least some of those it has an interest in – though there is no indication from Relativity what is to become of these properties and their associated contracts (e.g., When will the contracts be rejected?  Will Relativity honor the contracts until they are?)  Also, the schedule of purchased assets lists various "projects in development" but says nothing about what contracts are associated with them or whether they will be assumed as part of the transaction.  (<u>See</u> Dkt. 122-2 at page 77 of 133.)  Relativity has this information at hand and there is no good reason why it cannot be provided right away.

6.      Viacom is a licensee under certain of its agreements with Relativity and is entitled to the protection of Bankruptcy Code Section 363(n) if its agreements are rejected.  The motion papers are silent on how these rights will be preserved.

7.      Finally, at this juncture, Viacom is unable to assess whether the Stalking Horse Bidder (or any other bidder) can provide appropriate assurances of both its financial ability to pay and its business ability to satisfy the requirements of any contracts to be assumed and assigned.  Viacom accordingly reserves all of its rights to object to any proposed assumption and assignment after it receives all of the information needed to conduct its analysis.

8.      <u>No Waiver of Stay</u>.  Relativity asks that the stay provisions of Bankruptcy Rule 6004(h) and 6006(d) be waived so the Bidding Procedure Order and Sale Order can be effective immediately.  (Motion ¶¶42-44.)  This would put the burden on the objecting contract counter-party (like Viacom) to obtain a stay pending appeal without any showing (to date) as to why we must proceed at breakneck speed.  Viacom suggests that this request for a waiver be

deferred until the sale hearing, when all objections and their merits will be known and considered by the Court.

## CONCLUSION

WHEREFORE, Viacom respectfully requests that the Court enter an Order:

A. Granting relief consistent with this objection; and

B. Granting such other and further relief as is just.


Dated: New York, New York  
       August 12, 2015

Respectfully submitted,

By: _/s/Michael Luskin_

Michael Luskin  
Richard Stern  
LUSKIN, STERN & EISLER LLP  
Eleven Times Square, Suite 16F  
New York, New York 10036  
Telephone: (212) 597-8200  
Facsimile: (212) 974-3205  
luskin@lsellp.com  
stern@lsellp.com

Counsel for Viacom International Inc. and its Affiliates