Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-8701

- and -

Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel: (212) 326-3939
Fax: (212) 755-7306

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION TO FILE THE DEBTORS' REPLY
TO THE UNITED STATES TRUSTEE'S OBJECTION AND
THE DECLARATION OF LUKE S. SCHAEFFER UNDER SEAL**

Relativity Fashion, LLC and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), hereby submit this motion (the "**Motion**") pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

-1-

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

"**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Debtors to file the (i) *Debtors' Reply to the United States Trustee's Objection and Supplement to Debtors' Motions for Orders Approving Debtors' Key Employee Incentive Plan and Employee Retention Plan* (the "**Reply**") and (ii) *Declaration of Luke S. Schaeffer in Support of Debtors' Reply to the United States Trustee's Objection and Supplement to Debtors' Motions for Orders Approving Debtors' Key Employee Incentive Plan and Employee Retention Plan* (the "**Schaeffer Declaration**") under seal such that certain portions of the Reply and the Schaeffer Declaration are redacted in the publicly-filed version only. In support of this Motion, the Debtors respectfully represent and set forth as follows:

### Jurisdiction

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules.

### Background

3. On July 30, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for appointment of a trustee or examiner has been made in these chapter 11 cases.

5. On August 7, 2015, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors [D k. 114].

6. Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the *Declaration of Dr. Brian G. Kushner Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of Chapter 11 Petitions and First Day Pleadings*, dated July 30, 2015 [Dk. 14].

7. On August 24, 2015, the Debtors filed motions seeking entry of orders authorizing the Debtors' Key Employee Incentive Plan and Employee Retention Plan [Dks. 281, 281].

8. On September 4, 2015, the U.S. Trustee filed the *Omnibus Objection of the United States Trustee to Debtors' Motions for Orders Approving Debtors' Key Employee Incentive Plan and Employee Retention Program* [Dk. 384].

9. On September 15, 2015, the Debtors filed the Reply.

**Relief Requested**

10. By this Motion, the Debtors seek entry of an order, pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules authorizing the Debtors to file the Reply and the Schaeffer Declaration under seal. The Debtors request that the Clerk of the Court treat the Reply the Schaeffer Declaration under seal as confidential and not reveal the Reply the Schaeffer Declaration to anyone other than as set forth herein.

**Basis for Relief**

11. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Reply and the Schaeffer Declaration under seal. Specifically, section 107(b) provides, in pertinent part, that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b).

-3-

12. Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b). Bankruptcy Rule 9018 provides, in pertinent part, that "[o]n motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."

13. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). "When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad [and a Court may issue] 'any order which justice requires.'" *Id.* at 724.

14. Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), the Court "is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Importantly, commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

15. In the Second Circuit, Courts have held that section 107(b) "establishes the exception to the general rule that court documents are open for public inspection." *Id.* at 27 (*citing In re Orion Pictures Corp.*, 1993 WL 330065 1993 U.S. Dist. LEXIS 111734, at *2 (S.D.N.Y. Aug. 25, 1993)). Under this exception, an interested party need only show that the information it seeks to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information is defined as information that would cause "an unfair advantage to competitors by

-4-

providing them information as to the commercial operations of the debtor." *Id.* (citation and internal quotation marks omitted). Furthermore, the commercial information "need not . . . be the equivalent of a trade secret" to warrant protection under this exception. *Id.* at 28.

16. There is ample justification to file the Reply and the Schaeffer Declaration under seal. The Debtors' film and entertainment businesses operate in a highly competitive marketplace, with numerous entities all seeking to secure the services of many of the Debtors' employees. In this hyper-competitive environment, the financial information and compensation information related to the Debtors' employees is commercially sensitive and highly confidential. In an effort to reduce the amount of information that would be sealed, the Debtors have redacted only the names of certain employees and the compensation amounts that the specific employees would receive under both the Key Employee Incentive Plan and the Employee Retention Plan. In short, the Reply and the Schaeffer Declaration contain information that, if publicly disclosed, would be harmful to the Debtors' valuable businesses and may depress the Debtors' going concern value in connection with the pending sale process.

17. Based on the foregoing, the Debtors submit that the Schaeffer Declaration contains highly confidential and sensitive commercial information that must be protected from disclosure by filing under seal.

18. Based on the foregoing, the Debtors submit that there is ample justification for filing the Reply and the Schaeffer Declaration under seal.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: September 15, 2015
New York, New York        **SHEPPARD MULLIN RICHTER & HAMPTON LLP**

By: */s/ Craig A. Wolfe*
Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: cwolfe@sheppardmullin.com
         mcademartori@sheppardmullin.com
         bwolfe@sheppardmullin.com

-and-

**JONES DAY**
Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306
E-mail: rlwynne@jonesday.com
         blspiegel@jonesday.com
         lsinanyan@jonesday.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

15-11989-mew    Doc 441    Filed 09/15/15    Entered 09/15/15 23:48:44    Main Document
Pg 8 of 11

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING DEBTORS TO FILE THE
### DEBTORS' REPLY TO THE UNITED STATES TRUSTEE'S OBJECTION
### AND THE DECLARATION OF LUKE S. SCHAEFFER UNDER SEAL

Upon the motion, dated September 15, 2015 (the "**Motion**"),[2] of Relativity Fashion, LLC and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order authorizing the Debtors to file the Reply and the Schaeffer Declaration under seal, and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion

-1-

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to file the Reply and the Schaeffer Declaration under seal.

3. This Order is without prejudice to the rights of any party in interest, or the U.S. Trustee, to seek to unseal the document or any part of it. Any party in interest seeking access to the Reply and the Schaeffer Declaration shall file an appropriate motion with the Court seeking such relief on appropriate notice.

4. The requirements set forth in Local Rule 9013-1(b) are satisfied.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
      September __, 2015

    THE HONORABLE MICHAEL E. WILES
    UNITED STATES BANKRUPTCY JUDGE