UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BLACKSTONE ADVISORY PARTNERS L.P. AS INVESTMENT BANKER TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[2] of Relativity Fashion, LLC, and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**") for entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules and Rules 2014-1 and 2016- 1 of the Local Rules, authorizing the Company to retain and employ Blackstone Advisory Partners L.P. ("**Blackstone**") as their financial advisor in accordance with the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to the Petition Date, as described in the Application and the Brown Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

- 1 -

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

circumstances has been given; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the Application, the Brown Declaration, the Rehman Affidavit, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Application is in the best interests of the Company's estates, their creditors and other parties-in-interest, and that the legal and factual bases set forth in the Application and the Brown Declaration establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and the Court being satisfied based on the representations made in the Application and the Rehman Affidavit, and the Court hereby finds that (a) Blackstone does not hold or represent an interest adverse to the Company's estates and (b) Blackstone is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED to the extent provided herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain Blackstone as their investment banker in accordance with the terms and conditions set forth in the Application and the Engagement Letter, as modified herein, *nunc pro tunc* to the Petition Date.

3. The provisions of the Engagement Letter are modified in the following ways, in addition to those changes set forth in other paragraphs of this Order:

(A) The carryover paragraph on pages 8 to 9 of the Engagement Letter shall be deleted in its entirety.

(B)    The word "primarily" found on the 7th line and 12th line on page 2 of the Indemnification Agreement attached as Attachment A to the Engagement Letter shall be deleted.

(C)    In the first full paragraph on page 2 of the Indemnification Agreement attached as Attachment A to the Engagement Letter, everything from the proviso that begins in the middle of the paragraph through the end of the paragraph shall be deleted.

(D)    The references to any additional engagements in the first paragraph on page 4 of the Indemnification Agreement attached as Attachment A to the Engagement Letter shall be deleted.

4.    Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, upon a Sale, the Restructuring Fee shall be payable upon the distribution of any Sale proceeds on account of the Debtors' Obligations (as defined in the Engagement Letter).

5.    Such services other than those set forth in the Application that the Debtors may request that Blackstone provide during the course of these Chapter 11 cases, and as agreed to by Blackstone, shall be subject to separate application and Order of this Court.

6.    Blackstone shall be compensated for fees and reimbursed for out-of-pocket expenses in accordance with the terms of the Application and/or Engagement Letter, as modified herein, and all fees to be paid to Blackstone, including without limitation the Monthly Fee and/or Restructuring Fee, shall be subject to Section 328(a) of the Bankruptcy Code, except as set forth herein.

7.    Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Blackstone shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to Bankruptcy Code

sections 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules, the Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 (General Order M-412), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013 (General Order M-447), the United States Trustee Fee Guidelines effective January 30, 1996 (the "**UST Guidelines**"), and any other Orders of the Court.

8. All of Blackstone's personnel who provide services to or on behalf of the Debtors, with the exception of clerical staff, shall keep contemporaneous records of the services they have performed in one-half hour increments. This provision shall be the only exception to the requirement that Blackstone adhere to the UST Guidelines.

9. The United States Trustee retains all rights to respond or object to Blackstone's interim and final applications for compensation (including without limitation the Monthly Fees and the Restructuring Fee) and reimbursement of out-of-pocket expenses on all grounds including, but not limited to, reasonableness pursuant to Section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the United States Trustee's response or objection to Blackstone's interim and final fee on all grounds, including, but not limited to, reasonableness pursuant to Section 330 of the Bankruptcy Code.

10. Blackstone shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of this Court allowing compensation and reimbursement of out-of-pocket expenses to Blackstone.

11. Blackstone shall provide ten business days' notice to the Debtors, the United States Trustee and any official committee prior to any increases in the Blackstone's rates or fees

-4-

set forth in the Application and/or Engagement Letter of any individual person providing services to or on behalf of the Debtors, and shall file the notice of rate or fee increases with the Court.  The United States Trustee reserves all rights to respond or object to any rate or fee increase on all grounds including, but not limited to, reasonableness pursuant to Section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the United States Trustee's response or objection to Blackstone's interim and final fee on all grounds, including, but not limited to, reasonableness pursuant to Section 330 of the Bankruptcy Code.

12. Pursuant to the terms of the Engagement Letter, Blackstone is entitled to reimbursement by the Company for reasonable expenses incurred in connection with the performance of its engagement under the Engagement Letter, including, without limitation, the reasonable fees, disbursements and other charges of Blackstone's counsel (which counsel shall not be required to be retained pursuant to section 327 of the Bankruptcy Code or otherwise), in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court and the UST Guidelines; provided, that Blackstone shall not seek reimbursement for any services provided by Blackstone's counsel to the Debtors and, provided further, that Blackstone may only seek reimbursement for services in connection with retention and fee application preparation, except as otherwise provided herein with respect to claims for indemnification and, provided further, that Blackstone shall submit the invoices of Blackstone's counsel together with any application seeking allowance of reimbursement for the fees, disbursements and other charges of its counsel.  All such expenses shall be subject to review for reasonableness pursuant to Section 330 of the Bankruptcy Code.

13. All requests by indemnified persons for the payment of indemnification, contribution or otherwise as set forth in the Engagement Letter shall be made by means of an

application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided that in no event shall any indemnified person be indemnified if the Debtors or a representative of the estates assert a claim for, and a court of competent jurisdiction determines by final non-appealable order that such claim arose out of such indemnified person's own bad faith, breach of fiduciary duty (if any), gross negligence or willful misconduct; provided further, that in no event shall Blackstone be indemnified if the Debtors or a representative of the estates, asserts a claim for, and a court determines by final order that such claim arose out of, Blackstone's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct.

14. In the event an indemnified person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Blackstone's own application, and such invoices and time records shall be subject to the U.S. Trustee fee guidelines and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

15. Notwithstanding anything to the contrary in the Application and/or Engagement Letter, to the extent that Blackstone uses the services of independent contractors or employees of affiliates or subsidiaries (collectively, the "**Contractors**") in these cases, Blackstone (i) shall pass-through the cost of such Contractors to the Debtors at the same rate that Blackstone pays the Contractors; (ii) shall seek reimbursement for actual out-of-pocket expenses only; and (iii) shall

ensure that the Contractors are subject to the same conflict checks and disclosures as required of Blackstone by Rule 2014 of the Bankruptcy Rules.

16. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17. Notwithstanding anything to the contrary in the Application and/or Engagement Letter, this Court shall retain jurisdiction with respect to all matters arising from or related to this Order.

18. To the extent there is an inconsistency among this Order, the Application and the Engagement Letter, the terms of this Order shall govern.

19. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: New York, New York
       September 21, 2015

                                                                 s/Michael E. Wiles
                                                               THE HONORABLE MICHAEL E. WILES
                                                               UNITED STATES BANKRUPTCY JUDGE