UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Relativity Fashion LLC, Relativity Holdings LLC, Relativity Media LLC ("**RML**") and their affiliated debtors and debtors in possession (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**" and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**SOFA**" and, collectively, the "**Statements**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals. The Schedules and Statements are unaudited. The Debtors' management and advisors have made reasonable efforts to ensure that they are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors or omissions may exist. The Debtors may, but shall not be required to, update the Schedules and Statements as a result of the discovery of such errors or omission or new information.

The Debtors reserve all rights to amend the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offset or defenses to any claim reflected on the Schedules and Statements as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases and specifically with respect to any issues involving any causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

**The Schedules, Statements and Notes (as defined below) should not be relied upon by any person for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

1.      **Description of the Cases.**  On July 30, 2015 (the "**Petition Date**"), the Debtors each commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 31, 2015, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b).  On August 7, 2015, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Committee**").

2.      **Purpose of Global Notes.** These *Global Notes Regarding the Debtors' Schedules and Statements* (the "**Global Notes**") are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**" and, together with the Global Notes, the "**Notes**").  These Notes are incorporated by reference in and comprise an integral part of the Schedules and Statements and should be referred to and reviewed in connection with any review of the Schedules and Statements.

3.      **Methodology and Limitations.**

(a)      **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)      **Debtors' Consolidated Cash Management System.**  The Debtors use a centralized cash management system to streamline collection, transfer, and disbursement of funds generated by the Debtors' business operations.  The cash management system is operated and maintained by RML, as described, in detail, in the *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Continued Use of Existing Cash Management System, Bank Accounts and Business Forms, and Payment of Related Prepetition Obligations, (B) Waiving Certain Investment and Deposit Requirements on a Limited Basis, and (C) Authorizing Continued Engagement in Intercompany Transactions, and (D) According Administrative Expense Priority Status to all Postpetition Intercompany Claims* [Dk. 12].

(c)      **Confidential Information.**  In certain limited instances in the Schedules and Statements, the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts.  The Debtors have generally used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of an individual.  The Debtors will provide copies of the unredacted information to the U.S. Trustee, the Committee and any parties in interest who have a reasonable basis for review of such information.

(d)    **Net Book Value of Assets.**  The Debtors do not have current market valuations for all assets.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  Wherever possible net book values as of the Petition Date are presented.  Otherwise, book values are provided as of June 30, 2015.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined."  Amounts ultimately realized may vary materially from net book value (or whatever value was or may be ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, or adjust the asset values set forth in the Schedules and Statements.

(e)    **Liabilities.**  Unless otherwise indicated, all liabilities are listed as of the Petition Date.

(f)    **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

(g)    **Payment of Prepetition Claims Pursuant to First Day Orders.**  The Court has entered orders authorizing, but not directing, the Debtors to, among other things, (a) pay prepetition employee wages and related items, including employee benefit programs and independent contractor obligations; (b) pay prepetition claims of certain critical vendors; (c) pay insurance obligations; (d) honor their prize obligations under their existing production agreements; and (e) pay prepetition residuals and participations.  Where the Schedules list creditors and set forth the Debtors' scheduled amount attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date as adjusted for any payments made on account of such claims following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court.  The Debtors reserve the right to update the Schedules and Statements to reflect further payments made pursuant to the above referenced orders.

(h)    **Intercompany Transfers.**  The net balance of intercompany transactions between the Debtors, if any, is set forth on Schedule F or Schedule B16, as applicable.  Intercompany transfers between Debtors are also captured on SOFA 3(c).  The listing in the Schedules or Statements by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records, and does not reflect any admission or conclusion of the Debtors regarding whether such amount should be allowed as a claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

(i)    **Insiders.**  For purposes of the Schedules and Statements, the Debtors define insiders (in accordance with in section 101(31) of the Bankruptcy Code) as the Debtors' (a) current and former directors; (b) current and former senior level officers; (c) persons in control of the Debtors; (d) relatives of each of the foregoing; (e) affiliates of the Debtors, including equity holders holding 20% or more of the Debtors' voting securities and corporations of which the Debtors (or their major equity holders) hold 20% or more of voting securities; and (f) insiders of such affiliates, all to the extent known to the Debtors (each, an "**Insider**").  For purposes of determining the ownership percentage of each equity holder, the Debtors have looked at each holder individually, and have not

combined the ownership percentages of holders that are potentially related.  The Debtors continue to investigate whether a holder's indirect holdings may cause such holder to exceed the 20% threshold and thus render such holder an "affiliate" as defined in the Bankruptcy Code, and will supplement these Schedules and Statements as necessary and appropriate.

