**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

### GLOBAL NOTES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Relativity Fashion LLC, Relativity Holdings LLC, Relativity Media LLC ("**RML**") and their affiliated debtors and debtors in possession (collectively, the "**Debtors**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**" and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**SOFA**" and, collectively, the "**Statements**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**").

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals. The Schedules and Statements are unaudited. The Debtors' management and advisors have made reasonable efforts to ensure that they are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation; however, subsequent information or discovery may result in material changes to the Schedules and Statements and inadvertent errors or omissions may exist. The Debtors may, but shall not be required to, update the Schedules and Statements as a result of the discovery of such errors or omission or new information.

The Debtors reserve all rights to amend the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offset or defenses to any claim reflected on the Schedules and Statements as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 11 cases and specifically with respect to any issues involving any causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

**The Schedules, Statements and Notes (as defined below) should not be relied upon by any person for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

1.     **Description of the Cases.**  On July 30, 2015 (the "**Petition Date**"), the Debtors each commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On July 31, 2015, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order jointly administering these cases pursuant to Bankruptcy Rule 1015(b).  On August 7, 2015, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Committee**").

2.     **Purpose of Global Notes.** These *Global Notes Regarding the Debtors' Schedules and Statements* (the "**Global Notes**") are in addition to the specific notes set forth below with respect to the Schedules and Statements (the "**Specific Notes**" and, together with the Global Notes, the "**Notes**").  These Notes are incorporated by reference in and comprise an integral part of the Schedules and Statements and should be referred to and reviewed in connection with any review of the Schedules and Statements.

3.     **Methodology and Limitations.**

(a)     **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.  Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)     **Debtors' Consolidated Cash Management System.**  The Debtors use a centralized cash management system to streamline collection, transfer, and disbursement of funds generated by the Debtors' business operations.  The cash management system is operated and maintained by RML, as described, in detail, in the *Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing Continued Use of Existing Cash Management System, Bank Accounts and Business Forms, and Payment of Related Prepetition Obligations, (B) Waiving Certain Investment and Deposit Requirements on a Limited Basis, and (C) Authorizing Continued Engagement in Intercompany Transactions, and (D) According Administrative Expense Priority Status to all Postpetition Intercompany Claims* [Dk. 12].

(c)     **Confidential Information.**  In certain limited instances in the Schedules and Statements, the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts.  The Debtors have generally used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of an individual.  The Debtors will provide copies of the unredacted information to the U.S. Trustee, the Committee and any parties in interest who have a reasonable basis for review of such information.

(d)      **Net Book Value of Assets.**  The Debtors do not have current market valuations for all assets.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets.  Wherever possible net book values as of the Petition Date are presented. Otherwise, book values are provided as of June 30, 2015.  When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or whatever value was or may be ascribed).  Accordingly, the Debtors reserve all rights to amend, supplement, or adjust the asset values set forth in the Schedules and Statements.

(e)      **Liabilities.**  Unless otherwise indicated, all liabilities are listed as of the Petition Date.

(f)      **Currency.**  All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

(g)      **Payment of Prepetition Claims Pursuant to First Day Orders.**  The Court has entered orders authorizing, but not directing, the Debtors to, among other things, (a) pay prepetition employee wages and related items, including employee benefit programs and independent contractor obligations; (b) pay prepetition claims of certain critical vendors; (c) pay insurance obligations; (d) honor their prize obligations under their existing production agreements; and (e) pay prepetition residuals and participations. Where the Schedules list creditors and set forth the Debtors' scheduled amount attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date as adjusted for any payments made on account of such claims following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court.  The Debtors reserve the right to update the Schedules and Statements to reflect further payments made pursuant to the above referenced orders.

(h)      **Intercompany Transfers.**  The net balance of intercompany transactions between the Debtors, if any, is set forth on Schedule F or Schedule B16, as applicable. Intercompany transfers between Debtors are also captured on SOFA 3(c).  The listing in the Schedules or Statements by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records, and does not reflect any admission or conclusion of the Debtors regarding whether such amount should be allowed as a claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.

