**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**HEARING DATE: NOVEMBER 10TH, 2015**
**HEARING TIME: 11:00 A.M.**

| | |
|---|---|
| IN RE: § § § § **RELATIVITY FASHION LLC, ET AL.** § § **DEBTORS.** § § § § § § | **MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)(1)** CASE NO. 15-11989 (MEW) (CHAPTER 11) (JOINTLY ADMINISTERED) |

COMES NOW Jane Doe I, Jane Doe II and Jane Doe III ("Plaintiff"), creditors and parties-in-interest in the above-referenced case, and hereby file, by and through its undersigned counsel, this Motion for Relief from the Automatic Stay Pursuant to § 362(d) (the "Motion"). In support thereof, Plaintiffs respectfully represent as follows:

## I.
## PRELIMINARY STATEMENT

1. Plaintiffs have fraud and personal injury tort claims against Defendants Long Pond Media, LLC & Relativity Media LLC("Defendants"), the debtors in this chapter 11 case. Plaintiffs' claims are the result of fraudulent misrepresentation and willful and malicious injury by Defendants to Plaintiffs and are non-dischargeable. Adjudication of Plaintiffs' claims is a non-core matter over which Plaintiffs do not consent to entry of final judgment by the Bankruptcy Court, and Plaintiffs are entitled to a trial by jury and do not consent to such trial being conducted by the Bankruptcy Court. Because Plaintiffs' claims are non-

dischargeable and must be liquidated in a forum other than the Bankruptcy Court, cause exists pursuant to § 362(d)(1) to lift the automatic stay to allow Plaintiffs' claims against Defendants to be liquidated in the State Court Action.

## II.
## JURISDICTION

2.   This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (G). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This Court has authority to grant the relief requested pursuant to §§ 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code"). [1]

## III.
## BACKGROUND

A.   CLAIMS

3.   As more fully described in Plaintiff's Complaint Opposing Discharge Claims, (Adv. Proc. No. 15-01354-mew , Docket No. 1) (the "Dischargeability Complaint"), a copy of which is attached hereto as Exhibit A, Television series "8 Minutes" is an A&E "reality" show that was produced by Defendant LONG POND MEDIA NETWORKS LLC & RELATIVITY MEDIA, LLC for A&E TELEVISION NETWORKS LLC in late 2014 and early 2015. The show was filmed in Houston and Defendants sought out women advertising on escort websites to appear for interviews on the show. Plaintiffs Jane Doe I, Jane Doe II and Jane Doe III were contacted by the agents and/or employees of the Defendants to procure their parties attendance on the show that by appearing on the show Defendants would provide

---

[1] Unless otherwise noted herein, all section (§) references are to the Bankruptcy Code.

them the ability to abandon sex work and would provide housing, medical and mental health care, educational, employment, legal and rehabilitation assistance. Plaintiffs were also informed that their faces would be blurred during the airing of the nationally broadcast television program. After filming the show the Defendants failed to provide any assistance nor blur out the faces of Jane Doe II and Jane Doe III[2] faces during nationally televised broadcast of the show.

B.  THE STATE COURT ACTION

4.  In response to the fraudulent misrepresentation and personal injury torts committed against Plaintiffs by Defendants, Plaintiffs brought suit against Defendants. On September 25, 2015, Plaintiffs Jane Doe I, Jane Doe II and Jane Doe III brought suit against Defendants Long Pond Media, LLC & Relativity Media LLC, as well as the A&E Television Networks LLC, in the District Court for the 133rd Judicial District in Harris County, Texas (the "State Court").

5.  On, September 29, 2015, Defendants Long Pond Media, LLC & Relativity Media LLC filed a Notice of Suggestion of Bankruptcy notifying the court that Defendants had filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code on July 30, 2015. As a result of Defendants' chapter 11 petition, the action in the State Court is stayed. Plaintiffs' claims (the "Claims") against Defendants are non-dischargeable as a result of Defendants' willful and malicious conduct that has injured Plaintiffs. Plaintiffs

---

[2] While Jane Doe I was promised her face would be blurred out, no episode featuring Jane Doe I aired as the series cancelled mid-season when the revelation of Defendants deceptive and fraudulent conduct sparked national outrage

oppose the discharge of the Claims under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6).

C. THE DISCHARGEABILITY ACTION

7. Plaintiffs' Claims against Defendants are non-dischargeable as a result of Plaintiffs' willful, malicious and fraudulent conduct that has injured Plaintiffs. Plaintiffs oppose the discharge of the Claims under 11 § 523(a)(2)(A) and 11 U.S.C. § 523(a)(6) by filing the Dischargeability Complaint. Plaintiffs' Claims are unliquidated and therefore, the Claims need to be liquidated by a court of competent jurisdiction.

### IV.
### RELIEF REQUESTED

8. By this Motion, the Plaintiff respectfully requests that this Court (a) authorize relief from the automatic stay pursuant to § 362(d)(1) so that the Claims may be liquidated in the State Court Action and (b) waive the 14-day stay on the relief requested herein pursuant to Bankruptcy Rule 4001(a)(3).

