Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel: (212) 326-3939
Fax: (212) 755-7306

- and -

Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-8701

*Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION TO SHORTEN TIME FOR NOTICE
OF THE HEARING TO CONSIDER THE DEBTORS' MOTION
FOR AN ORDER MODIFYING FINAL ORDER PURSUANT TO
SECTIONS 105, 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY
CODE (I) AUTHORIZING DEBTORS TO OBTAIN SUPERPRIORITY SECURED
DEBTOR-IN-POSSESSION FINANCING, (II) AUTHORIZING DEBTORS
TO USE CASH COLLATERAL, (III) GRANTING ADEQUATE PROTECTION
TO THE CORTLAND PARTIES, AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

NAI-1500580117v7

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J&J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

Relativity Fashion, LLC, and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"), hereby submit this motion (the "**Motion**"), by and through their undersigned proposed counsel, for the entry of an order, substantially in the form attached hereto as Exhibit A, shortening the time for notice of the hearing to consider the *Debtors' Motion for an Order Modifying Final Order Pursuant to Sections 105, 361, 362, 363, 364, and 507 of the Bankruptcy Code (I) Authorizing Debtors to Obtain Superpriority Secured Debtor In Possession Financing (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to the Cortland Parties, and (IV) Granting Related Relief* (the "**DIP Modification Motion**"), filed concurrently herewith, and requesting that the hearing thereon be held on **October 20, 2015 at 11:00 a.m. (Prevailing Eastern Time)**. In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are: section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"); Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rule 9006-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## Background

3. On July 30, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

4.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for appointment of a trustee or examiner has been made in these chapter 11 cases.

5.  On August 7, 2015, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (Docket No. 114) (the "**Creditors' Committee**").

6.  Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the Declaration of Brian G. Kushner Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of Chapter 11 Petitions and First Day Pleadings, dated July 30, 2015 (Docket No. 14).

7.  On August 27, 2015, the Court entered a final order (Docket No. 342) (the "**Final DIP Order**") authorizing the Debtors to obtain $49,500,000 in postpetition debtor-in-possession financing (the "**Original DIP Facility**") from certain of the Debtors' prepetition secured lenders (the "**Original DIP Lenders**") pursuant to the DIP Credit Agreement (as defined in and amended by the Final DIP Order) (Docket No. 48, Ex. 2), which amount has been fully drawn. Under paragraph 25 of the Final DIP Order, "notice of any material modification or amendment . . . shall be permitted only pursuant to an order of the Bankruptcy Court, **which order may be sought on an expedited basis**." Final DIP Order, ¶ 25 (emphasis added). The amount which shall be outstanding under the Original DIP Facility following the modification sought by the DIP Modification Motion will be $35,000,000.

8.  On October 6, 2015, the Court entered the *Order (A) Approving the Sale of Substantially All of the Debtors' Television Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and*

*Unexpired Leases, and (C) Granting Related Relief* (Docket No. 768) (the "**Sale Order**"), authorizing the Debtors to sell their television business (the "**TV Business**") to RM Bidder, LLC, an entity formed by the Original DIP Lenders. The sale is intended to close on October 20, 2015 pursuant to the Third Amended and Restated Asset Purchase Agreement, dated as of October 4, 2015 (Docket No. 763) (as amended, the "**APA**").

9. Also on October 6, 2015, the Court so ordered the *Stipulation and Agreed Order* (Docket No. 769) (the "**Stipulation**") between (a) the Debtors, (b) the Original DIP Lenders, (c) the Manchester Parties (as defined in the Stipulation), and (d) Ryan Kavanaugh, which was also signed by the Creditors' Committee (collectively, the "**Parties**"). The Stipulation represents one piece of a global agreement between the Parties to provide the Debtors with an opportunity to reorganize their business around their non-TV Business Assets (the "**Global Agreement**").

10. Pursuant to the term sheet attached to the *Notice of Presentment of Stipulation and Agreed Order* (Docket No. 738, Ex. 1) (the "**TLA/TLB Term Sheet**"), Heatherden Securities LLC, a Delaware Limited Liability Company ("**Heatherden**") has agreed to purchase the Original DIP Facility, as modified to $35,000,000, from the Original DIP Lenders for $35,000,000 as part of the Global Agreement. More specifically, the TLA/TLB Term Sheet states, among other things, that the closing of this Transaction, as defined in the TLA/TLB Term Sheet, "will occur no later than October 20, 2015." TLA/TLB Term Sheet, Ex. 1.

11. Thus, the Debtors seek Court approval to file this Motion on shortened notice to comply with the terms of the TLA/TLB Term Sheet, which requires the modification of the Final DIP Order on or before October 20, 2015.

**Relief Requested**

12. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, shortening the notice period required by Local Rule 9006-1(b) with

respect to the DIP Modification Motion by scheduling the hearing to consider the DIP Modification Motion on **October 20, 2015 at 11:00 a.m. (prevailing Eastern Time)**.

### Basis for Relief

13. Section 105 of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

14. Under Local Rule 9006-1(b), all motions "shall be served at least fourteen (14) days before the return date," except as otherwise ordered by the Court or required by the Bankruptcy Rules. Pursuant to Bankruptcy Rule 9006(c) and Local Rule 9006-1(b), the Court may, in its discretion, order a shortened notice period. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *In re Landmark Park Plaza Ltd. P'ship,* 167 B.R. 752, 758 (Bankr. D. Conn. 1994) (shortening time for notice of a hearing on a creditor's proposed plan and disclosure statement where simultaneous exposure to two rival plans was in the best interest of creditors); *United States v. Air Line Pilots Ass'n, Int'l*, 1993 WL 559245, at *7 (Bankr. D. Del. June 22, 1993) (finding that the bankruptcy court did not abuse its discretion by holding the hearing on the joint fee motion on only six days' notice under Bankruptcy Rule 9006(c), rather than on 20 days' notice as required under Bankruptcy Rule 2002(a)(7)).

