**Presentment Date and Time: October 30, 2015 at 12:00 p.m. (ET)**
**Objection Deadline: October 30, 2015 at 11:30 a.m. (ET)**

Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701

- and -

Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306

*Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 501 AND 502(b)(9),**
**FED. R. BANKR. P. 2002 AND 3003(c)(3), AND LOCAL RULE 3003-1**
**FOR ENTRY OF AN ORDER (I) ESTABLISHING DEADLINES FOR FILING**
**PROOFS OF CLAIM AND PROCEDURES RELATING THERETO**
**AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Relativity Fashion, LLC and its affiliated debtors and debtors in possession in these

chapter 11 cases (collectively, the "**Debtors**"), hereby submit this motion (the "**Motion**"), for

entry of order (i) establishing deadlines for filing proofs of claim and procedures relating thereto

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

and (ii) approving form and manner of notice thereof.  In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. § 1409.

2.      The statutory predicates for the relief requested herein are sections 501 and 502(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 3003-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), and the United States Bankruptcy Court for the Southern District of New York's Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim, updated as of May 11, 2015 (the "**Guidelines**").

### Background

3.      On July 30, 2015 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

4.      On August 3, 2015, the Court entered an order authorizing the Debtors' application to employ and retain Donlin, Recano & Company, Inc. ("**Donlin Recano**") as the Debtors' claims and noticing agent in these chapter 11 cases [Dk. 84].

5.      On August 7, 2015, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors [Dk. 114] (the "**Creditors' Committee**").

6.      The Debtors' Schedules of Assets and Liabilities (the "**Schedules**") and Statements of Financial Affairs (the "**SOFAs**") were filed on September 25, 2015 and September

26, 2015.  As filed, Schedule E, Schedule G and SOFA Question 3 include certain redactions to protect information that the Debtors regard as commercially sensitive and/or to protect the privacy of certain individuals.

7.      The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for appointment of a trustee or examiner has been made in these chapter 11 cases.

8.      Additional factual background relating to the Debtors' businesses and the commencement of these chapter 11 cases is set forth in detail in the *Declaration of Dr. Brian G. Kushner Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of Chapter 11 Petitions and First Day Pleadings*, filed on July 30, 2015 [Dk. 14].

### Relief Requested

9.      By this Motion, pursuant to sections 501 and 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), Local Rule 3003-1, and the Guidelines, the Debtors respectfully request that the Court:

   a.     establish **December 9, 2015** at **5:00 p.m. (Eastern Time)** as the deadline for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts) to file a proof of claim (each a "**Proof of Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors (the "**General Bar Date**");

   b.     establish **January 26, 2016** at **5:00 p.m. (Eastern Time)** as the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**") to file a Proof of Claim in respect of a prepetition claim against any of the Debtors (the "**Governmental Bar Date**");

c.    establish the date by which each person or entity must file a Proof of Claim relating to the Debtors' rejection of executory contracts or unexpired leases in these cases (the "**Rejection Bar Date**");

d.    establish the date by which each person or entity must file a Proof of Claim as a result of the Debtors' amendment of their Schedules (the "**Amended Schedule Bar Date**", and together with the General Bar Date, the Governmental Bar Date, and the Rejection Bar Date, the "**Bar Dates**");

e.    approve the proposed procedures for filing Proofs of Claim;

f.    approve the proposed procedures for notice of the Bar Dates, including, among other things, the form of notice (the "**Bar Date Notice**"), substantially in the form annexed as <u>Exhibit 1</u> to the proposed order attached hereto as <u>Exhibit A</u> (the "**Proposed Order**"), and the form of notice to creditors whose information was redacted in the Debtors' Schedules (the "**Notice of Redacted Information**"), substantially in the form annexed as <u>Exhibit 2</u> to the Proposed Order; and

g.    approve the proposed Proof of Claim form (the "**Proof of Claim Form**"), substantially in the form annexed as <u>Exhibit 3</u> to the Proposed Order.

<u>**The Bar Dates**</u>

10.    Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the deadline by which proofs of claim against a debtor must be filed. Specifically, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in a debtors' schedules or (b) is included in the schedules as disputed, contingent, or unliquidated, must file a proof of claim by a bar date fixed by the Court. Bankruptcy Rule 3003(c)(2) further provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2).

11.    Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. §502(b)(9).

12.     The Local Rules and Guidelines require that all requests for orders to establish deadlines for filing proofs of claim conform substantially to the standard form of order and notice set forth in the Guidelines.

13.     Based on the procedures set forth below which comport with the Local Rules and Guidelines (collectively, the "**Procedures**"), the proposed Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim against the Debtors.

### The Proposed Procedures for Filing Proofs of Claim

14.     The Debtors propose the following Procedures for filing Proofs of Claim:

a.     Unless otherwise provided herein, the General Bar Date shall be **December 9, 2015** at **5:00 p.m. (Eastern Time)**.

b.     Unless otherwise provided herein, the Governmental Bar Date shall be **January 26, 2016** at **5:00 p.m. (Eastern Time)**.

c.     Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States measured as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Proof of Claim Form annexed to the Proposed Order;[2] (iv) specify by name and case number of the Debtor against whom the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

d.     If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each such Debtor.

e.     Proofs of Claim must be filed either (i) by delivering the original Proof of Claim form by hand, (ii) mailing the original Proof of Claim form, or (iii) filing the Proof of Claim electronically on the Court's Case Management/ Electronic Case File ("**CM/ECF**") system with the use of a

---

[2]  The Proof of Claim Form is based on Official Bankruptcy Form No. 10, which can be found at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim, the Official Website for the United States Bankruptcy Courts.  The Proof of Claim Form can also be obtained on the website established by Donlin Recano in these chapter 11 cases, https://donlinrecano.com/Clients/rm/Static/POC.

