**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**ORDER APPROVING DEBTORS' MOTION FOR AN ORDER (I) ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO
ACCEPT OR REJECT PLAN PROPONENTS' PLAN OF REORGANIZATION,
(II) SCHEDULING THE TIME FOR NOTICE OF CONFIRMATION OBJECTION
DEADLINE AND CONFIRMATION HEARING, (III) APPROVING RELATED
NOTICE PROCEDURES AND (IV) SCHEDULING CONFIRMATION HEARING**

This matter coming before the Court on *Debtors' Motion for an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan Proponents' Plan of Reorganization, (II) Scheduling the Time for Notice of Confirmation Objection Deadline and Confirmation Hearing, (III) Approving Related Notice Procedures and (IV) Scheduling Hearing on Confirmation of Plan of Reorganization* (the "**Motion**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") along with Ryan C. Kavanaugh ("**Kavanaugh**") and Joseph Nicholas ("**Nicholas**" and, together with Kavanaugh and the Debtors, the "**Plan Proponents**"), the Court having reviewed the Motion and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "**Hearing**"); the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY FOUND AND CONCLUDED, as follows:

---

[1]    The Debtors in these chapter 11 cases are set forth on page (i).

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J&J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.      This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      Notice of the Motion and the Hearing, made in the manner described in the Motion, was sufficient and appropriate under the circumstances and complied with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

D.      The relief requested in the Motion and granted herein is warranted under the circumstances and is in the best interests of the estates of the Debtors.

E.      The forms of the ballots attached to the Motion as **Exhibit A-1** and **Exhibit A-2** (the "**Ballots**") (1) are consistent with Official Form No. 314, (2) adequately address the particular needs of these chapter 11 cases, (3) are appropriate for each class of claims or interests entitled to vote to accept or reject the Plan and (4) comply with Bankruptcy Rule 3017(d).

F.      Ballots need not be provided to holders of claims and interests in Classes A, F, H, I, K and L under the Plan because:  (1) Classes A, F, H and I are unimpaired and are conclusively presumed to accept the Plan in accordance with section 1126(f) of the Bankruptcy Code; and (2) holders of claims and interests in Classes K and L under the Plan neither retain nor receive any property under the Plan, and therefore, those classes are deemed to reject the Plan in accordance with section 1126(g) of the Bankruptcy Code.

G.      The period during which the Debtors may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for creditors to make informed decisions to accept or reject the Plan and submit timely Ballots.

H.      The procedures for the solicitation and tabulation of votes to accept or

reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent

with section 1126 of the Bankruptcy Code.

I.      The contents of the Solicitation Packages and the procedures set forth

herein for providing notice of the Confirmation Hearing and the other matters set forth in the

Confirmation Hearing Notice comply with Bankruptcy Rules 2002 and 3017 and constitute

sufficient notice to all interested parties in accordance with the Bankruptcy Code, the Bankruptcy

Rules and the Local Rules.

J.      The Court set the following timeline as further described herein:

- **December 17, 2015**:   Record Date for voting purposes;

- **December 23, 2015**:   Solicitation Packages commencement;

- **January 4, 2015**:   Notice of Confirmation Hearing publication date;

- **January 6, 2015**: Deadline to object to Claims for voting purposes;

- **January 11, 2016**: Deadline to file the Plan Supplement;

- **January 14, 2016**:   Bankruptcy Rule 3018 motion deadline;

- **January 20, 2016 by 4:00 p.m.**:   Voting Deadline;

- **January 21, 2016 by 4:00 p.m.**:   Deadline for Confirmation Objection and Contract assumption objections;

- **January 25, 2016**:   Deadline for filing of Tabulation Declaration;

- **January 28, 2016 by 12:00 p.m.**:   Deadline for Plan Proponents' memorandum of law in support of confirmation of the Plan containing a consolidated reply to any objections to confirmation of the Plan; and

- **February 1, 2016 at 10:00 a.m.**:   Proposed Confirmation Hearing.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein.  Any objections

or responses to the relief sought by the Motion that have not been withdrawn, waived or settled

prior to the entry of this order, or that have not been addressed through the terms incorporated in this order, are hereby OVERRULED.

**Approval of the Solicitation Procedures**

2.      The Solicitation Procedures attached as **Exhibit D** hereto, including the form of Ballots, the Record Date of December 17, 2016, the Solicitation Packages, the Voting Deadline, the Tabulation Rules attached as **Exhibit B** hereto, the form and manner of service of the Notice of Non-Voting Status attached as **Exhibit E** hereto and the other Solicitation Procedures described in the Motion, are approved.  The Debtors are authorized to make non-substantive modifications to the Solicitation Procedures.

3.      The Debtors shall begin serving the Solicitation Packages no later than December 23, 2015.  All Ballots must be properly executed, completed and delivered to the Voting Agent either (a) by mail in the return envelope provided with each Ballot, (b) by overnight courier or (c) by personal delivery so that, in each case, all Ballots are received by the Voting Agent no later than 4:00 p.m. (Prevailing Eastern Time), on January 20, 2016 (the "**Voting Deadline**").

4.      In tabulating the Ballots, the following additional Tabulation Rules shall apply:  (a) any Ballot that is properly completed, executed and timely returned to the Voting Agent but does not indicate an acceptance or rejection of the Plan or indicates both an acceptance and rejection of the Plan will not be counted as either a vote to accept or a vote to reject the Plan; (b) any Ballot that is unsigned will not be counted as either a vote to accept or a vote to reject the Plan; (c) any Ballot cast by a party that is not entitled to vote will not be counted as either a vote to accept or a vote to reject the Plan; (d) any Ballot transmitted to the Voting Agent by facsimile, email or other electronic means will not be counted as either a vote to accept or a vote to reject

-4-

the Plan; (e) if a creditor casts more than one Ballot voting the same claim before the Voting

Deadline, the last dated valid Ballot received before the Voting Deadline will be deemed to

reflect the voter's intent and thus will supersede any prior Ballots; (f) creditors will be required

to vote all of their claims within a particular class under the Plan either to accept or reject the

Plan and may not split their votes; thus, a Ballot (or a group of Ballots within a Plan class

received from a single creditor) that partially rejects and partially accepts the Plan will not be

counted; and (g) Ballots received after the Voting Deadline will not be counted.

5.      The Debtors are required to serve only the Notice of Non-Voting Status

and the Confirmation Hearing Notice on the holders of Claims and Interests in the Non-Voting

Classes.

6.      For Entities who are listed in the Schedules in the amount of $0.00 or in an

unknown amount, or who are scheduled as contingent, Unliquidated or disputed and who did not

timely file a proof of claim (other than parties to executory contracts or unexpired leases), such

parties shall receive only the Confirmation Hearing Notice.

7.      The Debtors are excused from mailing Solicitation Packages, Notice of

Non-Voting Status and/or the Confirmation Hearing Notice, as applicable, to those entities for

which the Debtors have only undeliverable addresses, provided that the Voting Agent has made

due inquiry and are not otherwise provided with accurate addresses for such entities, in writing,

on or before seven days before the Voting Deadline.  If a Solicitation Package, Notice of

Non-Voting Status and/or the Confirmation Hearing Notice is returned as undeliverable, the

Voting Agent shall at least seven business days before the Voting Deadline resend such mailing

provided that the United States Post Office has included a forwarding address or make other due

inquiry as the Voting Agent deems appropriate..

8.      To the extent that any notices sent by the Debtors or their agents to date in connection with the bankruptcy cases have been returned as undeliverable and the Voting Agent has made due inquiry, the Debtors and their agents are not required to send the Solicitation Package, the Notice of Non-Voting Status and/or the Confirmation Hearing Notice, as applicable, to such parties.

9.      With respect to any transferred Claim, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the Record Date or (b) the transferee files by the Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

10.     Any Claimant seeking to challenge the classification of its Claim or the allowance of its Claim for voting purposes must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "**Rule 3018 Motion**") and serve such motion on the counsel for the Debtors so that it is received by January 14, 2016.  Any Ballot submitted by a claimant that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount and/or classification, after notice and a hearing.  The Debtors may seek estimation of any Claim for voting purposes only after notice and a hearing.  The Debtors may challenge the Classification of a Claim or the allowance of a Claim solely for voting purposes by

filing a Rule 3018 Motion in accordance with the above-described procedures.  The Debtors may object to any estimated Claim on any and all other grounds thereafter.

