SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
Van C. Durrer II
Annie Z. Li

- and -

Four Times Square
New York, New York 10036
Shana A. Elberg

Attorneys for Ryan Kavanaugh
CEO and Plan Proponent

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|  |  |
|---|---|
| In re | : Chapter 11 |
| | : |
| RELATIVITY FASHION, LLC, et al., | : Case No. 15-11989 (MEW) |
| | : |
| | : |
| Debtors. | : Related Dkt Nos.: 1223, 1225, 1226, 1282 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**JOINDER OF RYAN KAVANAUGH TO OBJECTION OF DEBTORS AND DEBTORS
IN POSSESSION TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION FOR AN ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT
BETWEEN THE COMMITTEE AND THE MANCHESTER PARTIES**

Ryan Kavanaugh ("Kavanaugh"), CEO and Plan Proponent, by and through his

undersigned counsel, hereby submits this joinder (the "Joinder") to the above-captioned debtors'

and debtors' in possession (collectively, the "Debtors" or "Relativity") *Objection Of Debtors And*

*Debtors In Possession To The Official Committee Of Unsecured Creditors' Motion For An*

*Order Pursuant To Rule 9019 Of The Federal Rules Of Bankruptcy Procedure Approving The*

*Settlement Agreement Between The Committee And The Manchester Parties* [Docket No. 1282]

(the "Objection") to *The Official Committee of Unsecured Creditors' Motion for an Order Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving the Settlement Agreement Between the Committee and the Manchester Parties* [Docket No. 1223] (the "Motion").[1]  In support of his Joinder, Kavanaugh states the following:

1.    Since the commencement of the above captioned chapter 11 cases, the Plan Proponent has worked diligently to develop the framework for a consensual restructuring of the Debtors.  Settlement among the Manchester Parties and the Committee ranks as a key achievement toward that goal.  Unfortunately, the proposed Settlement Agreement is largely illusory and does not accomplish the stated goal.  Accordingly, Kavanaugh joins the Debtors' Objection.

2.    Specifically, the Settlement Agreement has the following infirmities that must be remedied: (i) it allows many of the Manchester Parties free reign to oppose and/or reject the Plan, thereby defeating its very purpose; (ii) it allows the Manchester Parties to assert secured creditor status which is inconsistent with the interim agreements that the parties negotiated in connection with the October transactions which served as the foundation for the Plan; (iii) it purports to require amendments to the Plan that are ambiguous and/or include limitless unspecified third party releases; (iv) it depends, in part, on the Final DIP and Cash Collateral Order which never became effective; (v). it does not subject the fees and expenses of the Manchester Parties to review for reasonableness in the same manner as other professionals; and (vi) the proposed  extension of the DIP Facility under the Final DIP and Cash Collateral Order (the "New DIP Facility") to January 31, 2016 (a Sunday) is meaningless where the confirmation hearing for the Plan is scheduled for February 1, 2016 and the Settlement Agreement is internally

---

[1]    Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion.

inconsistent since it also provides that the New DIP Facility must be satisfied on the Effective

Date of the Plan which could never occur before February 2, 2016, at the earliest.

      3.      The Settlement Agreement must be modified as set forth in the Objection

in order to satisfy the intentions for which it was negotiated.  Absent such modifications, the

Court should deny approval of the Settlement Agreement.  Alternatively, the Court should defer

approval of the Settlement Agreement until the February 1 confirmation hearing in order to

permit the parties to reconcile the Settlement Agreement with the Plan.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated:  New York, New York
        January 18, 2016

                                    SKADDEN, ARPS, SLATE, MEAGHER
                                      & FLOM LLP

                                    By: /s/ Van C. Durrer II

                                    Van C. Durrer II
                                    Annie Z. Li
                                    300 South Grand Avenue
                                    Suite 3400
                                    Los Angeles, California 90071
                                    (213) 687-5000

                                        - and –

                                    Shana A. Elberg
                                    Four Times Square
                                    New York, New York 10036
                                    (212) 735-3000

                                    Attorneys for Ryan Kavanaugh
                                    CEO and Plan Proponent