4.  **Debtors' Reservation of Rights.**   Nothing contained in the Schedules, Statements, or the Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving equitable subordination, characterization or re-characterization of contracts, assumption or rejection of executory contracts under the provisions of chapter 3 of the Bankruptcy Code and causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any applicable non-bankruptcy laws to recover assets or avoid transfers.

(a)   Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve the right to dispute, or to assert setoff rights, counterclaims, or defenses to any claim reflected on its Schedules as to amount, liability, or classification, or to amend the Schedules and Statements to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

(b)   Listing a claim on the Debtors' Schedules as "secured" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to reclassify such claim or contract.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken.  The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

(c)   Listing a claim on the Debtors' Schedules as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant.  The Debtors hereby expressly reserve the right to assert that any claim listed as an unsecured priority claim does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claim.

(d)   The Debtors' businesses are part of a complex enterprise.  Although the Debtors have made reasonable efforts to ensure the accuracy of their Schedules and Statements, inadvertent errors, omissions, or inclusions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on the Debtors' Schedules and Statements and to amend further or supplement the Schedules and Statements as necessary.

(e)   The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute or challenge the characterization or the structure of any

-4-

transaction, document, or instrument related to a creditor's claim. The placing of a contract or lease onto the Debtors' Schedules shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Debtors' Schedules does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code.

(f)    The Debtors used their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments and other agreements. Where such Guarantees have been identified, they are included in the relevant Schedules. The Debtors placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other agreements may have been inadvertently omitted. Thus, the Debtors reserve their rights to amend or supplement the Schedules to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and statements to re-characterize or reclassify any such contract or claim.

**Specific Notes With Respect to the Debtors' Statements of Financial Affairs**

1.   **SOFA 1.**  The revenue amounts shown in response to this question are gross amounts.

2.   **SOFA 3(b).**   Certain payroll-related payments include amounts that were paid to "insiders" as defined in section 101(31) of the Bankruptcy Code.  These payments have also been listed in response to SOFA 3(c).   The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings.

Pursuant to the Debtors' global cash management system, payments made to various parties are often made from a single Debtor on behalf of one or more Debtor entities. The Debtors have only listed the Debtor entity that disbursed the payment.

The amounts listed in SOFA 3(b) reflect the Debtors' disbursements netted against any check level detail.  Thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed.

3.   **SOFA 3(c).**  The Debtors reserve all rights to dispute whether someone identified in response to SOFA 3(c) is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.  For more information regarding each Debtor's officers and directors see SOFA 21(b) and SOFA 22(b).

The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings.  Bonus or additional compensation amounts include certain "fringe benefits" paid directly to the applicable Insider in the ordinary course of business.  Amounts shown in response to this question for any travel and business-related expense reimbursements include expenses reimbursed directly to the applicable Insider.

4.   **SOFA 4(a).**  The actions described in response to SOFA 4(a) are the responsive proceedings or pending proceedings of which the Debtors are aware.  The actions described in SOFA 4(a) include employee related matters and pending cases against the Debtors.

5.   **SOFA 6(b).**  In the ordinary course of business, certain of the Debtors are parties to Collection Account Management Agreements, pursuant to which certain funds that may be payable to the Debtors are held in trust. Such accounts are included in SOFA 6(b). However, in certain instances, the value of the property belonging to the Debtors in such accounts is uncertain or undetermined.   The dollar amount of the property in such accounts is listed as "undetermined."

In addition, in the ordinary course of business, certain film assets may be in the hands of custodians.  The inclusion of such assets in SOFA 6(b) is without prejudice to the Debtors' rights to contest any possessory lien that may be asserted by such custodian.

6.      **SOFA 7.**  The donations and/or charitable contributions listed in response to SOFA 7 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors' books and records.

7.      **SOFA 9.**  Although the services of any entities who provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were provided for the benefit of all the Debtors, all of the payments for such services were made by RML and are, therefore, listed on RML's response to SOFA 9.

Certain of the Debtors' professionals provided both consultation concerning debt counseling or restructuring services, as well as other services.  The total amounts listed include payments for both debtor counseling or bankruptcy and other services.