(i)      **Insiders.**  For purposes of the Schedules and Statements, the Debtors define insiders (in accordance with in section 101(31) of the Bankruptcy Code) as the Debtors' (a) current and former directors; (b) current and former senior level officers; (c) persons in control of the Debtors; (d) relatives of each of the foregoing; (e) affiliates of the Debtors, including equity holders holding 20% or more of the Debtors' voting securities and corporations of which the Debtors (or their major equity holders) hold 20% or more of voting securities; and (f) insiders of such affiliates, all to the extent known to the Debtors (each, an "**Insider**").  For purposes of determining the ownership percentage of each equity holder, the Debtors have looked at each holder individually, and have not

combined the ownership percentages of holders that are potentially related. The Debtors continue to investigate whether a holder's indirect holdings may cause such holder to exceed the 20% threshold and thus render such holder an "affiliate" as defined in the Bankruptcy Code, and will supplement these Schedules and Statements as necessary and appropriate.

4.    **Debtors' Reservation of Rights.**    Nothing contained in the Schedules, Statements, or the Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving equitable subordination, characterization or re-characterization of contracts, assumption or rejection of executory contracts under the provisions of chapter 3 of the Bankruptcy Code and causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any applicable non-bankruptcy laws to recover assets or avoid transfers.

(a)    Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute, or to assert setoff rights, counterclaims, or defenses to any claim reflected on its Schedules as to amount, liability, or classification, or to amend the Schedules and Statements to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

(b)    Listing a claim on the Debtors' Schedules as "secured" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to reclassify such claim or contract. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken. The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

(c)    Listing a claim on the Debtors' Schedules as "unsecured priority" does not constitute an admission by the Debtors of the legal rights of the claimant. The Debtors hereby expressly reserve the right to assert that any claim listed as an unsecured priority claim does not constitute an unsecured priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured nonpriority claim.

(d)    The Debtors' businesses are part of a complex enterprise. Although the Debtors have made reasonable efforts to ensure the accuracy of their Schedules and Statements, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on the Debtors' Schedules and Statements and to amend further or supplement the Schedules and Statements as necessary.

(e)    The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute or challenge the characterization or the structure of any

-4-

transaction, document, or instrument related to a creditor's claim. The placing of a contract or lease onto the Debtors' Schedules shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. The Debtors hereby expressly reserve the right to assert that any contract listed on the Debtors' Schedules does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code.

(f)     The Debtors used their reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments and other agreements. Where such Guarantees have been identified, they are included in the relevant Schedules. The Debtors placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other agreements may have been inadvertently omitted. Thus, the Debtors reserve their rights to amend or supplement the Schedules to the extent that additional Guarantees are identified. In addition, the Debtors reserve the right to amend the Schedules and statements to re-characterize or reclassify any such contract or claim.

### Specific Notes Regarding the Debtors' Schedules of Assets and Liabilities

1.      **Schedule A.**  The Debtors' ownership of real property is reported on Schedule A.  It does not include leasehold improvements, which are listed in Schedule B29.

2.      **Schedule B.**

   a.      **Schedule B1 and Schedule B2.**  Unless otherwise noted, the amounts shown are based on closing account balances as of the Petition Date.

   b.      **Schedule B3.**  Funds set aside as adequate assurance for utilities after the Petition Date pursuant to the *Debtors' Motion for Entry of an Order (I) Approving Debtors Proposed Form of Adequate Assurance of Payment to Utilities, (II) Establishing Procedures for Resolving Objections by Utility Companies, and (III) Prohibiting Utilities from Altering, Refusing, or Discontinuing Service* [Dk. 100] are not included.

   c.      **Schedule B9.**  The Debtors maintain certain insurance policies.  Additional information regarding the insurance policies listed on Schedule B9 is available in the *Motion to Authorize /Debtors' Motion for Entry of Interim and Final Orders (A) Authorizing, but not Directing, the Debtors to Continue Prepetition Insurance Coverage and Pay Prepetition Obligations Relating Thereto and (B) Authorizing, but not Directing, all Financial Institutions to Honor all Related Payment Requests* [Dk. 7].

   d.      **Schedule B13.**  Ownership interests in subsidiaries have been listed in Schedule B13 as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors, and likely differs significantly from their net book value.

   In addition, the Debtors have interests in various joint ventures that are incorporated and/or unincorporated businesses.  Interests in such joint interests are omitted from B13 and are identified on Schedule B14 instead.

   e.      **Schedule B16.**  The accounts receivable includes intercompany receivables, which are accounting allocations performed as part of the Debtors' centralized cash management system.

   f.      **Schedule B21.**  The omission of any counterclaim from Schedule B21 does not constitute a waiver of any such counterclaim.

   g.      **Schedule B22**.  The Debtors have not assigned value to, or identified the expiration date for, all of the trademarks, patents, copyrights and other intellectual property identified on Schedule B22.  The fair market value of such intellectual property is dependent on numerous variables and factors, and likely differs significantly from its net book value.

h.    **Schedule B23.**  The Debtors have not assigned value to the permits and licenses identified on Schedule B23.  The fair market value of such permits and licenses is dependent on numerous variables and factors, and likely differs significantly from their net book value.