9. By this Motion, the Plaintiff respectfully requests that this Court (a) authorize relief from the automatic stay pursuant to § 362(d)(1) so that the Claims may be liquidated in the District Court Action and (b) waive the 14-day stay on the relief requested herein pursuant to Bankruptcy Rule 4001(a)(3).

### V.
### BASIS FOR RELIEF

10. Bankruptcy Code section 362(d)(1) provides the basis for granting relief from the automatic stay. Specifically, section 362(d)(1) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by

terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest. 11 U.S.C. § 362(d)(1).

11. The Bankruptcy Code does not define "cause," and § 362(d)(1) affords "flexibility to the bankruptcy courts" in determining whether cause exists. *See In re Mirant*, 440 F.3d 238 (5th Cir. 2006) (citing *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986)); *see also In re Continental Air Lines, Inc.*, 61 B.R. 758, 780 (S.D. Tex. 1986) ("In sum, a bankruptcy court must be guided by equitable principles in exercising its discretion to enforce or modify the automatic stay."). Regardless of the form of "cause" asserted by the moving party, the debtor has the ultimate burden of showing that cause does not exist to justify lifting the automatic stay. 11 U.S.C. § 362(g). If the debtor cannot meet its burden, the creditor must be granted relief from the automatic stay. *Id.*

13. Here, as set forth in detail below, the Plaintiffs believe Defendants will be unable to meet their burden to demonstrate that cause does not exist. The Claims are not dischargeable and need to be liquidated. Because the Claims are fraudulent misrepresentation and personal injury tort claims for which Plaintiffs are entitled to a jury trial and do not consent to the Bankruptcy Court (a) entering final orders on the Claims or (b) conducting the jury trial, the State Court is the only plausible forum in which to liquidate the Claims.

A. CAUSE EXISTS TO LIFT THE AUTOMATIC STAY BECAUSE THE PLAINTIFFS' CLAIMS CANNOT BE LIQUIDATED IN THE BANKRUPTCY COURT.

14. Cause also exists to lift the automatic stay because the Claims cannot be liquidated in the Bankruptcy Court. Plaintiffs' Claims are "fraudulent misrepresentation" and "personal

injury tort" claims that the Plaintiffs' require adjudication by a jury. This presents two impediments to the Claims being liquidated in the Bankruptcy Court.

15. First, because the Claims are fraudulent misrepresentation and personal injury tort claims, such claims are non-core matters. See 28 U.S.C. § 157 (b)(2)(B). As such, the Bankruptcy Court may not render final judgment on the Claims absent the consent of all parties. See 28 U.S.C. § 157(c)(1).[3] Because Plaintiffs do not consent to the Bankruptcy Court entering final judgment, the State Court will, at a minimum, need to review the record de novo and render final judgment. *Id.* Given that (a) the State Court must review the record de novo, and (b) the Claims are already pending before the State Court in the State Court Action, judicial economy suggests the Claims should be tried in the State Court in the first instance.

16. Second, Plaintiff requires a jury to adjudicate the Claims. Plaintiff does not consent to the Bankruptcy Court conducting the jury trial. Therefore, the Claims cannot be adjudicated in the Bankruptcy Court. See 28 U.S.C. § 157(e) (requiring express consent of all parties). Because the Claims must be liquidated, and such liquidation cannot occur in the Bankruptcy Court, the cause exists to lift the automatic stay to permit liquidation of the Claims in the court in which such claims are already pending—the State Court.

**VI**
**NO PRIOR REQUEST**

---

[3] It is unclear whether the Bankruptcy Court would have jurisdiction to render a final judgment even with the consent of all parties. *See Executive Benefits Ins. Agency v. Arkison*, 573 U.S. ___ (2014), No. 12-1200, June 9, 2014, n. 4 ("this case does not require us to address . . . whether Article III permits a bankruptcy court, with the consent of the parties, to enter final judgment on a *Stern* claim. We reserve that question for another day.").

17. No previous request for the relief sought in this Motion has been made to this or any other court.

## VII
## WAIVER OF 4001(a)(3)

18. Bankruptcy Rule 4001(a)(3) states that "an order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed R. Bankr. P. 4001(a)(3) (emphasis added). The Plaintiffs respectfully requests that the 14-day stay imposed by Bankruptcy Rule 4001(a)(3) be waived so, should the relief requested herein be granted, the Plaintiffs may immediately continue liquidation of the Claims in the State Court Action.

## VIII.
## CONCLUSION

WHEREFORE, the Plaintiffs respectfully requests that the Court enter an order substantially in the form of the proposed order attached hereto as Exhibit B, (a) authorizing relief from the automatic stay, pursuant to § 362(d), so that the Plaintiffs may continue liquidating the Claims in the State Court Action, (b) waiving the 14-day stay on the relief requested herein pursuant to Bankruptcy Rule 4001(a)(3), and (c) granting such other and further relief as the Court deems justified in law or equity.

Respectfully submitted,

**mathias** civil justice pllc

_____

Damon Mathias         (*pro hac vice*)
Illinois ARDC: 6315558
233 S. Wacker, Suite 9820
Chicago, Illinois 60606
Telephone: 312-738-5323
Facsimile:  312-738-5323
Email: damon@mcjlegal.com