15. Here, the Debtors submit cause exists to seek the relief sought in the DIP Modification Motion under a shortened notice period. The Debtors propose providing parties in interest with at least 3 days' notice of the negotiated modifications to the Final DIP Order for those who will receive notice by electronic mail. The Debtors otherwise will provide notice to recipients

by overnight mail to be received by October 19, 2015, which is one day prior to the October 20, 2015 hearing.

16.     Modifying the Final DIP Order on or before October 20, 2015 is required by the TLA/TLB Term Sheet and is essential to the Global Agreement, which the Debtors believe will maximize the value of the their estates. The Global Agreement will minimize future litigation and will allow the Debtors to proceed on a path towards reorganization with the support of the Parties.

17.     The Debtors do not believe that the shortened notice period will unduly prejudice any party in interest. The Debtors are seeking to implement the steps explicitly stated at the October 5, 2015 hearing regarding the sale of the TV Business, including their intent to modify the Final DIP Order on or before October 20, 2015. In addition, the Proposed Changes relax a number of terms and covenants with respect to the Final DIP Order and underlying credit agreements. Moreover, the Final DIP Order explicitly contemplates such a modification by motion on an expedited basis. Final DIP Order, ¶ 25. Based on the foregoing, the Debtors believe the shortened notice period for entry of a modified Final DIP Order is sufficient and appropriate.

## Notice

18.     No trustee or examiner has been appointed in these chapter 11 cases. The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the counsel to the Creditors' Committee; (c) counsel to the agent (and if there is no agent, counsel to the lender(s)) under each of the Debtors' pre-petition financing facilities; (d) counsel to the agent under the Debtors' post-petition financing facility; (e) the United States Securities and Exchange Commission; (f) the Internal Revenue Service, and (g) all parties entitled to notice pursuant to Local Rule 9013-1(b). In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this or any other court.

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief sought herein, substantially in the form attached hereto as Exhibit A, and granting such other and further relief as may be just and proper.

Dated: October 17, 2015
       New York, New York     **JONES DAY**

                By: /s/ Bennett L. Spiegel

Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
222 East 41st Street
New York, NY 10017
Tel: (212) 326-3939
Fax: (212) 755-7306
E-mail: rlwynne@jonesday.com
        blspiegel@jonesday.com
        lsinanyan@jonesday.com

-and-

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: cwolfe@sheppardmullin.com
        mcademartori@sheppardmullin.com
        bwolfe@sheppardmullin.com

*Co-Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RELATIVITY FASHION, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 15-11989 (MEW)<br><br>(Jointly Administered) |

**ORDER GRANTING THE MOTION TO SHORTEN TIME
FOR NOTICE OF THE HEARING TO CONSIDER THE DEBTORS'
MOTION FOR AN ORDER MODIFYING FINAL ORDER PURSUANT
TO SECTIONS 105, 361, 362, 363, 364, AND 507 OF THE BANKRUPTCY
CODE (I) AUTHORIZING DEBTORS TO OBTAIN SUPERPRIORITY SECURED
DEBTOR-IN-POSSESSION FINANCING, (II) AUTHORIZING DEBTORS
TO USE CASH COLLATERAL, (III) GRANTING ADEQUATE PROTECTION
TO THE CORTLAND PARTIES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**") for the entry of an order shortening the time for notice of the hearing to consider the *Debtors' Motion for an Order Modifying Final Order Pursuant to Sections 105, 361, 362, 363, 364, and 507 of the Bankruptcy Code (I) Authorizing Debtors to Obtain Superpriority Secured Debtor In Possession Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to the Cortland Parties, and (IV) Granting Related Relief* (the "**DIP Modification Motion**") with respect to modifying the Final DIP Order such that the hearing can be held on October 20, 2015 at 11:00 a.m. (Prevailing Eastern Time); and it appearing that this Court has jurisdiction to consider the Motion pursuant to

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

[2] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

NAI-1500580117v7                        -1-

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J&J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558).  The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED as set forth herein.

2.     Pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006(c) and Local Rule 9006-1(b), the hearing on the DIP Modification Motion in connection with the modification of the Final DIP Order shall be held on October 20, 2015 at 11:00 a.m. (Prevailing Eastern Time).

3.     Any objections to entry of the DIP Modification Order shall be due at the hearing on October 20, 2015 at 11:00 a.m. (prevailing Eastern Time).

4.     The Debtors shall have effected service of the DIP Modification Motion, the objection deadline relating thereto, and the hearing thereon by electronic mail on October 17, 2015 to parties entitled to notice who receive notice by electronic mail, and the Debtors shall have provided such notice by overnight mail to parties entitled to notice who do not receive notice by electronic mail, as such service is required under the Bankruptcy Rules and in accordance with the *Order Authorizing the Establishment of Certain Notice, Case Management and Administrative Procedures* (Docket No. 185) (the "**Case Management Order**"). Proper and adequate notice of the

DIP Modification Motion, the objection deadline relating thereto, and the hearing thereon has been given and no other or further notice is necessary.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The requirements set forth in Local Rule 9013-1(b) are satisfied.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
         _____, 2015

> THE HONORABLE MICHAEL E. WILES
> UNITED STATES BANKRUPTCY JUDGE