CM/ECF account, so that it is received on or before the applicable Bar Date as follows:

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Relativity Fashion, LLC, et al.
P.O. Box 199012
Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Relativity Fashion, LLC, et al.
6201 15th Avenue
Brooklyn, NY 11219

or

**If Proof of Claim is sent by Hand Delivery, send to:**

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, NY 10004-1408

f.      A Proof of Claim shall be deemed timely filed only if it is (i) **actually received** by Donlin Recano or the Court at the address listed in subparagraph (e) above, or (ii) filed electronically on the Court's CM/ECF system with the use of a CM/ECF account, on or before the applicable Bar Date.

g.      Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically on the Court's CM/ECF system with the use of a CM/ECF account) **will not** be accepted.

h.      Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the Rejection Bar Date, which is the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection (which order may be the order confirming a chapter 11 plan in the Debtors' cases).  Failure to do so will result in the person or entity being forever barred from doing so.

i.      Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in paragraph (l) below applies.

j.      In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of the Proposed Order, the Debtors shall give notice of any such amendment or supplement to the holders of those claims or interests affected by such amendment or supplement within ten (10) days after filing such amendment or supplement.  Any such holder must file a Proof of Claim based on such amendment on or before the Amended Schedule Bar Date, which is the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days following the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant.

k.      Subject to the exceptions listed in paragraph (l) below, the following persons or entities are required to file a Proof of Claim on or before the applicable Bar Date:

(1)     any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and (ii) that desires to vote on any chapter 11 plan or plans that may be proposed in any of these bankruptcy cases or share in any distribution that may be made in any of these bankruptcy cases; and

(2)     any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

l.      The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

(1)     any person or entity whose claim is listed on the Schedules; provided that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against whom the claim is listed in the Schedules;

(2)     any person or entity whose claim has been paid in full;

(3)    any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures;

(4)    any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(5)    any person or entity that holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

(6)    any holder of a claim for which a separate deadline has been fixed by this Court;

(7)    any person or entity who properly filed a Proof of Claim substantially in accordance with these Procedures against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or Official Form No. 10 prior to entry of the Proposed Order;

(8)    professionals retained by the Debtors or the Creditors' Committee pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c);

(9)    any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; or

(10)    any Debtor having a claim against another Debtor.

### <u>Consequences of Failure to File a Proof of Claim</u>

15.    Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to file a Proof of Claim by the Bar Date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Accordingly, the Debtors

request that any holder of a claim against any of the Debtors that is required to file a Proof of

Claim pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Proposed Order, but fails to

do so on or before the applicable Bar Date, should be forever barred, estopped and enjoined,

absent a court order that provides otherwise, from:  (a) asserting any claim against the Debtors or

their estates or property that (i) exceeds the undisputed, noncontingent and liquidated amount, if

any, identified in the Schedules on behalf of such entity or (ii) is of a different nature or

classification than any claim identified in the Schedules on behalf of such entity (any such claim

an "**Unscheduled Claim**"); or (b) voting upon any chapter 11 plan in these chapter 11 cases or

receiving distributions under any chapter 11 plan in these chapter 11 cases in respect of an

Unscheduled Claim.

<u>**Notice of the Bar Dates**</u>

16.      Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l), and the Guidelines, the

Debtors propose to provide the proposed Bar Date Notice and the Proof of Claim Form, as may

be amended by the Court, within three (3) business days of entry of the Proposed Order by

causing them to be mailed to the following parties:

    a.      the U.S. Trustee;

    b.      the attorneys for the Creditors' Committee and any other statutory
            committees appointed in the Debtors' chapter 11 cases;

    c.      all creditors and other known holders of claims at the address known by
            the Debtors and maintained in the Debtors' books and records, or as
            provided in a notice of appearance and request for service of paper, or as
            updated pursuant to a request by the creditor or by returned mail from the
            post office with a forwarding address;

    d.      all parties actually known to the Debtors as having potential claims against
            any of the Debtors at the address maintained in the Debtors' books and
            records;

    e.      all counterparties to the Debtors' executory contracts and unexpired leases
            at the addresses stated therein or as updated pursuant to a request by the

counterparty or by returned mail from the post office with a forwarding address;

f.     all parties to pending litigation against the Debtors (as of the date of the entry of the Proposed Order);

g.     the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable Governmental Units;

h.     all persons or entities that have filed claims (as of the date of the entry of the Proposed Order);

i.     all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of the entry of the Proposed Order);

j.     all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of the Proposed Order); and

k.     such additional persons and entities as deemed appropriate by the Debtors.

17.     The Debtors shall also post the Proof of Claim Form and the Bar Date Notice on the website established by Donlin Recano for the Debtors' cases: https://www.donlinrecano.com/Relativity.

18.     After the initial mailing of the Bar Date Notice and Proof of Claim Form, the Debtors anticipate that it may be appropriate to make supplemental mailings of notices in a number of situations, including in the event that (a) notices are returned by the post office with forwarding addresses (unless notices are returned as "return to sender" without a forwarding address, in which case the Debtors should not be required to mail additional notices to such creditors), (b) certain parties acting on behalf of parties-in-interest decline to pass along notices to such interested parties and instead return such interested parties' names and addresses to the Debtors for direct mailing by the Debtors, and (c) additional potential claimants subsequently become known to the Debtors as a result of the Bar Date noticing process or otherwise.

19.     In this regard, the Debtors request that the Court permit them, with the assistance of Donlin Recano, to make supplemental mailings of the Bar Date Notice and Proof of Claim

Form in these and similar circumstances at any time in advance of the Bar Date, with any such mailings being deemed timely and the relevant Bar Date being applicable to recipient creditors. The Debtors believe that these proposed supplemental mailings will help provide actual notice to known creditors wherever practicable, while at the same time preserving the integrity of the applicable Bar Date.

20.      The Debtors also respectfully assert that the proposed Bar Date Notice conforms to the form annexed to the Guidelines. Specifically, the Bar Date Notice will notify creditors of:

a.      the Bar Date;

b.      who must file a Proof of Claim;

c.      the Procedures for filing a Proof of Claim;

d.      the consequences of failing to timely file a Proof of Claim; and

e.      where parties can find further information.

21.      The Debtors intend to supplement the Bar Date Notice by providing notice by publication consistent with the Guidelines and Bankruptcy Rule 2002(l). *See* Fed R. Bankr. P. 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice.").  Such notice is appropriate for (i) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (ii) known creditors with addresses unknown by the Debtors; and (iii) creditors with potential claims unknown by the Debtors.  Accordingly, the Debtors propose to publish the Bar Date Notice, with any necessary modifications for ease of publication, once in the international edition of *The Wall Street Journal* and once in *Variety*, as an industry-specific publication, at least twenty-eight (28) days prior to the General Bar Date.

**The Proof of Claim Form**

22.     The Debtors propose to prepare, with the assistance of Donlin Recano, a customized Proof of Claim Form, which substantially conforms to Official Form 10, but which is tailored to these chapter 11 cases.  Specifically, the Proof of Claim Form will:

          a.      indicate the name and case number of the lead case in these jointly-administered chapter 11 cases; and

          b.      allow creditors to assert 503(b)(9) claims.

23.     In addition, when sent to a creditor, Donlin Recano will personalize each Proof of Claim Form to include the creditor's contact information and to indicate how the Debtors have identified such creditor's claim, including the amount of the claim as listed in the Debtors' Schedules and the Debtor against whom such claim is scheduled, if applicable and to the extent such information is available.