11.    Unless otherwise Allowed pursuant to a prior order of the Court or pursuant to the Plan, the Debtors shall be permitted to object to the allowed amount of any Claim solely for calculating the amount of the Claim for voting purposes, and all of the Debtors' rights to further object to the Claim on any and all grounds are expressly reserved.

**Approval of the Confirmation Procedures**

12.    The Debtors' request to schedule the time for notice of (a) the Confirmation Objection Deadline and (b) the Confirmation Hearing is granted and the schedule shall be as set forth herein.

13.    The Confirmation Procedures, including the Confirmation Hearing Notice attached hereto as **Exhibit C**, and the form and manner of service and publication of the Confirmation Hearing Notice as described in the Motion, are approved as set forth in the Motion. Without limiting the foregoing, the Debtors are authorized to publish a notice of the Confirmation Hearing, the Confirmation Objection Deadline and the Voting Deadline (which may be substantially in the form of the Confirmation Hearing Notice) on or before January 4, 2016, one time in *Variety* and the global edition of *The Wall Street Journal*.  Additionally, the Debtors shall post the Confirmation Hearing Notice on the Debtors' restructuring website at https://www.donlinrecano.com/Clients/rm/ PlanOfReorg .

14.    The Debtors shall file the Plan Supplement on or prior to January 11, 2016.

15.    The Confirmation Hearing is scheduled to be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in Courtroom 617 at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004 beginning at 10:00 a. m. (Prevailing Eastern Time) on February 1, 2016.  The Confirmation Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

16.    Objections to confirmation of the Plan including objections to the assumption or rejection of any executory contract or unexpired lease, if any, must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection to the confirmation of the Plan; and (d) be filed with the Court and served on the following parties so that they are actually received no later than 4:00 p.m. (Prevailing Eastern Time) on January 21, 2016:

*a.*    the Debtors, c/o Relativity Fashion, LLC, 9242 Beverly Blvd., Suite 300, Beverly Hills, California 90210 (Attn:  Ramon Wilson, Andy Levin, and Carol Genis);

*b.*    counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Richard L. Wynne, Bennett L. Spiegel and Lori Sinanyan); Sheppard Mullin Richter & Hampton LLP, 30 Rockefeller Plaza, New York, New York 10012 (Attn:  Craig A. Wolfe, Malani J. Cademartori and Blanka K. Wolfe);

*c.*    the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan Golden and Serene Nakano);

*d.*    counsel to Plan Co-Proponent Kavanaugh at Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Van C. Durrer II and Shana Elberg);

*e.*    counsel to Plan Co-Proponent Nicholas at Taft Stettinius & Hollister LLP, 111 E. Wacker Drive, Suite 2800, Chicago, Illinois 60601-3713 (Attn: Michael A. Cramarosso);

*f.*  counsel to the Creditors' Committee, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn:  Albert Togut and Frank Oswald);

*g.*  the SEC; and

*h.*  all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

For purposes of filing pleadings in these cases, the address of the Court is One Bowling Green, New York, New York 1004.  Attorneys may also file pleadings on the Court's Document Filing System (ECF) by completing and submitting the Electronic Filing Registration Form, available on the Court's website at www.nysb.uscourts.gov.

17.    Any party's objection to the assumption of its executory contract or unexpired lease as part of the Debtors' sale motion (at Dkt. 25) that was otherwise preserved in the relevant sale orders (at Dkts. 768, 852, and 876) is deemed moot.  Such party must refile and renotice its objection **on or before January 21, 2016**, but may attach  or otherwise refer to its previous filing for convenience.

18.    Unless otherwise permitted or directed by the Court, (a) the Debtors shall file the Tabulation Declaration no later than January 25, 2016 and (b) the Debtors may file a consolidated reply to all objections to the Plan no later than noon Eastern Time on January 28, 2016.

19.    The Debtors are authorized to take (or refrain from taking) any action and expend such funds as necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further Order of the Court.

NAI-1500711814v2

20.    This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation and/or interpretation of this Order

Dated:  December 17, 2015
New York, New York

<u>**s/Michael E. Wiles**</u>
UNITED STATES BANKRUPTCY JUDGE

NAI-1500711814v2

## EXHIBIT A-1

**(Proposed Ballot for Classes B, C, D, E and G – Secured Claims)**

NAI-1500711814v2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING**
**THE PLAN PROPONENTS' SECOND AMENDED PLAN OF REORGANIZATION**
**<u>PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

**CLASSES B, C, D, E, AND G – SECURED CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS**
**CAREFULLY BEFORE COMPLETING THE BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY**
**4:00 P.M. (EASTERN TIME) ON**
**WEDNESDAY, JANUARY 20, 2016 (THE "*VOTING DEADLINE*")**

The Debtors have sent this Ballot to you because our records indicate that as of <u>**December 17, 2015**</u>, you are a holder of a Class B, C, D, E, and/or G – Secured Claim. Accordingly, you have a right to vote to accept or reject the *Plan Proponents' Second Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "*Plan*").[2]

**FOR ADMINISTRATIVE EASE, ALTHOUGH AS A HOLDER OF A CLAIM IN CLASS B, C, D, E, OR G, YOU MAY HAVE A CLAIM AGAINST MORE THAN ONE DEBTOR, YOU ARE RECEIVING AND SHOULD SUBMIT ONLY ONE BALLOT ON ACCOUNT OF YOUR CLAIMS AGAINST EACH OF THE DEBTORS. YOUR ONE BALLOT WILL BE COUNTED AS HAVING BEEN FILED AGAINST EACH OF THE SPECIFIED DEBTORS LISTED IN THE BALLOT.**

Your rights are described in the *Second Amended Disclosure Statement for Plan Proponents' Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (the "**Disclosure Statement**"). The Disclosure Statement, the Plan, the Solicitation Procedures Order and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot. Additionally, the Solicitation Package can be obtained free of charge by: (a) visiting the case website at https://www.donlinrecano.com/Clients/rm/ PlanOfReorg maintained by Donlin, Recano & Company, Inc., the notice, claims and solicitation agent retained by the Debtors in these chapter 11 cases (the "**Voting Agent**"); (b) contacting the Voting Agent by calling (212) 771-1128; (c) emailing Balloting@donlinrecano.com; and/or (d) writing to Donlin, Recano & Company, Inc., re: Relativity Fashion, LLC, et al., Attn: Ballot Processing, P. O. Box 2034, Murray Hill Station, New York, NY 10156-0701.

---

[1]    The Debtors in these chapter 11 cases are set forth on page (i).

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the *Order Approving Debtors' Motion for an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan Proponents' Plan of Reorganization, (II) Shortening Time for Notice of Confirmation Objection Deadline and Confirmation Hearing, (III) Approving Related Notice Procedures and (IV) Scheduling Confirmation Hearing* (Dkt. No. [_]) (the "**Solicitation Procedures Order**").

NAI-1500711814v2

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J&J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

-(i)-

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information as required under section 1125 of the Bankruptcy Code.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe you have received this Ballot in error, please contact the Voting Agent at the address or telephone number set forth above.

*You should carefully review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class B, C, D, E, and/or G – Secured Claims under the Plan.  If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.*

If the Voting Agent does not **actually receive** this Ballot **on or before the Voting Deadline, which is 4:00 p.m. (Eastern Time) on January 20, 2016,** and if the Voting Deadline is not extended, your vote will not count.  **If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1:  Principal Amount of Class B, C, D, E, or G – Secured Claims.**

The undersigned hereby certifies that as of the Voting Record Date, December 17, 2015, the undersigned was the holder of Class B, C, D, E, and/or G – Secured Claim against the Debtors in the following aggregate amount:

|  |
|--|

**Item 2:  Class B, C, D, E and G – Secured Claims Vote on the Plan.**

**A vote to accept the Plan constitutes an acceptance and consent to the third-party release provisions set forth in Article X of the Plan.[1]  A vote to reject the Plan constitutes a rejection of the third-party release provisions set forth in Section X of the Plan unless you specifically elect to provide the third-party release.**

**PLEASE TAKE NOTICE THAT Article X of the Plan also contains the following provisions:**

**Releases by the Debtors.**  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Exhibits, the Disclosure Statement, any amendments thereto, the Initial DIP Credit Agreement, the Initial DIP Order, the Modified DIP Credit Agreement, the Modified DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed hereunder; provided, however, that the foregoing provisions of Section X.E of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements

---

[1]    The parties to be released pursuant to Article X of the Plan are, subject to Bankruptcy Court approval (the "**Released Parties**") are (a) the Debtors; (b) the Debtors' respective boards of managers and the members thereof each as of the Petition Date; (c) the Creditors' Committee; (d) Manchester Securities Corporation, Manchester Lib rary Company, and Heatherden; (e) the lenders party to the Financing Agreement, each as of May 30, 2012, but solely in their capacity as lenders; (f) the Buyer, and (g) Cortland (not individually, but solely in its separate capacities as collateral agent and administrative agent under the Existing DIP Facility and collateral agent and administrative agent under the TLA/TLB Facility), and each of the foregoing's Representatives to the extent permitted under applicable law; **provided**, **however**, any release of Manchester Securities Corporation, Manchester Library Company, or Heatherden is subject to the resolution of any potential and/or actual Claims and/or Causes of Action against Manchester Securities Corporation and its affiliates identified and/or asserted by the Creditors' Committee; provided, further, however, that the Excluded Release Parties listed on Exhibit J to the Plan shall not be included in the definition of "Released Parties."

or documents previously assumed or to be entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the Debtors or Reorganized Debtors are a party.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim or cause of action released pursuant to the Debtor Release.  Nothing herein shall abrogate applicable attorney disciplinary rules.