8.      **SOFA 10(a).**  The inclusion or omission of any transfer from SOFA 10(a) is without prejudice to the Debtors' right to argue that a particular transfer was outside of the ordinary course of business.

9.      **SOFA 14.**  The response to SOFA 14 does not include equipment leased by the Debtors that is located on the Debtors' premises.  These leases are included in Schedule G.

The Debtors routinely withhold or retain certain funds from employees for payment to certain governmental authorities.  These funds are held in trust for turnover to the applicable governmental authority.  As the Debtors do not retain control of these funds and these funds are generally not considered property of the estates, such amounts have not been itemized in response to SOFA 14.

10.     **SOFA 19(d).**  In the two years preceding the Petition Date, the Debtors have participated in multiple capital raises.  As part of that process, the Debtors disclosed certain financial information about the Debtors and their non-debtor affiliates to potential lenders and investors, subject to confidentiality agreements.

In addition, prior to the commencement of these chapter 11 cases, the Debtors considered various restructuring alternatives.  These restructuring alternatives included discussions with third parties, including potential lenders, investors and customers, who, subject to confidentiality agreements, may have been granted access to certain information as requested from the Debtors' books and records.  The Debtors provided consolidated financial information to banks, customers, suppliers, rating agencies, and other various interested parties, both in the ordinary course of business and in consideration of the aforementioned restructuring alternatives.

Accordingly, the Debtors are not providing a list of the various parties to whom they may have issued financial statements during the requested period because it would be unduly burdensome for them to produce such a list.

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re: Relativity Fashion, LLC,                                        Case No: 15-11989 (MEW)
                     Debtor                                            Chapter 11

## STATEMENT OF FINANCIAL AFFAIRS

    This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

    Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. **If the answer to an applicable question is "None", mark the box labeled "None"** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

    *In business."*   A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *Insider."*   The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

    Pursuant to Rule 1009 of the Federal Rules of Bankruptcy Procedure, the Debtor hereby reserves the right to amend this statement of financial affairs from time to time and at any time to, among other things, correct errors and/or omissions.

**1. Income from employment or operation of business**



None

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Amount | Period | Source |
|---|---|---|
| $83,000.00 | 1/1/13-12/31/13 | OPERATION OF BUSINESS |
| $575,411.38 | 1/1/14-12/31/14 | OPERATION OF BUSINESS |
| $137,818.76 | 1/1/15-6/30/15 | OPERATION OF BUSINESS |

**2. Income other than from employment or operation of business**

[X]

None

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**3. Payments to creditors**
*Complete a. or b., as appropriate, and c.*

[X]

None

3a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)



None

3b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Check # or Wire | Amount Still Owing |
|---|---|---|---|---|
| ADP, LLC ONE ADP BOULEVARD ROSELAND, NJ 07068 | 7/30/2015 | $18,699.71 | WIRE | SEE FOOTNOTE |
| ADP, LLC ONE ADP BOULEVARD ROSELAND, NJ 07068 | 7/17/2015 | $3,125.43 | WIRE | SEE FOOTNOTE |
| ADP, LLC ONE ADP BOULEVARD ROSELAND, NJ 07068 | 7/2/2015 | $6,555.38 | WIRE | SEE FOOTNOTE |
| ADP, LLC ONE ADP BOULEVARD ROSELAND, NJ 07068 | 6/16/2015 | $3,118.91 | WIRE | SEE FOOTNOTE |