3.    **Schedule D.**  The claims listed on Schedule D arose or were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each claim.  To the best of the Debtors' knowledge, all claims listed on Schedule D appear to have arisen or to have been incurred before the Petition Date.

Except as otherwise agreed or ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided in Schedule D are solely intended to be a summary, and not an admission, of liability.

Reference to the applicable loan agreements and/or security agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens.  Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits may not have been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreement should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant, deemed a modification or interpretation of the terms of such agreements, or considered a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

4.    **Schedule E.**  The claims listed on Schedule E arose or were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. To the best of the Debtors' knowledge, all claims listed on Schedule E appear to have arisen or to have been incurred before the Petition Date.

The Debtors reserve the right to assert any such claims are contingent, unliquidated and/or disputed, as applicable.  The Debtors have not listed on Schedule E any priority employee wage and/or benefit claims for which the Debtors have been granted authority (but not direction) to pay pursuant to an order from the Bankruptcy Court.  The Debtors believe that all such claims have been satisfied during these chapter 11 cases pursuant to the authority granted in the relevant order(s).

The Debtors reserve the right to assert that any claim listed on Schedule E does not constitute a priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured non-priority claim.

5.  **Schedule F.**  The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.  The claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of the date that each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive.  Therefore, the Debtors do not list a date for each claim listed on Schedule F.

Schedule F does not include certain balances including deferred liabilities, accruals, or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date.  The Debtors have made reasonable efforts to include as contingent, unliquidated and/or disputed the claim of any party not included on the Debtors' open accounts payable that is associated with an account that has accrual or receipt not invoiced.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs with respect to same.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain nonpriority unsecured claims pursuant to Bankruptcy Court orders.  To the extent practicable, each Debtor's Schedule F is intended to reflect the balance as of the Petition Date, as adjusted by any subsequent payment or satisfaction.  To the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule F.  Certain Debtors may pay additional claims listed on Schedule F during these chapter 11 cases pursuant to existing and/or further orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule F to reflect such payments or to modify the claims register to account for the satisfaction of such claims.  Certain claims listed on Schedule F may include amounts entitled to administrative priority pursuant to section 503(b)(9) of the Bankruptcy Code.

Schedule F contains information regarding pending litigation involving the Debtors.  In certain instances, the amount that is the subject of the litigation is uncertain or undetermined.  The dollar amount of potential claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.  The inclusion of any litigation in Schedule F or otherwise does not constitute an admission of liability alleged in such litigation.

In addition, although the Debtors have made reasonable efforts to attribute the Schedule F debt to the rightful Debtor entity, in certain instances, the Schedule F debt in fact, may

properly be against another Debtor entity.  Accordingly, the Debtors reserve all of their rights with respect to the attribution of the liabilities and reserve the right to amend the Schedules and Statements.

To the extent they are known, Schedule F represents the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease.  Additionally, Schedule F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

6.    **Schedule G.**    The Debtors' business is large and complex. Although the Debtors' existing records and information systems have been relied upon to identify and schedule executory contracts and unexpired leases and reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement Schedule G as necessary.  The contracts, agreements and leases listed therein may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements which may not be listed therein.

The presence of a contract or agreement on Schedule G does not constitute an admission as to the existence, validity or enforceability of the contract or agreement, or that such contract or agreement is an executory contract or unexpired lease, and the omission of a contract or agreement from Schedule G does not constitute an admission that a contract or agreement does not exist.  The presence of a contract or agreement on Schedule G does not constitute an admission.  The Debtors reserve all rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the rights to dispute or challenge the characterization or the structure of any transaction document or instrument.  Certain executory agreements may not have been memorialized in writing and could be subject to dispute.

Certain contracts included in Schedule G are confidential, and the Debtors have deemed it necessary and appropriate to redact from the public record certain information pertaining to such contracts.  The Debtors will provide copies of the unredacted information to the U.S. Trustee, the Committee and any parties in interest who have a reasonable basis for review of such information.