**The Notice of Redacted Information**

24.     Certain of the creditor information in the Debtors' Schedules has been redacted to protect information that the Debtors regard as commercially sensitive and/or to protect the privacy of certain individuals.  The Debtors propose to provide a Notice of Redacted Information within three (3) business days of entry of the Proposed Order, and simultaneously, although separately, from the Bar Date Notice, to those creditors whose information has been redacted in the Schedules.  The Notice of Redacted Information will notify each such creditor that its information has been redacted and provide the unredacted information as it would have appeared on the Schedules but for the redaction, and related only to such creditor.  The Debtors respectfully assert that the Notice of Redacted Information provides adequate notice to those creditors whose information has been redacted of whether such creditor is required to file a Proof of Claim based on its treatment in the Debtors' Schedules.

**The Proposed Bar Date and Notice Procedures Are
<u>Reasonably Calculated to Provide Due and Proper Notice</u>**

25.    Bankruptcy Rule 2002(a)(7) requires the Debtor to provide at least twenty-one (21) days' notice of the time fixed for filing Proofs of Claim. Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address. The Guidelines provide that creditors should be given at least thirty-five (35) days' notice after the mailing date and at least twenty-eight (28) days' notice after the publication date.

26.    Under the Proposed Order, the Debtors will be providing at least **35 days'** notice to all known creditors. Specifically, Donlin Recano will have three (3) business days from the date of entry of the Proposed Order to complete the mailing of the Bar Date Notice and the Notice of Redacted Information.  If the Court enters the Proposed Order on October 30, 2015 on presentment, Donlin Recano's mailing would be completed by no later than November 4, 2015, which is 35 days prior to the proposed General Bar Date of December 9, 2015.  Accordingly, the Debtors submit that the proposed Bar Dates and Procedures provide sufficient time for all parties in interest, including foreign creditors, to assert their claims.  Further, because the proposed Procedures will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Debtors submit that the proposed Procedures are reasonably calculated to provide notice to all parties that may hold and wish to assert a claim in these chapter 11 cases.

27.    Donlin Recano will also post the Proof of Claim Form, along with instructions for filing Proofs of Claim, on the website established in these chapter 11 cases (https://donlinrecano.com/Relativity).  The Bar Date Notice also will provide that the Debtors' Schedules may be accessed through the same website or by contacting Donlin Recano at (212) 771-1128.

28.     Accordingly, the Debtors submit that no further or other notice of the Bar Dates is necessary and that the proposed Procedures provide due and proper notice of the Bar Dates.

### Objections to Claims and Reservation of Rights

29.     The Debtors reserve all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds or to estimate or disallow any claim made for the purpose of voting on a chapter 11 plan.  The Debtors also reserve all rights and defenses to any claim listed on the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto.  To the extent the Debtors dispute any claim listed on the Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtors shall amend their Schedules as appropriate.

30.     Further, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims not subject to the Bar Dates must file Proofs of Claim against the Debtors or be forever barred from doing so.

31.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### Notice

32.     No trustee or examiner has been appointed in these chapter 11 cases.  The Debtors have provided notice of this Motion to: (a) the U.S. Trustee; (b) the counsel to the Creditors' Committee; (c) counsel to the agent (and if there is no agent, counsel to the lender(s)) under each of the Debtors' pre-petition financing facilities; (d) counsel to the agent or lender under the Debtors' post-petition financing facility; (e) the United States Securities and Exchange Commission; (f) the Internal Revenue Service, (g) any other party in interest who has filed a notice of appearance and request for service pursuant to Bankruptcy Rules 2002 and 9010(b),

and (h) all parties entitled to notice pursuant to Local Rule 9013-1(b).  In light of the nature of

the relief requested, the Debtors respectfully submit that no further notice is necessary.

**<u>No Prior Request</u>**

33.    No previous request for the relief sought herein has been made by the Debtors to

this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief

requested herein and such other and further relief as is just.

| | |
|---|---|
| Dated: October 23, 2015<br>New York, New York | **SHEPPARD MULLIN RICHTER & HAMPTON LLP** |

By:  */s/ Malani J. Cademartori*_____
Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: cwolfe@sheppardmullin.com
        mcademartori@sheppardmullin.com
        bwolfe@sheppardmullin.com
-and-

**JONES DAY**
Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306
E-mail: rlwynne@jonesday.com
        blspiegel@jonesday.com
        lsinanyan@jonesday.com

*Co-Counsel to the Debtors and Debtors*
*in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**ORDER PURSUANT TO 11 U.S.C. §§ 501 AND 502(b)(9), FED. R. BANKR. P.
2002 AND 3003(c)(3), AND LOCAL RULE 3003-1 (I) ESTABLISHING DEADLINE
FOR FILING PROOFS OF CLAIM AND PROCEDURES RELATING THERETO
AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the Motion (the "**Motion**")[2] [Dk. ___] of Relativity Fashion, LLC and its affiliated

debtors and debtors in possession in these chapter 11 cases (collectively, the "**Debtors**"),

pursuant to sections 501 and 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and

3003(c)(3), Local Rule 3003-1, and the Guidelines, for an order (a) establishing (i) **December 9,**

**2015 at 5:00 p.m**. (Eastern Time) (the "**General Bar Date**") as the deadline for each person or

entity (including without limitation, each individual, partnership, joint venture, corporation,

estate, or trust) other than a Governmental Unit) to file a proof of claim (each a "**Proof of**

**Claim**") in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code)

including, for the avoidance of doubt, secured claims, priority claims, and claims arising under

section 503(b)(9) of the Bankruptcy Code, against any of the Debtors (a "**Claim**"), (ii) **January**

**26, 2016 at 5:00 p.m. (Eastern Time)** (the "**Governmental Bar Date**"), as the deadline for

each Governmental Unit to file a Proof of Claim, (iii) the Rejection Bar Date, and (iv) the

Amended Schedule Bar Date (together with the General Bar Date, the Governmental Bar Date,

and the Rejection Bar Date, the "**Bar Dates**"); and (b) approving the proposed (i) Proof of Claim

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

Form, and (ii) procedures for filing Proofs of Claim, including the Bar Date Notice and the Notice of Redacted Information, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

It is hereby ORDERED

1.    The Motion is granted as provided herein.

2.    The following Procedures for filing Proofs of Claim are approved:

a.    Unless otherwise provided herein, the General Bar Date shall be **December 9, 2015** at **5:00 p.m. (Eastern Time)**.

b.    Unless otherwise provided herein, the Governmental Bar Date shall be **January 26, 2016** at **5:00 p.m. (Eastern Time)**.

c.    Proofs of Claim must: (i) be written in the English language; (ii) be denominated in lawful currency of the United States measured as of the Petition Date (using the exchange rate, if applicable, as of the Petition Date); (iii) conform substantially to the Proof of Claim Form annexed hereto; (iv) specify by name and case number the Debtor against whom the Proof of Claim is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation for the claim or an explanation as to why such documentation is not available; and (vii) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant.