**Releases by Holders of Claims and Interests**.  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Releasing Party shall be deemed to have forever released and covenanted with the Released Parties to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation the Plan, the Exhibits, the Disclosure Statement, any amendments thereto, the Initial DIP Credit Agreement, the Initial DIP Order, the Modified DIP Credit Agreement, the Modified DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed hereunder; *provided*, *however*, that Section X.E of the Plan shall have no effect on:  (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document previously assumed or to be entered into or delivered in connection with the Plan; (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud); (c) any non-Releasing Party; or (d) the Union Enties solely with respect to Manchester, Heatherden or other affiliated entities.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Third Party Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim or cause of action released pursuant to the Third Party Release.  Nothing herein shall abrogate applicable attorney disciplinary rules.

**Injunction Enjoining Holders of Claims Against the Debtors.**  As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the Debtors, the Reorganized Debtors, the Released Parties (to the extent the Released Parties are released by a Releasing Party) or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any Debtor, Reorganized

Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, or as agreed to by a Holder of a Claim or Interest and the Reorganized Debtors (on behalf of the TV Debtors), all Entities (other than the Debtors) who have held, hold or may hold Claims against or Interests in any or all of the TV Debtors (whether proof of such Claims or Interests has been Filed or not), along with their respective present or former employees, agents, officers, directors or principals, are permanently enjoined, on and after the Effective Date, solely with respect to any Claims or Interests that are treated pursuant to the Plan, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the property of the Debtors, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the property of any of the Debtors, (iii) creating, perfecting, or otherwise enforcing in any manner directly or indirectly, any encumbrance of any kind against the property of any of the Debtors, (iv) asserting any right of setoff, directly or indirectly, against any obligation due of any of the Debtors, except as contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

**Exculpation of Debtors.**  From and after the Effective Date, the Exculpated Parties, the Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives shall have any right of action against any Debtor, Reorganized Debtor, Exculpated Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors in Possession or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the foregoing or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed hereunder; provided, however, that the foregoing provisions of Section X.D of the Plan shall have no effect on:  (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document previously assumed or to be entered into or delivered in connection with the Plan or (2) the liability of any Exculpated Party that would otherwise result from any act or omission of such Exculpated Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

***

The holder of the Class B, C, D, E, and or/G – Secured Claims set forth in Item 1 votes to (please check one):

| __ACCEPT THE PLAN__ | __REJECT THE PLAN__ | __REJECT THE PLAN BUT__ <br> __PROVIDE THE RELEASE__ |
|:---:|:---:|:---:|
| ☐ | ☐ | ☐ |

Any Ballot that is executed but indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan will not be counted.

**Item 3:  Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

1.   either:  (a) the Person or Entity is the holder of the Class B, C, D, E, and/or G – Secured Claim(s) being voted; or (b) the Person or Entity is an authorized signatory for a Person or Entity that is a holder of the Class B, C, D, E, and/or G – Secured Claim(s) being voted;

2.   the Person or Entity has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3.      the Person or Entity has cast the same vote with respect to all Class B, C, D, E, and/or G – Secured Claim(s); and

4.      no other Ballots with respect to the amount of the Class B, C, D, E, and/or G– Secured Claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked.

Name of Holder (Print or Type):   _____

Social Security/Federal Tax ID. No.:   _____

Signature:   _____
Name of Signatory (If other than Holder):   _____

Title:   _____

Address:   _____

_____
Date Completed:

☐      Please check here if the above address is a change of address that you would like reflected in the service list for this chapter 11 case.

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED BEFORE THE VOTING DEADLINE, WHICH IS JANUARY 20, 2016 AT 4:00 P.M. (EASTERN TIME), AT ONE OF THE ADDRESSES BELOW.  BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL <u>NOT</u> BE COUNTED (UNLESS THE DEBTORS EXTEND THE VOTING DEADLINE).**

| If delivered by first-class U.S. mail: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>P.O. Box 2034<br>Attn:  Voting Department<br>Murray Hill Station<br>New York, NY 10156 |
|---|---|
| If delivered by overnight mail: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>Attn:  Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219 |
| If delivered by hand delivery: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>Attn:  Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219 |

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE VOTING AGENT AT (212) 771-1128**

NAI-1500711814v2

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of holders of Claims with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions but not otherwise defined in the ballot or these instructions shall have the meanings set forth in the Plan or the Solicitation Procedures Order, copies of which also accompany the Ballot.

2. The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan if, among other things, the Plan is confirmed.  Please review the Disclosure Statement for more information.

3. To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope.  The Voting Deadline for the receipt of Ballots by the Voting Agent is **4:00 p.m. (Eastern Time) on Wednesday, January 20, 2016**.  Your completed Ballot must be received by the Voting Agent at one of the addresses listed below on or before the Voting Deadline.

| If delivered by first-class U.S. mail: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>P.O. Box 2034<br>Attn:  Voting Department<br>Murray Hill Station<br>New York, NY 10156 |
|---|---|
| If delivered by overnight mail: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>Attn:  Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219 |
| If delivered by hand delivery: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>Attn:  Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219 |

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.  If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you receive.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise.  The method of delivery of Ballots to the Voting Agent is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally and properly **executed** Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.  Delivery of a Ballot to the Voting Agent by facsimile, e-mail or any other electronic means shall not be valid, except as expressly authorized in writing by the Plan Proponents.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent) or the Debtors' financial or legal advisors and if so sent will not be counted.

6. If multiple Ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last dated valid Ballot timely received will supersede and revoke any earlier dated Ballots.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. This Ballot does not constitute, and shall not be deemed to be (a) a Proof of Claim or (b) an assertion or admission of a Claim.

NAI-1500711814v2

9.     Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Voting Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the annexed mailing label or if no such mailing label is annexed to the Ballot.

10.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot received after the Voting Deadline unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Ballot; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (d) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed; (e) any Ballot not bearing an original signature; (f) any Ballot that does not indicate either an acceptance or rejection of the Plan; (g) any Ballot that indicates both an acceptance and rejection of the Plan; and (h) any Ballot transmitted to the Debtors' Voting Agent by facsimile or other electronic means.