**3b. (continuation)**

| Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Check # or Wire | Amount Still Owing |
|---|---|---|---|---|
| ADP, LLC<br>ONE ADP BOULEVARD<br>ROSELAND, NJ 07068 | 6/2/2015 | $3,098.91 | WIRE | SEE FOOTNOTE |
| ADP, LLC<br>ONE ADP BOULEVARD<br>ROSELAND, NJ 07068 | 5/22/2015 | $3,159.54 | WIRE | SEE FOOTNOTE |
| ADP, LLC<br>ONE ADP BOULEVARD<br>ROSELAND, NJ 07068 | 5/8/2015 | $3,283.81 | WIRE | SEE FOOTNOTE |
| EMPLOYEE-12822 | 7/29/2015 | $28,723.22 | DD | SEE FOOTNOTE |
| EMPLOYEE-12822 | 7/17/2015 | $3,846.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-12822 | 7/2/2015 | $3,846.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-12822 | 6/19/2015 | $4,349.27 | DD | SEE FOOTNOTE |
| EMPLOYEE-12822 | 6/5/2015 | $3,846.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-12822 | 5/22/2015 | $3,846.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-12822 | 5/8/2015 | $3,846.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-13302 | 7/29/2015 | $252,292.07 | DD | SEE FOOTNOTE |
| EMPLOYEE-13302 | 7/17/2015 | $8,093.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13302 | 7/2/2015 | $8,093.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13302 | 6/19/2015 | $8,593.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13302 | 6/5/2015 | $8,093.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13302 | 5/22/2015 | $8,093.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13302 | 5/8/2015 | $8,374.11 | DD | SEE FOOTNOTE |
| EMPLOYEE-13303 | 7/29/2015 | $1,321.25 | DD | SEE FOOTNOTE |
| EMPLOYEE-13303 | 7/17/2015 | $826.88 | DD | SEE FOOTNOTE |
| EMPLOYEE-13303 | 7/2/2015 | $918.75 | DD | SEE FOOTNOTE |
| EMPLOYEE-13631 | 7/29/2015 | $1,268.75 | DD | SEE FOOTNOTE |
| EMPLOYEE-13631 | 7/17/2015 | $643.13 | DD | SEE FOOTNOTE |
| EMPLOYEE-13631 | 7/2/2015 | $700.00 | DD | SEE FOOTNOTE |
| EMPLOYEE-13635 | 7/29/2015 | $433,513.48 | DD | SEE FOOTNOTE |
| EMPLOYEE-13635 | 7/29/2015 | $416,811.65 | WIRE | SEE FOOTNOTE |
| EMPLOYEE-13635 | 7/24/2015 | $13,269.23 | WIRE | SEE FOOTNOTE |
| EMPLOYEE-13635 | 7/17/2015 | $13,286.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-13635 | 7/10/2015 | $13,269.23 | WIRE | SEE FOOTNOTE |
| EMPLOYEE-13635 | 7/2/2015 | $13,286.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-13635 | 6/26/2015 | $13,269.23 | WIRE | SEE FOOTNOTE |
| EMPLOYEE-13635 | 6/19/2015 | $13,344.65 | DD | SEE FOOTNOTE |
| EMPLOYEE-13635 | 6/12/2015 | $13,269.23 | WIRE | SEE FOOTNOTE |
| EMPLOYEE-13635 | 6/5/2015 | $13,321.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-13635 | 5/29/2015 | $13,269.23 | WIRE | SEE FOOTNOTE |
| EMPLOYEE-13635 | 5/22/2015 | $13,386.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-13635 | 5/15/2015 | $13,269.23 | WIRE | SEE FOOTNOTE |
| EMPLOYEE-13635 | 5/8/2015 | $13,385.15 | DD | SEE FOOTNOTE |
| EMPLOYEE-13635 | 5/1/2015 | $13,269.23 | WIRE | SEE FOOTNOTE |
| EMPLOYEE-13671 | 7/29/2015 | $4,653.60 | DD | SEE FOOTNOTE |
| EMPLOYEE-13671 | 7/17/2015 | $2,150.00 | DD | SEE FOOTNOTE |
| EMPLOYEE-13671 | 7/2/2015 | $2,320.00 | DD | SEE FOOTNOTE |
| EMPLOYEE-13671 | 6/19/2015 | $2,327.50 | DD | SEE FOOTNOTE |
| EMPLOYEE-13671 | 6/5/2015 | $2,200.00 | DD | SEE FOOTNOTE |
| EMPLOYEE-13671 | 5/22/2015 | $2,335.00 | DD | SEE FOOTNOTE |
| EMPLOYEE-13671 | 5/8/2015 | $2,237.50 | DD | SEE FOOTNOTE |
| EMPLOYEE-13751 | 7/29/2015 | $262,666.29 | DD | SEE FOOTNOTE |
| EMPLOYEE-13751 | 7/17/2015 | $8,093.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13751 | 7/2/2015 | $8,093.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13751 | 6/19/2015 | $8,093.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13751 | 6/5/2015 | $8,207.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13751 | 5/22/2015 | $8,093.84 | DD | SEE FOOTNOTE |
| EMPLOYEE-13751 | 5/8/2015 | $8,249.20 | DD | SEE FOOTNOTE |
| EMPLOYEE-14503 | 7/29/2015 | $1,951.12 | DD | SEE FOOTNOTE |
| EMPLOYEE-14503 | 7/17/2015 | $1,218.00 | DD | SEE FOOTNOTE |
| EMPLOYEE-14503 | 7/2/2015 | $739.50 | DD | SEE FOOTNOTE |
| EMPLOYEE-14503 | 6/19/2015 | $1,221.63 | DD | SEE FOOTNOTE |