7.    **Schedule H.**    For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition secured credit facilities are listed as Co-Debtors on Schedule H.  The Debtors may not have identified certain Guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional Guarantees are identified or such Guarantees are discovered to have expired or be unenforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed and/or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on each Debtor's Schedule F and Statement 4(a), as applicable.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re: RELATIVITY FASHION, LLC                                      Case No. 15-11989 (MEW)
                                                                              Chapter 11

### SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtors assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtors liabilities. Individual debtors must also complete the Statistical Summary of Certain Liabilities and Related Data if they file a case under chapter 7, 11 or 13.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 7 | $2,215,611.09 | | |
| C - Property Claimed as Exempt | Not Applicable | Not Applicable | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of  Claims on Schedule E) | Yes | 2 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 2 | | $16,143.35 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Not Applicable | Not Applicable | | | $ |
| J - Current Expenditures of Individual Debtor(s) | Not Applicable | Not Applicable | | | $ |
| Total Number of Sheets of All Schedules - | | 16 | | | |
| Total Assets - | | | $2,215,611.09 | | |
| Total Liabilities - | | | | $16,143.35 | |

Pursuant to Rule 1009 of the Federal Rules of Bankruptcy Procedure, the Debtor hereby reserves the right to amend these schedules and statements from time to time and at any time to, among other things, correct errors and/or omissions, add or delete creditors, modify the amount and/or priority of claims, and identify claims as contingent, unliquidated, and/or disputed.

**In re: Relativity Fashion, LLC**                                        **Case No: 15-11989 (MEW)**

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant,community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claims in the property only in Schedule C- Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Schedule Totals: | | |

(Report also on Summary of Schedules)

In re: Relativity Fashion, LLC                                                    Case No: 15-11989 (MEW)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an 'X' in the appropriate position in the column labeled 'None.' If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W,","J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | SEE ATTACHED SCHEDULE B2 | | $25,804.80 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Schedule B Page 1

In re: Relativity Fashion, LLC                                                    Case No: 15-11989 (MEW)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C § 530(b)(1) or under a qualified state tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | SEE ATTACHED SCHEDULE B14 | | UNDETERMINED |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | SEE ATTACHED SCHEDULE B16 | | $2,189,806.29 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule A- Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | SEE ATTACHED SCHEDULE B23 | | UNKNOWN |

Schedule B Page 2

In re: Relativity Fashion, LLC                                                    Case No: 15-11989 (MEW)

## SCHEDULE B - PERSONAL PROPERTY
**(Continuation Sheet)**

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops-growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

4 Continuation sheet(s) attached          Total:          $2,215,611.09

(Include amounts from any continuation sheets attached. Report also on Summary of Schedules

**Schedule B Page 3**

# Relativity Fashion, LLC
# 15-11989 (MEW)

**B2. CHECKING, SAVINGS OR OTHER FINANCIAL  ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN  BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND  LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT  UNIONS, BROKERAGE HOUSES, OR COOPERATIVES.**

| NAME AND LOCATION | ACCOUNT TYPE | ACCOUNT NUMBER | TOTAL  AMOUNT | DESCRIPTION |
|---|---|---|---|---|
| CITY NATIONAL BANK<br>400 N. ROXBURY DRIVE<br>SUITE 300<br>BEVERLY HILLS, CA 90210 | CHECKING | XXXXX8401 | $25,804.80 | RELATIVITY FASHION OPERATING ACCOUNT |

Page Subtotals:    $25,804.80

**Schedule Totals:    $25,804.80**

# Relativity Fashion, LLC
# 15-11989 (MEW)

**B14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE.**

| COMPANY NAME | ADDRESS1 | ADDRESS2 | CITY/STAT/ZIP | COUNTRY | OWNERSHIP PERCENTAGE | TOTAL AMOUNT OF UNDISTRIBUTED PROFITS | DESCRIPTION |
|---|---|---|---|---|---|---|---|
| M3 FASHION ACCELERATOR GP, LLC | 9242 BEVERLY BOULEVARD | SUITE 300 | BEVERLY HILLS CA 90210 | | 70.0% | UNDETERMINED | FINANCING |

Page Subtotals: UNDETERMINED

**Schedule Totals: UNDETERMINED**

# Relativity Fashion, LLC
# 15-11989 (MEW)

**B16. ACCOUNTS RECEIVABLE.**

| TYPE OF RECEIVABLE | TOTAL AMOUNT | DESCRIPTION |
|---|---|---|
| INTERCOMPANY RECEIVABLE | $2,189,806.29 | INTERCOMPANY RECEIVABLE DUE FROM RELATIVITY MEDIA, LLC |