d.      If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, the claimant must file a separate Proof of Claim against each such Debtor.

e.      Proofs of Claim must be filed either (i) by delivering the original Proof of Claim form by hand, (ii) mailing the original Proof of Claim form, or (iii) filing the Proof of Claim form electronically on the Court's Case Management/ Electronic Case File ("**CM/ECF**") system with the use of a CM/ECF account, so that it is received on or before the applicable Bar Date as follows

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Relativity Fashion, LLC, et al.
P.O. Box 199012
Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Relativity Fashion, LLC, et al.
6201 15th Avenue
Brooklyn, NY 11219

or

**If Proof of Claim is sent by Hand Delivery, send to:**

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, NY 10004-1408

f.      A Proof of Claim shall be deemed timely filed only if it is (i) **actually received** by Donlin Recano or the Court at the address listed in subparagraph (e) above, or (ii) filed electronically on the Court's CM/ECF system with the use of a CM/ECF account, on or before the applicable Bar Date.

g.      Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically on the Court's CM/ECF system with the use of a CM/ECF account) **will not** be accepted

h.      Any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and Governmental Units) that asserts a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the Rejection Bar Date, which is the

later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection, (which order may be the order confirming a chapter 11 plan in the Debtors' cases). Failure to do so will result in the person or entity being forever barred from doing so.

i.    Notwithstanding the foregoing, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Petition Date pursuant to such executory contract or unexpired lease (other than a rejection damages claim) must file a Proof of Claim for such amounts on or before the applicable Bar Date, unless an exception identified in paragraph (l) below applies.

j.    In the event that the Debtors amend or supplement their Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any such amendment or supplement to the holders of those claims or interests affected by such amendment or supplement within ten (10) days after filing such amendment or supplement.  Any such holder must file a Proof of Claim based on such amendment on or before the Amended Schedule Bar Date, which is the later of (i) the applicable Bar Date and (ii) the date that is thirty (30) days following the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant.

k.    Subject to the exceptions listed in paragraph (l) below, the following persons or entities are required to file a Proof of Claim on or before the applicable Bar Date:

(1)    any entity (i) whose prepetition claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as disputed, contingent or unliquidated and (ii) that desires to vote on any chapter 11 plan or plans that may be proposed in any of these bankruptcy cases or share in any distribution that may be made in any of these bankruptcy cases; and

(2)    any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules.

l.    The following persons or entities are **not** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

(1)    any person or entity whose claim is listed on the Schedules; provided that (i) the claim is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against whom the claim is listed in the Schedules;

(2)    any person or entity whose claim has been paid in full;

-4-

(3)     any person or entity that holds an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if any such holder asserts a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures;

(4)     any holder of a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (**other than** a holder of a section 503(b)(9) claim);

(5)     any person or entity that holds a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

(6)     any holder of a claim for which a separate deadline has been fixed by this Court;

(7)     any person or entity who properly filed a Proof of Claim substantially in accordance with these Procedures against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or Official Form No. 10 prior to entry of the Proposed Order;

(8)     professionals retained by the Debtors or the Creditors' Committee pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c);

(9)     any person or entity holding a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; or

(10)    any Debtor having a claim against another Debtor.

3.      Pursuant to Bankruptcy Rule 3003(c)(2), any holder of a Claim who fails to timely file a Proof of Claim as provided herein shall not be treated as a creditor with respect to such Claim for the purposes of voting and distribution with respect to any chapter 11 plan that may be filed in this case.

4.      The (i) proposed notice of the Bar Date, substantially in the form annexed hereto as <u>Exhibit 1</u> (the "**Bar Date Notice**"); (ii) proposed notice to creditors whose information was

redacted in the Debtors' Schedules (the "**Notice of Redacted Information**"), substantially in the form annexed hereto as <u>Exhibit 2</u>; (iii) the Proof of Claim Form, substantially in the form annexed hereto as <u>Exhibit 3</u>, which will be further personalized prior to mailing to include each creditor's contact information, and, if applicable, information about the treatment of such creditor's claim in the Debtors' Schedules, are approved.

5.      The following Procedures are approved:

a.      Within three (3) business days of entry of this Order, the Debtors shall cause to be mailed (i) a Proof of Claim Form and (ii) the Bar Date Notice to the following parties:

(1)      the U.S. Trustee for the Southern District of New York;

(2)      the attorneys for the Creditors' Committee and any other statutory committees appointed in the Debtors' chapter 11 cases;

(3)      all creditors and other known holders of claims at the address known by the Debtors and maintained in the Debtors' books and records, or as provided in a notice of appearance and request for service of paper, or as updated pursuant to a request by the creditor or by returned mail from the post office with a forwarding address;

(4)      all parties actually known to the Debtors as having potential claims against any of the Debtors at the address maintained in the Debtors' books and records;

(5)      all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

(6)      All parties to pending litigation against the Debtors (as of the date of the entry of this Order);

(7)      the Internal Revenue Service, the United States Attorney's Office for the Southern District of New York, and all applicable Governmental Units;

(8)      all persons or entities that have filed claims (as of the date of the entry of this Order);

(9)      all parties that have sent correspondence to the Court and are listed on the Court's electronic docket (as of the date of the entry of this Order);

(10)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of entry of this Order); and

(11)    such additional persons and entities as deemed appropriate by the Debtors.

b.    The Debtors shall post the Proof of Claim Form and the Bar Date Notice on the website established by Donlin Recano for the Debtors' cases: https://www.donlinrecano.com/Relativity.

6.    With regard to those holders of Claims listed on the Schedules, the Debtors are authorized to mail one or more Proof of Claim Forms (as appropriate), substantially similar to the Proof of Claim Form annexed hereto as Exhibit 3, but personalized to indicate how the Debtors have identified such creditor's claim, including the amount of the claim as listed in the Debtors' Schedules and the Debtor against whom such claim is scheduled, if applicable.

7.    With regard to holders of Claims whose information is redacted in the Schedules, the Debtors shall mail one or more Notices of Redacted Information, substantially in the form annexed hereto as Exhibit 2, within three (3) business days of entry of this Order. The Debtors shall provide proof of such service to the U.S. Trustee.