**<u>EXHIBIT A-2</u>**

**(Proposed Ballot for Class J – General Unsecured Claims)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**BALLOT FOR ACCEPTING OR REJECTING**
**THE PLAN PROPONENTS' SECOND AMENDED PLAN OF REORGANIZATION**
<u>**PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**</u>

---

**CLASS J – GENERAL UNSECURED CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS**
**CAREFULLY BEFORE COMPLETING THE BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY**
**4:00 P.M. (EASTERN TIME) ON**
**WEDNESDAY, JANUARY 20, 2016 (THE "*VOTING DEADLINE*")**

---

The Debtors have sent this Ballot to you because our records indicate that as of <u>**December 17, 2015**</u>, you are a holder of a Class J – General Unsecured Claim.  Accordingly, you have a right to vote to accept or reject the *Plan Proponents' Second Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "***Plan***").[2]

**THE PLAN PROPONENTS HAVE REQUESTED THAT THE DEBTORS BE DEEMED SUBSTANTIVELY CONSOLIDATED FOR PURPOSES OF TREATING THE GENERAL UNSECURED CREDITORS UNDER THE PLAN.  ACCORDINGLY, ALTHOUGH AS A HOLDER OF A CLAIM IN CLASS J, YOU MAY HAVE A CLAIM AGAINST MORE THAN ONE DEBTOR, YOU ARE RECEIVING AND SHOULD SUBMIT ONLY ONE BALLOT ON ACCOUNT OF YOUR CLAIMS AGAINST ONE OR MORE DEBTORS.**

Your rights are described in the Second Amended *Disclosure Statement for Plan Proponents' Second Amended Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* and all exhibits related thereto (the "**Disclosure Statement**").  The Disclosure Statement, the Plan, the Solicitation Procedures Order and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  Additionally, the Solicitation Package can be obtained free of charge by:  (a) visiting the case website at https://www.donlinrecano.com/Clients/rm/ PlanOfReorg maintained by Donlin, Recano & Company, Inc., the notice, claims and solicitation agent retained by the Debtors in these chapter 11 cases (the "**Voting Agent**"); (b) contacting the Voting Agent by calling (212) 771-1128; (c) emailing Balloting@donlinrecano.com; and/or (d) writing to Donlin, Recano & Company, Inc., re: Relativity Fashion, LLC, et al., Attn: Ballot Processing, P. O. Box 2034, Murray Hill Station, New York, NY 10156-0701.

---

[1]     The Debtors in these chapter 11 cases are set forth on page (i).

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the *Order Approving Debtors' Motion for an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan Proponents' Plan of Reorganization, (II) Shortening Time for Notice of Confirmation Objection Deadline and Confirmation Hearing, (III) Approving Related Notice Procedures and (IV) Scheduling Confirmation Hearing* (Dkt. No. [_]) (the "**Solicitation Procedures Order**").

NAI-1500711814v2

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J&J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information as required under section 1125 of the Bankruptcy Code. Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe you have received this Ballot in error, please contact the Voting Agent at the address or telephone number set forth above.

*You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class J – General Unsecured Claims under the Plan. If you hold Claims or Interests in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.*

If the Voting Agent does not **actually receive** this Ballot **on or before the Voting Deadline, which is 4:00 p.m. (Eastern Time) on January 20, 2016,** and if the Voting Deadline is not extended, your vote will not count. **If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1: Principal Amount of Class J – General Unsecured Claims.**

The undersigned hereby certifies that as of the Voting Record Date, December 17, 2015, the undersigned was the holder of Class J – General Unsecured Claim against the Debtors in the following aggregate amount:

| |
|---|
| |

**Item 2: Class J - General Unsecured Claims Vote on the Plan.**

**A vote to accept the Plan constitutes an acceptance and consent to the third-party release provisions set forth in Article X of the Plan.[1] A vote to reject the Plan constitutes a rejection of the third-party release provisions set forth in Section X of the Plan.**

**PLEASE TAKE NOTICE THAT Article X of the Plan also contains the following provisions:**

**Releases by the Debtors.** Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, to the fullest extent permitted by law, the Debtors and the Reorganized Debtors, on behalf of themselves and their affiliates, the Estates and their respective successors, assigns and any and all Entities who may purport to claim by, through, for or because of them, shall forever release, waive and discharge all Liabilities that they have, had or may have against a Debtor, the Estates, any Released Party with respect to the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Exhibits, the Disclosure Statement, any amendments thereto, the Initial DIP Credit Agreement, the Initial DIP Order, the Modified DIP Credit Agreement, the Modified DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed hereunder; provided, however, that the foregoing provisions of Section X.E of the Plan shall not affect (a) the liability of any Released Party that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud), (b) any rights to enforce the Plan or the other contracts, instruments, releases, agreements

---

[1]     The parties to be released pursuant to Article X of the Plan are, subject to Bankruptcy Court approval (the "**Released Parties**") are (a) the Debtors; (b) the Debtors' respective boards of managers and the members thereof each as of the Petition Date; (c) the Creditors' Committee; (d) Manchester Securities Corporation, Manchester Lib rary Company, and Heatherden; (e) the lenders party to the Financing Agreement, dated as of May 30, 2012, but solely in their capacity as lenders; (f) the Buyer, and (g) Cortland (not individually, but solely in its separate capacities as collateral agent and administrative agent under the Existing DIP Facility and collateral agent and administrative agent under the TLA/TLB Facility), and each of the foregoing's Representatives to the extent permitted under applicable law; **provided, however**, any release of Manchester Securities Corporation, Manchester Library Company, or Heatherden is subject to the resolution of any potential and/or actual Claims and/or Causes of Action against Manchester Securities Corporation and its affiliates identified and/or asserted by the Creditors' Committee; provided, further, however, that the Excluded Release Parties listed on Exhibit J to the Plan shall not be included in the definition of "Released Parties."

or documents previously assumed or to be entered into or delivered in connection with the Plan, (c) except as otherwise expressly set forth in the Plan, any objections by the Debtors or the Reorganized Debtors to Claims or Interests filed by any Entity against any Debtor and/or the Estates, including rights of setoff, refund or other adjustments, (d) the rights of the Debtors to assert any applicable defenses in litigation or other proceedings with their employees (including the rights to seek sanctions, fees and other costs) and (e) any claim of the Debtors or Reorganized Debtors, including (but not limited to) cross-claims or counterclaims or other causes of action against employees or other parties, arising out of or relating to actions for personal injury, wrongful death, property damage, products liability or similar legal theories of recovery to which the Debtors or Reorganized Debtors are a party.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim or cause of action released pursuant to the Debtor Release.  Nothing herein shall abrogate applicable attorney disciplinary rules.

**Releases by Holders of Claims and Interests**.  Without limiting any other applicable provisions of, or releases contained in, the Plan, as of the Effective Date, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, each Releasing Party shall be deemed to have forever released and covenanted with the Released Parties to forever release, waive and discharge all Liabilities in any way that such Entity has, had or may have against any Released Party (which release shall be in addition to the discharge of Claims and termination of Interests provided herein and under the Confirmation Order and the Bankruptcy Code), in each case, relating to a Debtor, the Estates, the Chapter 11 Cases, the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation the Plan, the Exhibits, the Disclosure Statement, any amendments thereto, the Initial DIP Credit Agreement, the Initial DIP Order, the Modified DIP Credit Agreement, the Modified DIP Order, any of the New Securities and Documents, the Restructuring Transactions or any other transactions in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed hereunder; *provided*, *however*, that the Section X.E of the Plan shall have no effect on:  (a) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document previously assumed or to be entered into or delivered in connection with the Plan; (b) the liability of any Released Party that would otherwise result from any act or omission of such Released Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud); (c) any non-Releasing Party; or (d) the Union Enties solely with respect to Manchester, Heatherden or other affiliated entities.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the claims released by the Third Party Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Releasing Parties asserting any claim or cause of action released pursuant to the Third Party Release.  Nothing herein shall abrogate applicable attorney disciplinary rules.

**Injunction Enjoining Holders of Claims Against the Debtors.**  As of the Effective Date, except with respect to the obligations of the Reorganized Debtors under the Plan or the Confirmation Order, all Entities that have held, currently hold or may hold any Claims or Interests, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities that are waived, discharged or released under the Plan shall be permanently enjoined from taking any of the following enforcement actions against the Debtors, the Reorganized Debtors, the Released Parties (to the extent the Released Parties are released by a Releasing Party) or any of their respective assets or property on account of any such waived, discharged or released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action or Liabilities:  (1) commencing or continuing in any manner any action or other proceeding; (2) enforcing, levying, attaching, collecting or recovering in any manner any judgment, award, decree or order; (3) creating, perfecting or enforcing any lien or encumbrance; (4) asserting any right of setoff, subrogation or recoupment of any kind against any debt, liability or obligation due to any Debtor, Reorganized

-3-

Debtor or Released Party; and (5) commencing or continuing any action, in any manner, in any place to assert any Claim waived, discharged or released under the Plan or that does not otherwise comply with or is inconsistent with the provisions of the Plan.

Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, or as agreed to by a Holder of a Claim or Interest and the Reorganized Debtors (on behalf of the TV Debtors), all Entities (other than the Debtors) who have held, hold or may hold Claims against or Interests in any or all of the TV Debtors (whether proof of such Claims or Interests has been Filed or not), along with their respective present or former employees, agents, officers, directors or principals, are permanently enjoined, on and after the Effective Date, solely with respect to any Claims or Interests that are treated pursuant to the Plan, from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the property of the Debtors, (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the property of any of the Debtors, (iii) creating, perfecting, or otherwise enforcing in any manner directly or indirectly, any encumbrance of any kind against the property of any of the Debtors, (iv) asserting any right of setoff, directly or indirectly, against any obligation due of any of the Debtors, except as contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

**Exculpation of Debtors.**  From and after the Effective Date, the Exculpated Parties, the Debtors and the Reorganized Debtors shall neither have nor incur any liability to any Entity, and no Holder of a Claim or Interest, no other party in interest and none of their respective Representatives shall have any right of action against any Debtor, Reorganized Debtor, Exculpated Party or any of their respective Representatives for any act taken or omitted to be taken before the Effective Date in connection with, related to or arising out of the Chapter 11 Cases, the Debtors in Possession or the negotiation, consideration, formulation, preparation, dissemination, implementation, Confirmation or consummation of the Plan, the Exhibits, the Disclosure Statement, any amendments to any of the foregoing or any other transactions proposed in connection with the Chapter 11 Cases or any contract, instrument, release or other agreement or document created or entered into or any other act taken or omitted to be taken in connection therewith or in connection with any other obligations arising under the Plan or the obligations assumed hereunder; provided, however, that the foregoing provisions of Section X.D of the Plan shall have no effect on:  (1) the liability of any Entity that would otherwise result from the failure to perform or pay any obligation or liability under the Plan or any contract, instrument, release or other agreement or document previously assumed or to be entered into or delivered in connection with the Plan or (2) the liability of any Exculpated Party that would otherwise result from any act or omission of such Exculpated Party to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud).

***

The holder of the Class J – General Unsecured Claims set forth in Item 1 votes to (please check one):

**ACCEPT THE PLAN**　　　**REJECT THE PLAN**　　　　　**REJECT THE PLAN BUT**
**PROVIDE THE RELEASE**

☐　　　　　　　　　☐

☐

Any Ballot that is executed but indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan will not be counted.

**Item 3:  Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

1.  either:  (a) the Person or Entity is the holder of the Class J – General Unsecured Claim(s) being voted; or (b) the Person or Entity is an authorized signatory for a Person or Entity that is a holder of the Class J – General Unsecured Claim(s) being voted;

2.  the Person or Entity has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

NAI-1500711814v2

3.      the Person or Entity has cast the same vote with respect to all Class J – General Unsecured Claim(s); and

4.      no other Ballots with respect to the amount of the Class J – General Unsecured Claim(s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked.

| | |
|---|---|
| Name of Holder (Print or Type): | _____ |
| Social Security/Federal Tax ID. No.: | _____ |
| Signature: | _____ |
| Name of Signatory (If other than Holder): | _____ |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| Date Completed: | |

☐    Please check here if the above address is a change of address that you would like reflected in the service list for this chapter 11 case.

**PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED BEFORE THE VOTING DEADLINE, WHICH IS JANUARY 20, 2016 AT 4:00 P.M. (EASTERN TIME), AT ONE OF THE ADDRESSES BELOW.  BALLOTS RECEIVED AFTER THE VOTING DEADLINE WILL <u>NOT</u> BE COUNTED (UNLESS THE DEBTORS EXTEND THE VOTING DEADLINE).**

| | |
|---|---|
| If delivered by first-class U.S. mail: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>P.O. Box 2034<br>Attn:  Voting Department<br>Murray Hill Station<br>New York, NY 10156 |
| If delivered by overnight mail: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>Attn:  Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219 |
| If delivered by hand delivery: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>Attn:  Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219 |

<u>**PLEASE MAIL YOUR BALLOT PROMPTLY!**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE, PLEASE CONTACT THE VOTING AGENT AT (212) 771-1128**

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of holders of Claims with respect to the Plan annexed as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions but not otherwise defined in the ballot or these instructions shall have the meanings set forth in the Plan or the Solicitation Procedures Order, copies of which also accompany the Ballot.

2.  The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan if, among other things, the Plan is confirmed.  Please review the Disclosure Statement for more information.

3.  To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot <u>to the address set forth on the enclosed pre-addressed envelope</u>.  The Voting Deadline for the receipt of Ballots by the Voting Agent is **4:00 p.m. (Eastern Time) on Wednesday, January 20, 2016**.  Your completed Ballot must be received by the Voting Agent at one of the addresses listed below on or before the Voting Deadline.

| If delivered by first-class U.S. mail: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>P.O. Box 2034<br>Attn:  Voting Department<br>Murray Hill Station<br>New York, NY 10156 |
|---|---|
| If delivered by overnight mail: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>Attn:  Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219 |
| If delivered by hand delivery: | Donlin, Recano & Company, Inc.<br>Re: Relativity Fashion, LLC, et al.<br>Attn:  Voting Department<br>6201 15th Avenue<br>Brooklyn, NY 11219 |

4.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.  If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you receive.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise.  The method of delivery of Ballots to the Voting Agent is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Voting Agent actually receives the originally and properly **executed** Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an <u>overnight</u> or <u>hand delivery</u> <u>service</u>.  In all cases, holders should allow sufficient time to assure timely delivery.  Delivery of a Ballot to the Voting Agent by facsimile, e-mail or any other electronic means shall not be valid, except as expressly authorized in writing by the Plan Proponents.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Voting Agent) or the Debtors' financial or legal advisors and if so sent will not be counted.

6.  If multiple Ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last dated valid Ballot timely received will supersede and revoke any earlier dated Ballots.

7.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims and neither the Debtors nor the Voting Agent will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.  This Ballot does not constitute, and shall not be deemed to be (a) a Proof of Claim or (b) an assertion or admission of a Claim.

NAI-1500711814v2

9.      Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Voting Agent, the Debtors or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the annexed mailing label or if no such mailing label is annexed to the Ballot.

10.     The following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot received after the Voting Deadline unless the Debtors shall have granted in writing an extension of the Voting Deadline with respect to such Ballot; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (d) any Ballot cast for a Claim scheduled as unliquidated, contingent or disputed for which no proof of claim was timely filed; (e) any Ballot not bearing an original signature; (f) any Ballot that does not indicate either an acceptance or rejection of the Plan; (g) any Ballot that indicates both an acceptance and rejection of the Plan; and (h) any Ballot transmitted to the Debtors' Voting Agent by facsimile or other electronic means.

NAI-1500711814v2

**EXHIBIT B**

**(Proposed Tabulation Rules)**

**PROPOSED TABULATION RULES FOR**
**CLAIMS ENTITLED TO VOTE ON THE PLAN**

1.      For Administrative ease, although as a Holder of a Claim in Class B, C, D,

E, or G may have a Claim against more than one Debtor, such Holder shall only receive and

should only submit one Ballot on account of the Holder's Claims against each of the Debtors.

The one Ballot shall be counted as having been filed against each of the specified Debtors listed

in the Ballot.

2.      The Plan Proponents have requested that the Debtors be deemed

substantively consolidated for purposes of treating the General Unsecured Creditors under the

Plan.  Accordingly, although the Holder of a Claim in Class J may have a Claim against one or

more Debtors on account of the same underlying claim(s), the vote of such Holder in Class J

shall only be allowed to submit one Ballot on account of such Claim against one or more

Debtors.

3.      Unless otherwise provided in these Tabulation Rules, a Claim will be

deemed allowed for voting purposes in the amount equal to the fixed or liquidated amount

claimed by the Holder of such Claim in any timely filed proof of Claim.  Any additional

contingent or unliquidated amounts claimed on such proof of Claim will be disallowed for voting

purposes.  Notwithstanding any other provision contained herein, if a Claim is deemed allowed

in accordance with the Plan, such Claim will be allowed for voting purposes in the deemed

allowed amount set forth in the Plan, if any.

4.      If a Claim for which a proof of Claim has been timely filed is asserted as

wholly contingent, unliquidated or disputed and/or does not otherwise specify a fixed or

liquidated amount, such Claim will be temporarily allowed for voting purposes in the amount of

$1.00.

-1-

5.      If a Claim is listed in the Debtors' Schedules of Assets and Liabilities (as such may be amended or modified, collectively, the "**Schedules**") in an amount greater than $0.00, is not listed as contingent, unliquidated or disputed, and as to which no proof of Claim was timely filed, such Claim will be temporarily allowed for voting purposes in the scheduled amount and against the Debtor indicated in the Schedules.