**3b. (continuation)**

| Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Check # or Wire | Amount Still Owing |
|---|---|---|---|---|
| EMPLOYEE-14503 | 6/5/2015 | $1,218.00 | DD | SEE FOOTNOTE |
| EMPLOYEE-14503 | 5/22/2015 | $1,268.75 | DD | SEE FOOTNOTE |
| EMPLOYEE-14503 | 5/8/2015 | $1,243.38 | DD | SEE FOOTNOTE |
| EMPLOYEE-14885 | 7/29/2015 | $11,654.93 | DD | SEE FOOTNOTE |
| EMPLOYEE-14885 | 7/17/2015 | $6,153.85 | DD | SEE FOOTNOTE |
| EMPLOYEE-14885 | 7/2/2015 | $6,153.85 | DD | SEE FOOTNOTE |
| EMPLOYEE-14885 | 6/19/2015 | $6,153.85 | DD | SEE FOOTNOTE |
| EMPLOYEE-14885 | 6/5/2015 | $6,153.85 | DD | SEE FOOTNOTE |
| EMPLOYEE-14885 | 5/22/2015 | $6,770.33 | DD | SEE FOOTNOTE |
| EMPLOYEE-14885 | 5/8/2015 | $6,588.41 | DD | SEE FOOTNOTE |
| EMPLOYEE-14886 | 7/29/2015 | $5,804.56 | DD | SEE FOOTNOTE |
| EMPLOYEE-14886 | 7/17/2015 | $1,918.35 | DD | SEE FOOTNOTE |
| EMPLOYEE-14886 | 7/2/2015 | $1,982.30 | DD | SEE FOOTNOTE |
| EMPLOYEE-14886 | 6/19/2015 | $2,061.65 | DD | SEE FOOTNOTE |
| EMPLOYEE-14886 | 6/5/2015 | $1,900.08 | DD | SEE FOOTNOTE |
| EMPLOYEE-14886 | 5/22/2015 | $2,050.81 | DD | SEE FOOTNOTE |
| EMPLOYEE-14886 | 5/8/2015 | $1,982.30 | DD | SEE FOOTNOTE |
| EMPLOYEE-14927 | 7/29/2015 | $4,842.28 | DD | SEE FOOTNOTE |
| EMPLOYEE-14927 | 7/17/2015 | $2,423.08 | DD | SEE FOOTNOTE |
| EMPLOYEE-14927 | 7/2/2015 | $2,423.08 | DD | SEE FOOTNOTE |
| EMPLOYEE-14927 | 6/19/2015 | $2,423.08 | DD | SEE FOOTNOTE |
| EMPLOYEE-14927 | 6/5/2015 | $2,423.08 | DD | SEE FOOTNOTE |
| EMPLOYEE-14927 | 5/22/2015 | $2,423.08 | DD | SEE FOOTNOTE |
| EMPLOYEE-14927 | 5/8/2015 | $2,423.08 | DD | SEE FOOTNOTE |
| EMPLOYEE-14991 | 5/8/2015 | $162.00 | DD | SEE FOOTNOTE |
| EMPLOYEE-15348 | 7/29/2015 | $7,013.75 | DD | SEE FOOTNOTE |
| EMPLOYEE-15348 | 7/17/2015 | $4,807.69 | DD | SEE FOOTNOTE |
| EMPLOYEE-15348 | 7/2/2015 | $4,807.69 | DD | SEE FOOTNOTE |
| EMPLOYEE-15348 | 6/19/2015 | $4,807.69 | DD | SEE FOOTNOTE |
| EMPLOYEE-15348 | 6/5/2015 | $4,807.69 | DD | SEE FOOTNOTE |
| EMPLOYEE-15348 | 5/22/2015 | $5,265.25 | DD | SEE FOOTNOTE |
| EMPLOYEE-15348 | 5/8/2015 | $6,251.20 | DD | SEE FOOTNOTE |
| EQUINOX HOLDINGS INC. DBA EQUINOX FITNESS CLUBS P.O. BOX 1774 NEW YORK, NY 10156 | 5/1/2015 | $958.00 | 1076 | SEE FOOTNOTE |
| FEDERAL EXPRESS PO BOX 7221 PASADENA, CA 91185 | 7/7/2015 | $398.42 | 1085 | SEE FOOTNOTE |
| FEDERAL EXPRESS PO BOX 7221 PASADENA, CA 91185 | 6/12/2015 | $345.53 | 1080 | SEE FOOTNOTE |
| FEDERAL EXPRESS PO BOX 7221 PASADENA, CA 91185 | 5/8/2015 | $621.48 | 1077 | SEE FOOTNOTE |
| LOVE LARRY MEDIA, INC. 8 15TH ST. EAST HAMPTON, NY 11937 | 6/12/2015 | $1,500.00 | 1083 | SEE FOOTNOTE |
| MARK WEBER DBA MARK WEBER ADVISORY GROUP, LLC 663 GOLF DR. VALLEY STREAM, NY 11581 | 7/8/2015 | $10,000.00 | 1086 | SEE FOOTNOTE |
| MARK WEBER DBA MARK WEBER ADVISORY GROUP, LLC 663 GOLF DR. VALLEY STREAM, NY 11581 | 6/12/2015 | $10,000.00 | 1084 | SEE FOOTNOTE |