Page Subtotals:   $2,189,806.29

**Schedule Totals:   $2,189,806.29**

**Relativity Fashion, LLC**
**15-11989 (MEW)**

**B23. LICENSES, FRANCHISES, AND OTHER GENERAL  INTANGIBLES. GIVE PARTICULARS.**

| TYPE | TOTAL AMOUNT | DESCRIPTION |
|------|--------------|-------------|
| 3RD PARTY INTELLECTUAL PROPERTY LICENSES | UNKNOWN | CLEARANCES, CLIP LICENSES, MUSIC LICENSES |
| COPYRIGHT & TRADEMARKS | UNKNOWN | COPYRIGHTS AND TRADEMARKS USED IN SCREENPLAYS, MOTION PICTURES, TELEVISION SHOWS, OR DIGITAL PRODUCTIONS |
| DISTRIBUTION/NETWORK LICENSES | UNKNOWN | LICENSES TO DISTRIBUTE MOTION PICTURES, TELEVISION SHOWS, AND DIGITAL PRODUCTIONS IN DOMESTIC AND FOREIGN TERRITORIES |
| LOCATION AGREEMENTS | UNKNOWN | AGREEMENTS FOR FILMING LOCATIONS |
| TALENT, PERSONNEL, AND VENDOR AGREEMENTS | UNKNOWN | AGREEMENTS WITH INDIVIDUALS AND ENTITIES PROVIDING GOODS AND SERVICES IN CONNECTION WITH THE DEVELOPMENT, PRODUCTION, AND EXPLOITATION OF FILMS, TELEVISION SHOWS, OR DIGITAL PRODUCTIONS |

Page Subtotals:    UNKNOWN

**Schedule Totals:    UNKNOWN**

In re: Relativity Fashion, LLC                                    Case No: 15-11989 (MEW)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child' initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion , if Any"  on the Statistical Summary of Certain Liabilities and Related Data.

[X]   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

|  |  |
|---|---|
| Page Subtotals: | |
| Schedule Totals: | |
| | (Report also on Summary of Schedules) |  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

**In re: Relativity Fashion, LLC**                                        Case No: 15-11989 (MEW)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐   **Domestic Support Obligations:**   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐   **Extensions of credit in an involutary case:**   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507 (a)(3).

☒   **Wages, salaries, and commissions:**   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person, earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(4).

☐   **Contributions to employee benefit plans:**   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(5).

☐   **Certain farmers and fishermen:**   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a)(6).

☐   **Deposits by individuals:**   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐   **Taxes and certain other debts owed to governmental units:**   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507 (a)(8).

☐   **Commitments to maintain the capital of an insured depository institution:**   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor was Intoxicated:**   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

* Amounts are subject to adjustment on April 1, 2016, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

In re: Relativity Fashion, LLC                                    Case No: 15-11989(MEW)

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

WAGES, SALARIES, AND COMMISSIONS

**Type of Priority**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO: _____ EMPLOYEE-12822 | | | EMPLOYMENT CONTRACT | | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO: _____ EMPLOYEE-13302 | | | EMPLOYMENT CONTRACT | | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO: _____ EMPLOYEE-13635 | | | EMPLOYMENT CONTRACT | | X | | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO: _____ EMPLOYEE-13751 | | | EMPLOYMENT CONTRACT | | X | | UNKNOWN | UNKNOWN | UNKNOWN |

|  |  |  |  |
|---|---|---|---|
| Subtotal: (Total of this page) | $0.00 | $0.00 | $0.00 |
| (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) Totals: | $0.00 | ■■■■■ | ■■■■■ |
| (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) Totals: | ■■■■■ | $0.00 | $0.00 |

**In re: Relativity Fashion, LLC**                                    **Case No: 15-11989 (MEW)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| CARLI SCOTT<br>103 EAST 24TH ST.<br>BAYONNE, NJ 07002 | | | GENERAL TRADE | | | | $500.00 |
| EQUINOX HOLDINGS INC.<br>DBA EQUINOX FITNESS CLUBS<br>P.O. BOX 1774<br>NEW YORK, NY 10156 | | | GENERAL TRADE | | | | $195.00 |
| FEDERAL EXPRESS<br>PO BOX 7221<br>PASADENA, CA 91185 | | | GENERAL TRADE | | | | $1,053.60 |
| LOVE LARRY MEDIA, INC.<br>8 15TH ST.<br>EAST HAMPTON, NY 11937 | | | GENERAL TRADE | | | | $3,000.00 |
| MARQUART & SMALL, LLP<br>110 EAST 25TH ST.<br>NEW YORK, NY 10010 | | | GENERAL TRADE | | | | $1,500.00 |
| QUIK TRAK<br>267 W 17TH STREET 3RD FLOOR<br>NEW YORK, NY 10011 | | | GENERAL TRADE | | | | $94.75 |