8.    The Debtors are authorized to make supplemental mailings of the Bar Date Notice and Proof of Claim Form at any time in advance of the applicable Bar Date as may be necessary, including without limitation, when (a) notices are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest decline to pass along notices to such interested parties and instead return such interested parties' names and addresses to the Debtors for direct mailing by the Debtors, and (c) additional potential claimants subsequently become known to the Debtors as a result of the Bar Date noticing process or otherwise. Notwithstanding the foregoing, the Debtors shall not be required to provide any additional notice to any party to whom the Debtors mailed the Bar Date Notice and Proof of Claim Form in

accordance with the terms of this Order and such notice was returned to the Debtors as undeliverable without a forwarding address.

9.      The Debtors shall publish the Bar Date Notice, with any necessary modifications for ease of publication, once in the international edition of *The Wall Street Journal* and once in *Variety*, at least **twenty-eight (28)** days prior to the General Bar Date, which publication is approved and shall be deemed good, adequate, and sufficient publication notice of the Bar Date and the Procedures for filing Proofs of Claim in this chapter 11 case.

10.      The Debtors are authorized to extend the Bar Dates by stipulation where the Debtors and the Committee mutually determine that such extension is in the best interests of the Debtors and their estates.

11.      The Debtors and Donlin Recano are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

12.      Notification of the relief granted by this Order as provided herein is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their rights and obligations in connection with Claims they may have against the Debtors in these chapter 11 cases.

13.      Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any Claim reflected in the Schedules or otherwise.

14.      Entry of this Order is without prejudice to the rights of the Debtors to seek a further order of this Court fixing the date by which holders of Claims **not** subject to the Bar Dates established herein must file such Claims against the Debtor or be forever barred from doing so.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
         October __, 2015

                                                    _____
                                                    THE HONORABLE MICHAEL E. WILES
                                                    UNITED STATES BANKRUPTCY JUDGE

## <u>Exhibit 1</u>

**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*, | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

### NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST THE DEBTORS SET FORTH BELOW:**

| Debtor: | Complete EIN: | Case No.: |
|---|---|---|
| Relativity REAL, LLC | 26-2931653 | 15-11992 |
| RML Distribution Domestic, LLC | 27-3506528 | 15-11993 |
| RML Distribution International, LLC | 27-3506749 | 15-11994 |
| RMLDD Financing, LLC | 61-1689114 | 15-11995 |
| 21 & Over Productions, LLC | 27-2717796 | 15-11997 |
| 3 Days to Kill Productions, LLC | 45-5455747 | 15-11999 |
| A Perfect Getaway P.R., LLC | 80-0149252 | 15-12000 |
| A Perfect Getaway, LLC | 33-1193939 | 15-12001 |
| Armored Car Productions, LLC | 46-1492750 | 15-12003 |
| Best of Me Productions, LLC | 46-3731490 | 15-12004 |
| Black Or White Films, LLC | 47-2086718 | 15-12006 |
| Blackbird Productions, LLC | 80-0908037 | 15-12008 |
| Brant Point Productions, LLC | 80-0449994 | 15-12010 |
| Brick Mansions Acquisitions, LLC | 46-2403910 | 15-12011 |
| Brilliant Films, LLC | 26-2620448 | 15-12013 |
| Brothers Productions, LLC | 35-2309930 | 15-12015 |
| Brothers Servicing, LLC | 38-3765849 | 15-12016 |
| Catfish Productions, LLC | 27-2717728 | 15-12018 |
| Cine Productions, LLC | 27-3008359 | 15-12021 |
| CinePost, LLC | 26-4218440 | 15-12023 |
| Cisco Beach Media, LLC | 80-0888621 | 15-12025 |
| Cliff Road Media, LLC | 47-3227065 | 15-12027 |
| Den of Thieves Films, LLC | 90-0403046 | 15-12029 |
| Don Jon Acquisitions, LLC | 46-1887951 | 15-12030 |
| DR Productions, LLC | 46-5767803 | 15-12032 |
| Einstein Rentals, LLC | 30-0545861 | 15-12034 |
| English Breakfast Media, LLC | 27-2972240 | 15-12035 |

| Debtor: | Complete EIN: | Case No.: |
|---|---|---|
| Furnace Films, LLC | 45-2563558 | 15-12037 |
| Gotti Acquisitions, LLC | 46-2486562 | 15-12040 |
| Great Point Productions, LLC | 36-4755813 | 15-12042 |
| Guido Contini Films, LLC | 26-2861031 | 15-12044 |
| Hooper Farm Music, LLC | 37-1783773 | 15-12046 |
| Hooper Farm Publishing, LLC | 37-1783762 | 15-12048 |
| Hummock Pond Properties, LLC | 47-3629862 | 15-12049 |
| Hunter Killer La Productions, LLC | 47-3241939 | 15-12051 |
| Hunter Killer Productions, LLC | 45-3803130 | 15-12053 |
| In The Hat Productions, LLC | 47-2593140 | 15-12055 |
| J & J Project, LLC | 54-2191832 | 15-12133 |
| JGAG Acquisitions, LLC | 46-2819221 | 15-12058 |
| Left Behind Acquisitions, LLC | 46-2761367 | 15-12063 |
| Long Pond Media, LLC | 80-0357197 | 15-12065 |
| Madaket Publishing, LLC | 80-0459356 | 15-12067 |
| Madaket Road Music, LLC | 80-0459352 | 15-12070 |
| Madvine RM, LLC | 46-3940646 | 15-12073 |
| Malavita Productions, LLC | 45-5458636 | 15-12076 |
| MB Productions, LLC | 47-1214477 | 15-12078 |
| Merchant of Shanghai Productions, LLC | 46-3727002 | 15-12080 |
| Miacomet Media LLC | 80-0867371 | 15-12082 |
| Miracle Shot Productions, LLC | 46-5650015 | 15-12084 |
| Most Wonderful Time Productions, LLC | 46-0830426 | 15-12086 |
| Movie Productions, LLC | 01-0939860 | 15-12088 |
| One Life Acquisitions, LLC | 45-5249061 | 15-12090 |
| Orange Street Media, LLC | 61-1673089 | 15-12050 |
| Out Of This World Productions, LLC | 47-0982322 | 15-12054 |
| Paranoia Acquisitions, LLC | 45-5248747 | 15-12057 |
| Phantom Acquisitions, LLC | 46-2766381 | 15-12060 |
| Pocomo Productions, LLC | 80-0951069 | 15-12061 |
| Relative Motion Music, LLC | 90-0488016 | 15-12064 |
| Relative Velocity Music, LLC | 80-0357169 | 15-12066 |
| Relativity Development, LLC | 26-3215296 | 15-12069 |
| Relativity Film Finance II, LLC | 45-3709082 | 15-12071 |
| Relativity Film Finance III, LLC | 45-5298893 | 15-12075 |
| Relativity Film Finance, LLC | 26-3052127 | 15-12136 |
| Relativity Films, LLC | 36-4615464 | 15-12072 |
| Relativity Foreign, LLC | 46-1178993 | 15-12077 |
| Relativity India Holdings, LLC | 47-0988921 | 15-12101 |
| Relativity Jackson, LLC | 26-3766116 | 15-12105 |
| Relativity Media Distribution, LLC | 26-2620264 | 15-12110 |