6.      If a Claim is (a) either (i) not listed in the Schedules or (ii) listed in the Schedules as contingent, unliquidated or disputed or at $0.00 and (b) a proof of Claim was not timely filed or deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, unless the Debtors have consented otherwise in writing, such Claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c)(2).[1]

7.      If a Claim has been estimated or otherwise allowed for voting purposes by order of the Bankruptcy Court, or by an agreement between the Debtors and the creditor (an "**Estimation Agreement**"), such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed.  The following shall apply to Estimation Agreements:

> a.      With respect to any Estimation Agreement, the Debtors must file a notice of such agreement (an "**Estimation Notice**") with the Bankruptcy Court and serve such Estimation Notice on the affected creditor and the following parties (collectively, the "**Notice Parties**"):
>
> > *i.*      the Debtors, c/o Relativity Fashion, LLC, 9242 Beverly Blvd., Suite 300, Beverly Hills, California 90210 (Attn:  Ramon Wilson, Andy Levin and Carol Genis);
> >
> > *ii.*      counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Richard L. Wynne, Bennett L. Spiegel and Lori Sinanyan); Sheppard Mullin Richter & Hampton LLP, 30 Rockefeller Plaza, New York, New York

---

[1]      Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

            10012 (Attn:  Craig A. Wolfe, Malani J. Cademartori and Blanka K. Wolfe);

    *iii.*  the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan Golden and Serene Nakano);

    *iv.*  counsel to Plan Co-Proponent Kavanaugh at Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Van C. Durrer II and Shana Elberg);

    *v.*  counsel to Plan Co-Proponent Nicholas at Taft Stettinius & Hollister LLP, 111 E. Wacker Drive, Suite 2800, Chicago, Illinois 60601-3713 (Attn: Michael A. Cramarosso);

    *vi.*  counsel to the Creditors' Committee, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn:  Albert Togut and Frank Oswald);

    vii.  <u>counsel to Manchester, O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, California 90071 (Attn: Evan M. Jones), O'Melveny & Myers, Times Square Tower, 7 Times Square, New York, New York 10036 (Attn: Daniel S. Shamah) and Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036-8704 (Attn:  Keith H. Wofford and James A. Wright);</u>

    *viii.*  the SEC; and

    *ix.*  all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

b.    Each Estimation Notice:  (i)  shall describe the pertinent terms of the Estimation Agreement to which it pertains (including the amount(s) in which the applicable Claim(s) will be temporarily allowed for voting purposes); and (ii) provide that the Notice Parties may file written objections to such Estimation Agreement (an "**Estimation Objection**") and serve such objection on the Notice Parties no later than seven (7) days after service of the Estimation Notice (the "**Estimation Objection Deadline**").

c.    If no Estimation Objection is filed and served by the Estimation Objection Deadline with respect to a particular Estimation Agreement, the Claim(s) addressed in such Estimation Agreement will be temporarily allowed for voting purposes as set forth in the Estimation Agreement without further action of the parties or the Bankruptcy Court.

d.      If an Estimation Objection is timely filed and served, and such Estimation Objection is not resolved consensually by the parties, the Debtors may schedule such Estimation Objection and the relevant Estimation Agreement for any omnibus hearing before the Bankruptcy Court on not less than seven (7) business days' notice.  Along with any notice of hearing on a contested Estimation Agreement, the Debtors may file additional briefing in support of the agreement (a "**Supplemental Brief**"), and the party that filed the Estimation Objection will have three (3) business days from the service of the Supplemental Brief to file with the Bankruptcy Court and serve on the Debtors a response to the Supplemental Brief.  After the hearing, the Claim(s) addressed in the relevant Estimation Agreement will be temporarily allowed for voting purposes as set forth in the order of the Bankruptcy Court resolving the matter.

8.      If the Debtors have filed and served an objection to a Claim for voting or other purposes at least fourteen (14) days before the Voting Deadline, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection.  If an objection does not identify the proposed amount of a Claim (u.g., if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00, except as otherwise ordered by the Bankruptcy Court.

9.      The temporary allowance of Claims for voting purposes shall not constitute an allowance of such Claims for any other purposes, and shall be without prejudice to the rights of the Debtors and other parties in interest in any other context, including the right to contest the amount, validity or classification of any Claim for purposes of allowance and/or distribution under the Plan.  If the Holder of a Claim wishes to challenge either (a) the classification of such Claims or (b) the allowance of such Claim for voting purposes in accordance with the Tabulation Rules, the Holder must file a motion pursuant to Bankruptcy Rule 3018(a) (a "**Rule 3018 Motion**"), for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan and must serve such motion on counsel for the Debtors so that it is received by January 14, 2016.  Unless

-4-

the Bankruptcy Court orders otherwise, a Claim shall not be counted for voting purposes in

excess of the amount determined in accordance with the Tabulation Rules (regardless of the

amount set forth on the Ballot).  In addition, the Debtors may challenge the classification of a

Claim or the allowance of a Claim solely for voting purposes by filing a Rule 3018 Motion in

accordance with the above-described procedures.

10.    If a proof of Claim has been amended by a later filed proof of Claim, only

the later filed proof of Claim will be used for the purposes of these Tabulation Rules, and the

earlier filed proof of Claim will be disallowed for voting purposes, regardless of whether the

Debtors have objected to such superseded proof of Claim.

11.    If, after a reasonable review, the Voting Agent determines that a creditor

has filed duplicative proofs of Claim, only one such proof of Claim will be used for the purposes

of these Tabulation Rules regardless of whether the Debtors have objected to such duplicative

proof of Claim.

12.    If a party that is entitled to vote has more than one claim within the same

class against one or more of the Debtors based upon different transactions, said party shall be

entitled to one vote for numerosity purposes against each applicable Debtor in the dollar amount

of such party's aggregate claims against such Debtor.

13.    If any portion of a Claim has been transferred, the Holders of all portions

of such Claim will be (a) treated as a single creditor for purposes of the numerosity requirements

in section 1126(c) of the Bankruptcy Code (and for other voting and solicitation procedures set

forth herein) and (b) required to vote every portion of such Claim collectively to either accept or

reject the Plan.

14.    If a creditor casts more than one Ballot voting the same Claim before the Voting Deadline, the latest properly executed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots.

15.    Creditors are required to vote all of their Claims within a particular Class either to accept or reject the Plan and may not split their vote.

16.    In the event that any Ballot, group of Ballots received from a single creditor with respect to Claims in the same Class or group of Ballots received from the Holders of multiple portions of a single Claim, partially rejects and partially accepts the Plan, such Ballots will not be counted.

17.    Any proof of Claim filed for $0.00 will not be entitled to vote.

18.    Any proof of Claim not asserted in U.S. dollars will be allowed for voting purposes in an amount utilizing the exchange rate on the Record Date.

19.    In addition, the following Ballots shall not be counted:

- Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

- Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

- Any unsigned Ballot;

- Any Ballot that does not contain an original signature, or

- Any Ballot transmitted to the Voting Agent by facsimile or other means not specifically approved herein.

20.    The Debtors, in their reasonable discretion, and subject to contrary order of the Bankruptcy Court, may (a) waive any defect in any Ballot at any time, either before or after the Voting Deadline and without notice and (b)  reject any Ballot as invalid, and, therefore,

decline to utilize it in connection with confirmation of the Plan; provided, however, that such

invalid Ballots will be documented in the voting results filed with the Bankruptcy Court.

21.    To assist in the solicitation process, the Voting Agent may, but is not

obligated to, contact parties that submit incomplete or otherwise deficient ballots to cure such

deficiencies.

NAI-1500711814v2

## EXHIBIT C

**(Proposed Confirmation Hearing Notice)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF (I) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT PLAN OF REORGANIZATION, (II) HEARING TO CONSIDER CONFIRMATION OF PLAN OF REORGANIZATION AND (III) RELATED MATTERS**

**PLEASE TAKE NOTICE:**

1.    On July 30, 2015, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.    Copies

3.    of the Disclosure Statement Order, including the Plan and the Disclosure Statement, are available at the Debtors' expense upon request to Donlin, Recano & Company, Inc., re: Relativity Fashion, LLC, et al., Attn: Ballot Processing, P. O. Box 2034, Murray Hill Station, New York, NY 10156-0701.  In addition, any party may review the Disclosure Statement Order, the Bidding Procedures Order, including the Bidding Procedures, the Plan and the Disclosure Statement and related exhibits without charge via the internet at https://www.donlinrecano.com/Clients/rm/PlanOfReorg.On November 18, 2015, the Debtors filed:  (a) *Plan Proponents' Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (Dkt. No. 992) (as it may be amended or modified, the "**Plan**")[2] and (b) *Disclosure Statement for Plan Proponents' Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (Dkt. No. 991), which was revised on November 20, 2015 (as it may be further amended or modified, the "**Disclosure Statement**").