**3b. (continuation)**

| Name and Address of Creditor | Date of Payment/ Transfers | Amount Paid or Value of Transfers | Check # or Wire | Amount Still Owing |
|---|---|---|---|---|
| MARK WEBER DBA MARK WEBER ADVISORY GROUP, LLC<br>663 GOLF DR.<br>VALLEY STREAM, NY 11581 | 5/8/2015 | $10,000.00 | 1079 | SEE FOOTNOTE |
| MASSACHUSETTS MUTUAL RETIREMENT SERVICES<br>4454 VAN NUYS BLVD.<br>SHERMAN OAKS, CA 91403 | 7/30/2015 | $1,357.66 | WIRE | SEE FOOTNOTE |
| MASSACHUSETTS MUTUAL RETIREMENT SERVICES<br>4454 VAN NUYS BLVD.<br>SHERMAN OAKS, CA 91403 | 7/17/2015 | $1,351.38 | WIRE | SEE FOOTNOTE |
| MASSACHUSETTS MUTUAL RETIREMENT SERVICES<br>4454 VAN NUYS BLVD.<br>SHERMAN OAKS, CA 91403 | 7/2/2015 | $2,677.46 | WIRE | SEE FOOTNOTE |
| MASSACHUSETTS MUTUAL RETIREMENT SERVICES<br>4454 VAN NUYS BLVD.<br>SHERMAN OAKS, CA 91403 | 6/16/2015 | $1,353.27 | WIRE | SEE FOOTNOTE |
| MASSACHUSETTS MUTUAL RETIREMENT SERVICES<br>4454 VAN NUYS BLVD.<br>SHERMAN OAKS, CA 91403 | 6/2/2015 | $1,351.88 | WIRE | SEE FOOTNOTE |
| MASSACHUSETTS MUTUAL RETIREMENT SERVICES<br>4454 VAN NUYS BLVD.<br>SHERMAN OAKS, CA 91403 | 5/22/2015 | $1,354.76 | WIRE | SEE FOOTNOTE |
| MASSACHUSETTS MUTUAL RETIREMENT SERVICES<br>4454 VAN NUYS BLVD.<br>SHERMAN OAKS, CA 91403 | 5/8/2015 | $1,353.02 | WIRE | SEE FOOTNOTE |
| MODEL SERVICE, LLC DBA MSA MODELS<br>570 7TH AVE. SUITE 1000<br>NEW YORK, NY 10018 | 5/8/2015 | $1,200.00 | 1078 | SEE FOOTNOTE |
| QUIK TRAK<br>267 W 17TH STREET 3RD FLOOR<br>NEW YORK, NY 10011 | 6/12/2015 | $99.25 | 1081 | SEE FOOTNOTE |
| QUIK TRAK<br>267 W 17TH STREET 3RD FLOOR<br>NEW YORK, NY 10011 | 5/1/2015 | $37.50 | 1075 | SEE FOOTNOTE |

FOOTNOTE - TO THE EXTENT AMOUNTS ARE STILL OWING, THOSE AMOUNTS ARE REPORTED IN THE
SCHEDULES OF ASSETS AND LIABILITIES AT SCHEDULES D, E AND/OR F.