Schedule F Page 1                                    Page Subtotals: $6,343.35

**In re: Relativity Fashion, LLC**                                      **Case No: 15-11989 (MEW)**

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
**(Continuation Sheet)**

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| RHYAN J. WOODS<br>9840 57TH AVE<br>APT 3K<br>CORONA, NY 11368 | | | GENERAL TRADE | | | | $350.00 |
| RYAN MICHAEL BEVANS<br>73-01 41ST AVE. #5C<br>WOODSIDE, NY 11377 | | | GENERAL TRADE | | | | $2,700.00 |
| STUDIO317, LLC FSO ELIZABETH LEMAY<br>815 SE GRANT ST.<br>PORTLAND, OR 97214 | | | GENERAL TRADE | | | | $6,750.00 |

Page Subtotals: $9,800.00

Schedule Totals: $16,143.35

(Report also on Summary of Schedules and, if applicable on the
Statistical Summary of Certain Liabilities and Related Data.)

**In re: Relativity Fashion, LLC**                                                    **Case No: 15-11989 (MEW)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R. Bankr. P. 1007(m).

☐       Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CANDY PRATTS PRICE<br>200 WEST 58TH STREET. 10 E<br>NEW YORK, NY 10019 | M3/RELATIVITY REPRESENATION DATED 11/6/2013 |
| INTENTIONALLY OMITTED | INTENTIONALLY OMITTED |
| HSN, INC.<br>ATTN: PRESIDENT<br>1 HSN DRIVE<br>ST. PETERSBURG, FL 33729 | STRATEGIC PARTNERSHIP AGREEMENT DATED 6/1/2015 RELATING TO HSN |
| KELLY WEARSTLER<br>ATTN: BRAD KORZEN<br>760 N LA CIENEGA<br>LOS ANGELES, CA 90069 | REPRESENTATION AGREEMENT |
| INTENTIONALLY OMITTED | INTENTIONALLY OMITTED |
| INTENTIONALLY OMITTED | INTENTIONALLY OMITTED |
| INTENTIONALLY OMITTED | INTENTIONALLY OMITTED |
| MR. HUMBERTO LEON<br>MS. CAROL LIM<br>202 CENTRE STREET<br>8TH FLOOR<br>NEW YORK, NY 10013 | M3 RELATIVITY REPRESENTATION |
| INTENTIONALLY OMITTED | INTENTIONALLY OMITTED |
| OCTOBER'S VERY OWN MERCHANDISING<br>OLIVER EL-KHATIB<br>166 CLINTON ST. (REAR) TORONTO<br>TORONTO, ON MSG Y23<br>CANADA | AMENDED AND RESTATED SERVICES AGREEMENT |
| INTENTIONALLY OMITTED | INTENTIONALLY OMITTED |
| INTENTIONALLY OMITTED | INTENTIONALLY OMITTED |
| INTENTIONALLY OMITTED | INTENTIONALLY OMITTED |
| INTENTIONALLY OMITTED | INTENTIONALLY OMITTED |

**In re: Relativity Fashion, LLC**                    **Case No: 15-11989 (MEW)**

### SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
**(Continuation Sheet)**

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| RICCARDO TISCI S.R.L. COMPANY<br>C/O LODOVICO SCOLARI<br>RAMAZZOTTI<br>NR. 20<br>SARONNO 21047<br>ITALY | M3/RELATIVITY REPRESENTATION DATED 9/18/2014 |

**In re: Relativity Fashion, LLC**                                    **Case No: 15-11989 (MEW)**

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts
listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community
property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico,
Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name
of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth,
or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement
of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address if the child's parent or guardian,
such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

[X] Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Schedule H Page 1

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

**In re: Relativity Fashion, LLC**

**Case No. 15-11989 (MEW)**
**Chapter 11**

### DECLARATION CONCERNING DEBTOR'S SCHEDULES
#### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Luke S. Schaeffer, the Deputy Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 17 sheets [total shown on summary page plus 1], and that they are true and correct to the best of my knowledge, information and belief.

Date: _____September 24, 2015_____    Signature: ___/s/ Luke S. Schaeffer_____

Name: Luke S. Schaeffer
Title: Deputy Chief Restructuring Officer

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.