| Debtor: | Complete EIN: | Case No.: |
|---|---|---|
| Relativity Media Films, LLC | 26-4061574 | 15-12116 |
| Relativity Music Group, LLC | 45-2489540 | 15-12127 |
| Relativity Production LLC | 20-8217891 | 15-12128 |
| Relativity Rogue, LLC | 26-3873333 | 15-12130 |
| Relativity Senator, LLC | 45-4049044 | 15-12132 |
| Relativity Sky Land Asia Holdings, LLC | 45-5099582 | 15-12002 |
| Relativity TV, LLC | 46-3420227 | 15-12005 |
| Reveler Productions, LLC | 47-3092191 | 15-12007 |
| RML Acquisitions I, LLC | 45-1349406 | 15-12009 |
| RML Acquisitions II, LLC | 45-1539810 | 15-12012 |
| RML Acquisitions III, LLC | 45-2749116 | 15-12014 |
| RML Acquisitions IV, LLC | 45-2994997 | 15-12017 |
| RML Acquisitions IX, LLC | 46-5114410 | 15-12019 |
| RML Acquisitions V, LLC | 45-5619532 | 15-12020 |
| RML Acquisitions VI, LLC | 46-1269640 | 15-12022 |
| RML Acquisitions VII, LLC | 46-1407747 | 15-12024 |
| RML Acquisitions VIII, LLC | 46-1687459 | 15-12026 |
| RML Acquisitions X, LLC | 47-1401009 | 15-12028 |
| RML Acquisitions XI, LLC | 47-1622651 | 15-12031 |
| RML Acquisitions XII, LLC | 47-2104226 | 15-12033 |
| RML Acquisitions XIII, LLC | 47-2279614 | 15-12036 |
| RML Acquisitions XIV, LLC | 47-2291910 | 15-12038 |
| RML Acquisitions XV, LLC | 47-3105518 | 15-12039 |
| RML Bronze Films, LLC | 47-2938636 | 15-12041 |
| RML Damascus Films, LLC | 46-4236024 | 15-12043 |
| RML Desert Films, LLC | 46-5024564 | 15-12045 |
| RML Documentaries, LLC | 46-3687991 | 15-12047 |
| RML DR Films, LLC | 46-4080022 | 15-12052 |
| RML Echo Films, LLC | 46-3144656 | 15-12056 |
| RML Escobar Films LLC | 46-3930123 | 15-12059 |
| RML Film Development, LLC | 27-2473567 | 15-12062 |
| RML Films PR, LLC | 68-0681662 | 15-12068 |
| RML Hector Films, LLC | 46-5066054 | 15-12074 |
| RML Hillsong Films, LLC | 47-3083539 | 15-12079 |
| RML IFWT Films, LLC | 47-3411255 | 15-12081 |
| RML International Assets, LLC | 27-4661910 | 15-12087 |
| RML Jackson, LLC | 37-1581081 | 15-12094 |
| RML Kidnap Films, LLC | 47-1792708 | 15-12098 |
| RML Lazarus Films, LLC | 47-2190107 | 15-12102 |
| RML Nina Films, LLC | 47-2430495 | 15-12107 |
| RML November Films, LLC | 46-5079701 | 15-12113 |

| Debtor: | Complete EIN: | Case No.: |
|---|---|---|
| RML Oculus Films, LLC | 46-3682596 | 15-12119 |
| RML Our Father Films, LLC | 47-3006485 | 15-12123 |
| RML Romeo and Juliet Films, LLC | 46-2869509 | 15-12125 |
| RML Scripture Films, LLC | 47-2097845 | 15-12129 |
| RML Solace Films, LLC | 47-2455125 | 15-12131 |
| RML Somnia Films, LLC | 46-5127195 | 15-12083 |
| RML Timeless Productions, LLC | 45-4541996 | 15-12085 |
| RML Turkeys Films, LLC | 45-5248898 | 15-12089 |
| RML Very Good Girls Films, LLC | 46-2873685 | 15-12091 |
| RML WIB Films, LLC | 47-1780102 | 15-12092 |
| Rogue Digital, LLC | 35-2375578 | 15-12093 |
| Rogue Games, LLC | 45-3744812 | 15-12095 |
| Roguelife LLC | 27-1733442 | 15-12096 |
| Safe Haven Productions, LLC | 45-3326550 | 15-12099 |
| Sanctum Films, LLC | 27-3377736 | 15-12103 |
| Santa Claus Productions, LLC | 46-2227398 | 15-12097 |
| Smith Point Productions, LLC | 32-0419118 | 15-12100 |
| Snow White Productions, LLC | 27-3833175 | 15-12104 |
| Spy Next Door, LLC | 90-0403043 | 15-12106 |
| Story Development, LLC | 46-0660677 | 15-12109 |
| Straight Wharf Productions, LLC | 30-0545858 | 15-12112 |
| Strangers II, LLC | 30-0566152 | 15-12114 |
| Stretch Armstrong Productions, LLC | 46-0780213 | 15-12117 |
| Studio Merchandise, LLC | 46-5235738 | 15-12120 |
| Summer Forever Productions, LLC | 47-2719211 | 15-12122 |
| The Crow Productions, LLC | 45-3326707 | 15-12124 |
| Totally Interns, LLC | 46-2499980 | 15-12126 |
| Tribes of Palos Verdes Production, LLC | 46-5656638 | 15-12108 |
| Tuckernuck Music, LLC | 36-4758713 | 15-12111 |
| Tuckernuck Publishing, LLC | 80-0913960 | 15-12115 |
| Wright Girls Films, LLC | 45-5059639 | 15-12118 |
| Yuma, Inc. | 42-1711669 | 15-12134 |
| Zero Point Enterprises, LLC | 46-4549558 | 15-12121 |

On [_____], 2015, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Relativity Fashion, LLC and its affiliated debtors set forth above (collectively, the "**Debtors**"), entered an order (the "**Bar Date Order**") establishing **December 9, 2015 at 5:00 p.m. (Eastern Time)** as the last date and time for each person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("**Proof of Claim**") based on prepetition claims, including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors listed above

(the "**General Bar Date**"); and (ii) **January 26, 2016 at 5:00 p.m. (Eastern Time)** as the last date and time for each governmental unit (as defined in section 101(27) of the Bankruptcy Code) ("**Governmental Units**") to file a Proof of Claim based on prepetition claims against any of the Debtors (the "**Governmental Bar Date**," and together with the General Bar Date, the Rejection Bar Date (defined below), and the Amended Schedule Bar Date (defined below), the "**Bar Dates**").