4.    A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**"), will be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in Courtroom 617 at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004 beginning at 10:00 a. m. (Prevailing Eastern Time) on February 1, 2016.

5.    Pursuant to the orders of the Bankruptcy Court dated December 17, 2015 (Dkt. No. [_] and [__]) (the "**Disclosure Statement Order**" and the "**Solicitation Procedures Order**" respectively), the Disclosure Statement and certain related materials (collectively, the "**Solicitation Materials**") have been approved for solicitation of votes to accept or reject the Plan.

---

[1]    The Debtors in these chapter 11 cases are set forth on page (i).

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J&J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 9021

NAI-1500711814v2

6. Pursuant to the Plan, Classes B, C, D, E, G and J are entitled to vote on the Plan.

7. Holders of Claims against the Debtors as of December 17, 2015 (the Record Date established by the Court in the Disclosure Statement Order) in a Class entitled to vote on the Plan, will receive a Solicitation Package.  The Solicitation Package includes, among other things, a ballot form (a "**Ballot**") and voting instructions appropriate for such Claim, as well as copies of the Plan and Disclosure Statement and related solicitation materials.

8. The deadline to return completed Ballots is 4:00 p.m. (Prevailing Eastern Time) on January 20, 2016 (the "**Voting Deadline**").  Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is **received** by the Voting Deadline may disqualify the Ballot.  **You are encouraged to read the voting instructions carefully and review the Disclosure Statement before voting.**

9. Pursuant to the Plan, Classes A, F, H, I, K and L are **not** entitled to vote on the Plan.

10. **In connection with confirmation of the Plan, the Debtors are seeking approval of certain releases, including releases of certain nondebtor entities, that will become effective and binding on the Effective Date in accordance with the terms of the Plan and the Confirmation Order.  These releases are described in detail in SECTION X of the Plan and SECTION IX of the Disclosure Statement.**

11. You may also be a counterparty to an executory contract or unexpired lease that the Debtors seek to assume or reject as part of the Plan.  As further detailed and qualified in Section IV of the Plan, the Debtors generally seek to assume all executory contracts or unexpired leases unless otherwise specified.

12. Objections, if any, to the confirmation of the Plan including objections to the assumption or rejection of any executory contract or unexpired lease must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Bankruptcy Court and served on the following parties **so that they are received no later than 4:00 p.m.** (Prevailing **Eastern Time) on January 21, 2016**:

 a) the Debtors, c/o Relativity Fashion, LLC, 9242 Beverly Blvd., Suite 300, Beverly Hills, California 90210 (Attn: Ramon Wilson, Andy Levin and Carol Genis);

 b) co-counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Richard L. Wynne, Bennett L. Spiegel and Lori Sinanyan) and Sheppard Mullin Richter & Hampton LLP, 30 Rockefeller Plaza, New York, New York 10012 (Attn:  Craig A. Wolfe, Malani J. Cademartori and Blanka K. Wolfe);

 c) the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Susan Golden and Serene Nakano);

 d) counsel to Plan Co-Proponent Kavanaugh at Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Van C. Durrer II and Shana Elberg);

e)      counsel to Plan Co-Proponent Nicholas at Taft Stettinius & Hollister LLP, 111 E. Wacker Drive, Suite 2800, Chicago, Illinois 60601-3713 (Attn: Michael A. Cramarosso);

f)      counsel to the Creditors' Committee, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn:  Albert Togut and Frank Oswald);

g)      the SEC; and

h)      all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

Any party's objection to the assumption of its executory contract or unexpired lease as part of the Debtors' sale motion (at Dkt. 25) that was otherwise preserved in the relevant sale orders (at Dkts. 768, 852, and 876) is deemed moot.  Such party must refile and renotice its objection **on or before January 21, 2016**, but may attach  or otherwise refer to its previous filing for convenience.

For purposes of filing pleadings in these cases, the address of the Bankruptcy Court is One Bowling Green, New York, New York 1004.  Attorneys may also file pleadings on the Bankruptcy Court's Document Filing System (ECF) by completing and submitting the Electronic Filing Registration Form, available on the Bankruptcy Court's website at **www.nysb.uscourts.gov**.

13.    The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

Dated:  December 23, 2015

                                _____

Bennett L. Spiegel, Esq.
Richard L. Wynne, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
JONES DAY
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306

            -and-

Craig A. Wolfe, Esq.
Malani J. Cademartori
Blanka K. Wolfe, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701

*Attorneys For Debtors And Debtors In Possession*

# EXHIBIT D

**(Proposed Solicitation Package and General Procedures)**

## THE SOLICITATION PACKAGE AND SOLICITATION PROCEDURES

1.      The Solicitation Package, comprised of the materials required to be provided to Holders of Claims under Bankruptcy Rule 3017(d), will be mailed to appropriate parties in interest after the Bankruptcy Court has approved the contents of the Disclosure Statement as containing adequate information, as required by section 1125 of the Bankruptcy Code.  Specifically, no later than five (5) business days following the entry of the order approving the Disclosure Statement, the Debtors will mail Solicitation Packages or cause such Solicitation Packages to be mailed by U.S. mail, postage prepaid, to Holders of Claims in the Voting Classes.

2.      Solicitation Packages will contain copies of the following items:

     i.      cover letter describing (a) the contents of the Solicitation Package, (b) the contents of any enclosed CD-ROM or other electronic device and instructions for use of the CD-ROM or other electronic device and (c) information about how to obtain, at no charge, hard copies of any materials provided on the CD-ROM or other electronic device;

     ii.     the Confirmation Hearing Notice;

     iii.    the order approving the Disclosure Statement and the order approving the Solicitation Procedures;

     iv.    the Disclosure Statement together with the exhibits thereto, including the Plan, that have been filed with the Bankruptcy Court before the date of the mailing, except as set forth below,[1]

---

[1]  The Disclosure Statement and the Plan, including exhibits, are voluminous.  Accordingly, to reduce substantially the administrative costs associated with printing and mailing such a voluminous document, the Debtors may elect to serve the Disclosure Statement and the Plan (including exhibits) via CD-ROM or other electronic device instead of in printed format to all parties (while reserving the right to serve printed copies of the Solicitation Packages, as described below).  This procedure has been approved in other large chapter 11 cases in this District and elsewhere. See In re Energy Future Holdings Corp., No. 14-10979 (CSS) (Bankr. D. Del. Sept. 22, 2015) [Docket No. 6131]; In re Altegrity, Inc., No. 15-10226 (LSS) (Bankr. D. Del. May 15, 2015) [Docket No. 529]; In re NII Holdings, Inc., No. 14-12611 (SCC) (Bankr. S.D.N.Y. Apr. 20, 2015) [Docket No. 655]; In re Source Hom Entm't, LLC, No. 14-11553 (KG) (Bankr. D. Del. Jan. 12, 2015); In re FAH Liquidating Corp., No. 13-13087 (KG) (Bankr. D. Del. Dec. 10, 2013). [Docket No. 126].

> v.     any letters, the form of which have been approved by the
> Bankruptcy Court, from (a) the Debtors, recommending
> acceptance of the Plan and/or (b) certain other constituencies
> setting forth their recommendations with respect to the Plan;[2] and
>
> vi.     for Holders of Claims in Voting Classes, an appropriate form of
> Ballot, a pre-paid, pre-addressed return envelope and such other
> materials as the Bankruptcy Court may direct.

3.     If the recipient is a Holder of a Claim or Interest in a Non-Voting Class, the Solicitation Package shall consist only of a Notice of Non-Voting Status and the Confirmation Hearing Notice.

4.     In addition to the service procedures outlined above:  (1) the Plan, the Disclosure Statement and, once they are filed, all exhibits to both documents will be made available at no charge via the internet at https://www.donlinrecano.com/Clients/rm/ PlanOfReorg ; (2) the Debtors will provide parties in interest (at no charge) with hard copies of the Plan and/or Disclosure Statement (excluding any publicly filed exhibits) upon written request; and (3) the Debtors will separately file copies of all exhibits to the Plan (including the Plan Supplement) with the Bankruptcy Court at least seven days before the objection deadline for the Confirmation Hearing to the extent not filed earlier.