☐
None

3c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Relationship to Debtor | Name and Address of Creditor | Date of Payment | Amount Paid | Check # or Wire | Amount Still Owing | Description |
|---|---|---|---|---|---|---|
| FORMER OFFICER | EMPLOYEE-13635 | 7/29/2015 | $416,811.65 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 7/24/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 7/10/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 6/26/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 6/12/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 5/29/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 5/15/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 5/1/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 4/17/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 4/3/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 3/20/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 3/6/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 2/20/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 2/6/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 1/30/2015 | $95.00 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 1/23/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 1/9/2015 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 1/2/2015 | $135.00 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 12/26/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 12/12/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 12/5/2014 | $306.55 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 11/28/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 11/21/2014 | $13.92 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 11/14/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 11/7/2014 | $175.55 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 10/31/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 10/24/2014 | $44.41 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 10/17/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 10/10/2014 | $98.20 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 10/3/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 9/26/2014 | $61.55 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 9/19/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 9/5/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 8/29/2014 | $2,833.32 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 8/22/2014 | $13,269.23 | WIRE | SEE FOOTNOTE | WAGES |
| FORMER OFFICER | EMPLOYEE-13635 | 8/22/2014 | $920.12 | WIRE | SEE FOOTNOTE | T&E |
| FORMER OFFICER | EMPLOYEE-13635 | 8/15/2014 | $1,388.60 | WIRE | SEE FOOTNOTE | T&E |

**3c. (continuation)**

| Relationship to Debtor | Name and Address of Creditor | Date of Payment | Amount Paid | Check # or Wire | Amount Still Owing | Description |
|---|---|---|---|---|---|---|
| FORMER OFFICER | EMPLOYEE-13635 | 8/1/2014 | $1,203.00 | WIRE | SEE FOOTNOTE | T&E |

FOOTNOTE - TO THE EXTENT AMOUNTS ARE STILL OWING, THOSE AMOUNTS ARE REPORTED IN THE SCHEDULES OF ASSETS AND LIABILITIES AT SCHEDULES D, E AND/OR F.

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**


None

4a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---


None

4b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**5. Repossessions, foreclosures and returns**


None

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**6. Assignments and receiverships**


None

6a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---


None

6b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**7. Gifts**


None

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**8. Losses**


None

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

X

None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

**10. Other transfers**

X

None

10a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

X

None

10b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

X

None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

X

None

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

X

None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

X

None

List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 888 7TH AVE.<br>NEW YORK, NY 10106 | RELATIVITY FASHION, LLC | DISOCCUPIED 02/14 |
| 106 LEXINGTON AVE.<br>NEW YORK, NY 10016 | RELATIVITY FASHION, LLC | 2/18/14 - 2/17/15 |

**16. Spouses and Former Spouses**



If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.



17a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and if known, the Environmental Law:

17b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.



17c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

☐
None

18a. If the debtor is an individual, list the names and addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| Name and Address | Last four digits of Soc. Sec. No./Complete EIN or Other Taxpayer I.D. No. | Nature Of Business | Beginning and Ending dates of Operation |
|---|---|---|---|
| M3 FASHION ACCELERATOR GP, LLC 9242 BEVERLY BOULEVARD SUITE 300 BEVERLY HILLS, CA 90210 | 30-0834095 | FINANCING | 06/12/2014 - STILL OPERATING |

☒
None

18b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

☐
None

19a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| Name and Address | Dates Services Rendered |
|---|---|
| CHRISTINA SIEBENEICHER 9242 BEVERLY BOULEVARD SUITE 300 BEVERLY HILLS, CA 90210 | 7/31/13 TO 9/4/14 |

**19a. (continuation)**

| Name and Address | Dates Services Rendered |
|---|---|
| DAWN DARFUS<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | 7/31/13 TO 7/30/15 |
| JEANNE KOWALSKI<br>1040 N LAS PALMAS<br>BUILDING 40<br>LOS ANGELES, CA 90038 | 7/31/13 TO 7/30/15 |
| KENNY LYNCH<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | 7/31/13 TO 7/30/15 |
| MIKAEL KARLSSON<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | 7/31/13 TO 7/30/15 |
| PHILLIE SILVERMAN<br>315 PARK AVENUE S<br>2ND FLOOR<br>NEW YORK, NY 10010 | 12/1/14 TO 7/29/15 |