The Bar Date Order, the Bar Dates, and the procedures set forth below for the filing of Proofs of Claim apply to all claims against the Debtors that arose prior to **July 30, 2015**, the date on which the Debtors commenced their cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), except for those holders of the claims listed in Section 2 below that are specifically excluded from the Bar Date filing requirement.

**If you have any questions relating to this Notice, please feel free to contact Donlin Recano & Company, Inc. ("Donlin Recano") at (212) 771-1128.**

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to **July 30, 2015** (the "**Petition Date**"), and it is not one of the types of claim described in Section 2 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.  Claims include unsecured claims, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code.

2.      **WHO NEED NOT FILE A PROOF OF CLAIM**

You need **not** file a Proof of Claim if:

a.      Your claim is listed on the Schedules (as defined below) and (i) is **not** listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) you do **not** dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) you do **not** dispute that the claim is an obligation of the specific Debtor against whom the claim is listed in the Schedules;

b.      Your claim has been paid in full;

c.      You hold an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided that if you assert such claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date as set forth in this Notice;

d.      You hold a claim allowable under section 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative claim **(other than a holder of a section 503(b)(9) claim)**;

e.      You hold a claim that heretofore has been allowed by Order of this Court entered on or before the applicable Bar Date;

f.      You hold a claim for which a separate deadline has been fixed by this Court;

g.      You hold a claim for which you already filed a Proof of Claim substantially in accordance with these procedures against any of the Debtors with respect to the claim being asserted, utilizing a claim form that substantially conforms to the Proof of Claim Form or Official Form No. 10;

h.      You are a professional retained by the Debtors or the Creditors' Committee pursuant to orders of the Court who is asserting administrative claims for fees and expenses subject to the Court's approval pursuant to sections 328, 330, 331, and 503(b) of the Bankruptcy Code or 28 U.S.C. § 156(c);

i.      You hold a claim payable to the Court or the United States Trustee Program pursuant to 28 U.S.C. § 1930; or

j.      You are a Debtor having a claim against another Debtor.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM.**

**3.      WHAT TO FILE**

The Debtors are enclosing a Proof of Claim form for use in these cases. If your claim is scheduled by the Debtors, the enclosed Proof of Claim form sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated.  You will receive a different Proof of Claim form for each claim scheduled in your name by the Debtors. Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each

such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted and the case number of that Debtor's bankruptcy case. A list of the names of the Debtors and their corresponding case numbers is set forth above. Additional Proof of Claim forms may be obtained at http://www.uscourts.gov/forms/bankruptcy-forms/proof-claim or https://donlinrecano.com/Clients/rm/Static/POC.

All Proof of Claim forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency measured as of the Petition Date. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your proof of claim form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).

**4.      WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed **so as to be received** on or before the applicable Bar Date at the following addresses:

**If Proof of Claim is sent by mail, send to:**

Donlin, Recano & Company, Inc.
Re: Relativity Fashion, LLC, et al.
P.O. Box 199012
Blythebourne Station
Brooklyn, NY 11219

**If Proof of Claim is sent by Overnight Courier or Hand Delivery, send to:**

Donlin, Recano & Company, Inc.
Re: Relativity Fashion, LLC, et al.
6201 15th Avenue
Brooklyn, NY 11219

or

**If Proof of Claim is sent by Hand Delivery, send to:**

United States Bankruptcy Court
Southern District of New York
One Bowling Green, Room 534
New York, NY 10004-1408

A Proof of Claim will be deemed timely filed only when (i) **actually received** by Donlin Recano or the Court at the addresses listed above, or (ii) filed electronically on the Court's Case

Management/ Electronic Case File (CM/ECF) system with the use of a CM/ECF account, on or before the applicable Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission (other than Proofs of Claim filed electronically on the Court's CM/ECF system with the use of a CM/ECF account).

5.    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (i) the applicable Bar Date, and (ii) the date that is thirty (30) days following the entry of the Court order approving such rejection (which order may be the order confirming a chapter 11 plan in the Debtors' cases) (the "**Rejection Bar Date**"), or you will be forever barred from doing so.

Notwithstanding the foregoing, if you are a party to an executory contract or unexpired lease and you wish to assert a claim with respect to unpaid amounts accrued and outstanding as of July 30, 2015 pursuant to that executory contract or unexpired lease (other than a rejection damages claim), you must file a proof of claim for such amounts on or before the applicable Bar Date, unless an exception identified above applies.

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

**ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 2 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.**

7.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "**Schedules**"). To determine if and how you are listed on the Schedules, please refer to the Schedules and/or the information set forth on the enclosed Proof of Claim Form. If you received postpetition payments from the Debtors (as authorized by the Court) on account of your claim, the enclosed Proof of Claim Form will reflect the net amount of your claims. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against each Debtor, as listed in the Schedules.

**The Debtors filed redacted Schedules to protect information that the Debtors regard as commercially sensitive and/or to protect the privacy of certain individuals. It may be that information about your claim or executory contract or unexpired lease has been redacted. To the extent that you are included in the Schedules, but the information regarding any claim that you may have against any of the Debtors or identifying information regarding an executory contract or unexpired lease to which you are party**

-8-

**were redacted in the Schedules as filed, you will receive a Proof of Claim form that indicates your treatment in the Schedules and a separate Notice of Redacted Information, which will set forth the unredacted information about your claim or executory contract/unexpired lease.  You may also submit an inquiry to the Debtors through Donlin Recano's website at https://donlinrecano.com/Clients/rm/Static/POC.**

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated" in the Schedules, you need not file a proof of claim.  Otherwise, or  if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted (i) on the website established by Donlin Recano for the Debtors' cases at https://donlinrecano.com/Clients/rm/Static/SOALS and (ii) on each Debtor's case docket on the Court's website at www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 534, New York, New York 10004-1408.  Copies of the Debtors' Schedules may also be obtained by written request to Debtors' Claims Agent, Donlin Recano, at the following address and telephone number set forth below:

> Donlin Recano & Company, Inc.
> Re: Relativity Fashion, LLC, et al.
> P.O. Box 199012
> Blythebourne Station
> Brooklyn, NY 11219
> (212) 771-1128

In the event that the Debtors amend or supplement their Schedules subsequent to the date of this Notice, the Debtors shall give notice of any amendment or supplement to the holders of claims affected by such amendment or supplement within ten (10) days after filing such amendment or supplement, and such holders must file a Proof of Claim by the later of (i) the applicable Bar Date, and (ii) thirty (30) days following the date such notice is served (the "**Amended Schedule Bar Date**"), or be forever barred from doing so.  The foregoing deadline shall be contained in any notice of such amendment or supplement of the Schedules provided to the holders of claims affected thereby.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York                    BY ORDER OF THE COURT
_____, 2015

**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701

-and-

**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306
CO-COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION

**<u>Exhibit 2</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

<u>NOTICE OF REDACTED INFORMATION</u>

**PLEASE TAKE NOTICE THAT** on [_____], 2015, the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), having jurisdiction over the chapter 11 cases of Relativity Fashion, LLC and its affiliated debtors set forth above (collectively, the "**Debtors**") entered an order (the "**Bar Date Order**") establishing the last date (the "**Bar Dates**") for each person or entity to file a proof of claim ("**Proof of Claim**") against any of the Debtors.