5.     The Debtors anticipate that the United States Postal Service may return some Disclosure Statement Notices as undeliverable.  The Debtors submit that it is costly and wasteful to mail Solicitation Packages to the same addresses from which mail was previously returned as undeliverable.  The Debtors request that the Bankruptcy Court waive the strict notice rule and, if after the Voting Agent has made due inquiry, the Disclosure Statement Notice is undeliverable, excuse the Debtors from mailing Solicitation Packages to addresses from which

---

[2]     The Debtors reserve the right to include letters setting forth recommendations with respect to the Plan in the Solicitation Package.  The Debtors intend to file copies of any such letters with the Bankruptcy Court prior to the hearing on the Motion.

NAI-1500711814v2

the Debtors received previous mailings returned as undeliverable unless the Debtors are provided

with a new mailing addresses before the Solicitation Date.

6.      The Debtors request that they not be required to distribute copies of the

Plan or Disclosure Statement to any party to an executory contract who holds a claim that is not

allowed, filed, or scheduled, unless such party makes a specific request in writing for same.  The

Debtors will distribute the Confirmation Hearing Notice to such counterparties to executory

contracts that have not been assumed or rejected as of the Record Date.

7.      Solicitation Packages will be mailed to known Holders of Claims at the

following addresses:  (1) for persons or entities that have filed proofs of Claim, at the address

provided on the face of the filed proof of Claim; (2) for persons or entities listed on the

Schedules, at the most current address contained in the Debtors' books and records; and (3) for a

Claim transferee at the address set forth in a valid notice of transfer or the address provided in

the requests for notice filed in accordance with Bankruptcy Rule 2002.

8.      If

a Solicitation Package, Notice of Non-Voting Status and/or the Confirmation

Hearing Notice  is returned as undeliverable, the Voting Agent shall at least seven

(7) business days before the Voting Deadline resend such mailing provided that

the United States Post Office has included a forwarding address or make other

due inquiry as the Voting Agent deems appropriate..

9.      To the extent that any notices sent by the Debtors or their agents to date in

connection with the chapter 11 cases have been returned as undeliverable, the Debtors and their

agents are not required to send the Solicitation Packages, the Notice of Non-Voting Status and/or

the Confirmation Hearing Notice, as applicable, to such parties.

# EXHIBIT E

**(Notice of Non-Voting Status)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administered) |

**NOTICE OF NON-VOTING STATUS**
**UNDER THE PLAN PROPONENTS' PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE:**

1.    On July 30, 2015, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced these cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.    Copies of any of the documents or other information referenced herein are available at no charge via the internet at https://www.donlinrecano.com/Clients/rm/PlanOfReorg .

3.    On November 18, 2015, the Debtors filed:  (a) *Plan Proponents' Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (Dkt. No. 992) (as it may be amended or modified, the "**Plan**")[2] and (b) *Disclosure Statement for Plan Proponents' Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (Dkt. No. 991), which was revised on November 20, 2015 (as it may be further amended or modified, the "**Disclosure Statement**").

4.    On December 17, 2015, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") entered an order approving the Disclosure Statement and the form and manner of service of the Disclosure Statement Notice (the "**Disclosure Statement Order**").  In addition, the Bankruptcy Court entered an order (a) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan (the "**Solicitation Procedures**"), (b) approving the contents of the proposed solicitation packages to be distributed to the Debtors' stakeholders and other parties in interest who are entitled to vote in connection with the solicitation of votes on the Plan (collectively, the "**Solicitation Packages**"); (c) scheduling the time for notice of (i) the deadline to file objections to confirmation of the Plan and (ii) the hearing on confirmation of the Plan and (d) scheduling a confirmation hearing (the "**Confirmation Hearing**").

5.    Pursuant to Rule 3017(d) of the Federal Rules of Bankruptcy Procedure (collectively, the "**Bankruptcy Rules**") and/or the Disclosure Statement Order, the Debtors: (a) are required to provide Solicitation Packages to all creditors and equity security holders entitled to vote on the Plan; and (b) are not required to provide Solicitation Packages to holders

---

[1]    The Debtors in these chapter 11 cases are set forth on page (i).
[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

of claims or interests in Classes under the Plan that are conclusively presumed to either accept or reject the plan (collectively, the "**Non-Voting Classes**").

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J&J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558).  The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

(i)

6.      Pursuant to the Plan, **YOUR CLAIM(S) AGAINST THE DEBTORS IN CLASSES A, F, H, I, K and L IS/ARE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN**.  Accordingly, pursuant to the Solicitation Procedures approved by the Disclosure Statement Order, you are receiving this Notice in lieu of a Solicitation Package containing, among other things, copies of the Disclosure Statement and the Plan.  Should you wish to obtain a copy of either the Disclosure Statement or the Plan, copies of either document (including any exhibits thereto) are available as stated in paragraph 2 abovoe. Copies of either the Disclosure Statement or the Plan (excluding any publicly-filed exhibits thereto) are also available at the Debtors' expense upon a written request made to Donlin, Recano & Company, Inc., re: Relativity Fashion, LLC, et al., Attn: Ballot Processing, P. O. Box 2034, Murray Hill Station, New York, NY 10156-0701.

7.      If you wish to challenge the Debtors' classification of your claim, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "**Rule 3018 Motion**"), for an order temporarily allowing your Claim in a different classification or amount for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received by January 14, 2016.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes, after notice and a hearing prior to January 20, 2016 (i.e., the last date fixed for creditors to vote to accept or reject the Plan).  Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

8.      The Confirmation Hearing will held before the Honorable Michael E. Wiles, United States Bankruptcy Judge, in Courtroom 617 at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004 beginning at 10:00 a. m. (Prevailing Eastern Time) on February 1, 2016.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement of the adjourned date at the Confirmation Hearing or any continued hearing.

9.      You may also be a counterparty to an executory contract or unexpired lease that the Debtors seek to assume or reject as part of the Plan.  As further detailed and qualified in Section IV of the Plan, the Debtors generally seek to assume all executory contracts or unexpired leases unless otherwise specified.

10.     Objections, if any, to the confirmation of the Plan including objections to the assumption or rejection of any executory contract or unexpired lease must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection; and (d) be filed with the Bankruptcy Court and served on the following parties **so that they are received no later than 4:00 p.m., Prevailing Eastern Time, on January 21, 2016**:

*a.*    the Debtors, c/o Relativity Fashion, LLC, 9242 Beverly Blvd., Suite 300, Beverly Hills, California 90210 (Attn:  Ramon Wilson, Andy Levin, and Carol Genis);

*b.*    counsel to the Debtors, Jones Day, 222 East 41st Street, New York, New York 10017 (Attn:  Richard L. Wynne, Bennett L. Spiegel and Lori Sinanyan); Sheppard Mullin Richter & Hampton LLP, 30

-2-

Rockefeller Plaza, New York, New York 10012 (Attn:  Craig A. Wolfe, Malani J. Cademartori and Blanka K. Wolfe);

c.   the Office of the United States Trustee, Southern District of New York, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Susan Golden and Serene Nakano);

d.   counsel to Plan Co-Proponent Kavanaugh at Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Van C. Durrer II and Shana Elberg);

e.   counsel to Plan Co-Proponent Nicholas at Taft Stettinius & Hollister LLP, 111 E. Wacker Drive, Suite 2800, Chicago, Illinois 60601-3713 (Attn: Michael A. Cramarosso);

f.   counsel to the Creditors' Committee, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119 (Attn:  Albert Togut and Frank Oswald);

g.   the SEC; and

h.   all other parties in interest that have filed requests for notice pursuant to Bankruptcy Rule 2002 in the Debtors' chapter 11 cases.

11.    Any party's objection to the assumption of its executory contract or unexpired lease as part of the Debtors' sale motion (at Dkt. 25) that was otherwise preserved in the relevant sale orders (at Dkts. 768, 852, and 876) is deemed moot.  Such party must refile and renotice its objection **on or before January 21, 2016**, but may attach  or otherwise refer to its previous filing for convenience

NAI-1500711814v2

Dated:  December 23, 2015
**BY ORDER OF THE COURT**

_____

Bennett L. Spiegel, Esq.
Richard L. Wynne, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
JONES DAY
222 East 41st Street
New York, NY 10017
Tel:  (212) 326-3939
Fax: (212) 755-7306

　　　-and-

Craig A. Wolfe, Esq.
Malani J. Cademartori
Blanka K. Wolfe, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Tel:  (212) 653-8700
Fax: (212) 653-8701

*Attorneys For Debtors And Debtors In Possession*

g