☐ None

19b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| Name and Address | Dates Services Rendered |
|---|---|
| ERNST & YOUNG<br>725 S FIGUEROA<br>LOS ANGELES, CA 90017 | 7/31/13 TO 7/30/15 |

☐ None

19c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

| Name and Address | Dates Services Rendered |
|---|---|
| CHRISTINA SIEBENEICHER<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | 7/31/13 TO 9/4/14 |
| DAWN DARFUS<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | 7/31/13 TO 7/30/15 |
| GREGORY SHAMO<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | 7/31/13 TO 7/30/15 |

**19c. (continuation)**

| Name and Address | Dates Services Rendered |
|---|---|
| JEANNE KOWALSKI<br>1040 N LAS PALMAS<br>BUILDING 40<br>LOS ANGELES, CA 90038 | 7/31/13 TO 7/30/15 |
| KENNY LYNCH<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | 7/31/13 TO 7/30/15 |
| LAUREN GOLDBERG<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | 7/31/13 TO 7/30/15 |
| MIKAEL KARLSSON<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | 7/31/13 TO 7/30/15 |
| PHILLIE SILVERMAN<br>315 PARK AVENUE S<br>2ND FLOOR<br>NEW YORK, NY 10010 | 12/1/14 TO 7/29/15 |


None

19d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

**20. Inventories**


None

20a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.


None

20b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**21. Current Partners, Officers, Directors, and Shareholders**


None

21a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

☐
None

21b. If the debtor is a corporation, list all the officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting or equity securities of the corporation.

| Name, Address and Title | Nature of Stock Ownership | Percentage of Stock Ownership |
|---|---|---|
| MARTIN DOLFI<br>SHAREHOLDER<br>25 N MOORE ST<br>APT 12C<br>NEW YORK, NY 10013 | CLASS B SHARES | 10% |
| MATTHEW HUNT<br>SHAREHOLDER<br>212 WEST 22ND STREET<br>APT 3F<br>NEW YORK, NY 10011 | CLASS B SHARES | 10% |
| MITCH GROSSBACH<br>SHAREHOLDER<br>38 HILLSIDE AVE<br>MONTCLAIR, NJ 07042 | CLASS B SHARES | 10% |
| RELATIVITY MEDIA, LLC<br>SHAREHOLDER<br>9242 BEVERLY BOULEVARD<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | CLASS A SHARES | 70% |

### 22. Former partners, officers, directors and shareholders

☒
None

22a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☐
None

22b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| Name, Address and Title | Date of Termination |
|---|---|
| MITCH GROSSBACH<br>PRESIDENT<br>38 HILLSIDE AVE<br>MONTCLAIR, NJ 07042 | 7/29/2015 |

### 23. Withdrawals from a partnership or distributions by a corporation

☐
None

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| Relationship To Debtor | Name and Address of Recipient | Date and Purpose of Withdrawal | Amount of Money or Description and value of Property |
|---|---|---|---|
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 7/25/2014<br>BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 8/22/2014<br>BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 9/5/2014<br>BI-WEEKLY PAYROLL | $ 13,269.23 |

**23. Withdrawals from a partnership or distributions by a corporation (continuation)**

| Relationship To Debtor | Name and Address of Recipient | Date and Purpose of Withdrawal | Amount of Money or Description and value of Property |
|---|---|---|---|
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 9/19/2014 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 10/3/2014 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 10/17/2014 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 10/31/2014 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 11/14/2014 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 11/28/2014 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 12/12/2014 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 12/26/2014 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 1/9/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 1/23/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 2/6/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 2/20/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 3/6/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 3/20/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 4/3/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 4/17/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 5/1/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 5/15/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 5/29/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 6/12/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 6/26/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 7/10/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 7/24/2015 BI-WEEKLY PAYROLL | $ 13,269.23 |
| EMPLOYEE/MEMBER | EMPLOYEE-13635 | 7/29/2015 ONE WEEK'S SPECIAL PAYROLL AND ACCRUED VACATION AND CONTRACT PAYOUT | $ 416,811.65 |

**24. Tax Consolidation Group**

☐

None

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

| Name of Parent Corporation | Taxpayer Identification Number |
|---|---|
| RELATIVITY HOLDINGS LLC | 26-3867052 |

**25. Pension Funds**

☒

None

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

DATE _____September 24, 2015_____    SIGNATURE  /s/ Luke S. Schaeffer _____

Name: Luke S. Schaeffer
Title: Deputy Chief Restructuring Officer

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]
Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571