**PLEASE TAKE FURTHER NOTICE THAT** on [_____], 2015, Donlin, Recano & Company, Inc. mailed notice of the Bar Dates and a Proof of Claim form (the "**Proof of Claim Form**") in accordance with the Bar Date Order.  Each Proof of Claim Form was customized with information about the creditor to whom it was sent, including the amount of the claim as scheduled in the Debtors' schedules of assets and liabilities (the "**Schedules**").

**PLEASE TAKE FURTHER NOTICE THAT** the information of certain creditors has been redacted in the Schedules to protect information that the Debtors regard as commercially sensitive.

**PLEASE TAKE FURTHER NOTICE THAT** you should refer to the Notice of Deadline for Filing Proofs of Claim that was separately served upon you for further information.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOUR INFORMATION HAS BEEN REDACTED IN THE SCHEDULES.**

**PLEASE TAKE FURTHER NOTICE THAT** the following is the unredacted information pertaining to you contained in the unredacted version of the Debtors' Schedules:

[Insert]

---

[1] The Debtors in these chapter 11 cases are as set forth on page (i).

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

Dated: New York, New York      BY ORDER OF THE COURT
   _____, 2015

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 653-8700
Fax: (212) 653-8701

-and-

**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306

CO-COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION

## <u>Exhibit 3</u>

**Proof of Claim Form**

**UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK**      **PROOF OF CLAIM**

| | |
|---|---|
| IN RE: RELATIVITY FASHION, LLC, ET AL. | 15-11989 |
| Name of Debtor: | Case Number: |

NOTE: This form should not be used to make a claim for an administrative expense other than a claim arising under section 503(b)(9).

Name and Address of Creditor (the person or other entity to whom the debtor owes money or property):

**COURT USE ONLY**

Name and address where notices should be sent:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Telephone number:     email:

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:     email:

**1. Amount of Claim as of Date Case Filed:** $_____

If all or part of your claim is secured, complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

| **3. Last four digits of any number by which creditor identifies debtor:** _____ | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a on reverse side.) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b on reverse side.) |
|---|---|---|

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other

Describe:

**Value of Property:** $_____

**Annual Interest Rate** _____% ☐ Fixed or ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount of Unsecured Claim:** $_____

**5. Amount of Claim Entitled to:** (i) Priority under 11 U.S.C. § 507(a) or (ii) Administrative Expense under 11 U.S.C. § 503(b)(9). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

**Amount entitled to priority:** $_____

☐ Value of goods received by the debtor within 20 days before the date of commencement of the case - 11 U.S.C. §503(b)(9).

**Amount entitled to administrative expense under § 503(b)(9):** $_____

*Amounts are subject to adjustment on 4/1/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6 on reverse side)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements, or, in the case of a claim based upon an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the mortgage proof of claim attachment is being filed with this claim.

*(See instruction #7, and the definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

BAR DATE - THE ORIGINAL OF THIS PROOF OF CLAIM MUST BE SENT SO THAT IT IS RECEIVED ON OR BEFORE 5:00 P.M., PREVAILING EASTERN TIME, ON DECEMBER __, 2015.

| IF PROOF OF CLAIM IS SENT BY MAIL, SEND TO: | IF PROOF OF CLAIM IS SENT BY HAND DELIVERY OR OVERNIGHT COURIER, SEND TO: | IF PROOF OF CLAIM IS SENT BY HAND DELIVERY, SEND TO: |
|---|---|---|
| DONLIN, RECANO & COMPANY, INC. RE: RELATIVITY FASHION, LLC, ET AL. P.O. BOX 199012, BLYTHEBOURNE STATION BROOKLYN, NY 11219 | DONLIN, RECANO & COMPANY, INC. RE: RELATIVITY FASHION, LLC, ET AL. 6201 15TH AVENUE BROOKLYN, NY 11219 | UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK ONE BOWLING GREEN, ROOM 534 NEW YORK, NY 10004-1408 |

**8. Signature:** (See instruction #8 on reverse side.)
Check the appropriate box.

☐ I am the creditor. ☐ I am the creditor's authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)

☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____

Title: _____

Company: _____

Address and telephone number (if different from notice address above):

Telephone number: _____    email: _____

_____ (Signature)      _____ (Date)

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

4389

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

## Items to be completed in Proof of Claim form (If not already filled in)

**Name of Debtor and Case Number:**

A complete list of Debtors with corresponding case numbers is listed above. You must fill in the specific Debtor name and case number against which your claim is being asserted. If you are asserting claims against more than one Debtor, you MUST file a separate proof of claim for each debtor.

**Creditor's Name and Address:**

Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**

State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**

State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**

State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**

Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**

If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**

Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to (i) Priority Under 11 U.S.C. §507(a) or (ii) Administrative Expense Under 11 U.S.C. §503(b)(9):**

If any portion of your claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority or administrative expense. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**

An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**

Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**

The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name and address of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## ——— DEFINITIONS ———

**Debtor**

A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**

A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. § 101(10).

**Claim**

A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. § 101(5). A claim may be secured or unsecured.

**Proof of Claim**

A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing.

**Secured Claim Under 11 U.S.C. § 506(a)**

A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**

An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**

Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Claim Entitled to Administrative Expense Under 11 U.S.C. §503(b)(9)**

Administrative expense priority claims under section 503 (b)(9) of the Bankruptcy Code include those claims for the value of any goods received by the debtor, within 20 days before the date of commencement of a case under the Bankuptcy Code in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

**Redacted**

A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name and only the year of any person's date of birth.

If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or servcies so as to avoid embarrassment or the disclosure of confidential health care information.

## ——— INFORMATION ———

**Evidence of Perfection**

Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of filing of Claim**

To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's website (www.donlinrecano.com/relativity) to view your filed proof of claim.

**Offers to Purchase a Claim**

Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. §101 *et seq.* ), and any applicable orders of the bankruptcy court.