**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, *et al.*,[1] | Case No. 15-11989 (MEW) |
| Debtors. | (Jointly Administration) |

## MEMORANDUM OPINION REGARDING MICHAEL A. NORTON'S CLAIMS

APPEARANCES:

Craig A. Wolfe
SHEPPARD MULLIN RICHTER & HAMPTON, LLP
30 Rockefeller Plaza
New York, NY 10112
    *Counsel for the Debtors*

Michael Anthony Norton
    *Pro Se*

**MICHAEL E. WILES**
**United States Bankruptcy Judge**

    In the above-captioned jointly-administered bankruptcy proceedings of Relativity Fashion, LLC, et al. (the "Debtors"), Michael A. Norton ("Mr. Norton") filed, *pro se*, three proofs of claim against the Debtors. The Debtors filed an objection to all three claims in their entirety [ECF No. 1192] and Mr. Norton responded with a motion to have his claim estimated [ECF No. 1266]. The Debtors then filed an objection to the estimation motion [ECF No. 1284].

### Jurisdiction and Power to Issue a Final Decision

    The Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334(b) over the consideration of Mr. Norton's proofs of claim as a core proceeding.

---

[1] The Debtors in these chapter 11 cases are as set forth on Annex 1, attached hereto.

### Mr. Norton's Estimation Motion

The Court held a hearing to consider estimation motions for voting purposes on January 26, 2016. Mr. Norton did not appear. The Court stated on the record that it appeared that Mr. Norton's estimation motion concerned the merits of his claim rather than the voting process, and in any event that estimation for voting purposes was a moot issue because Mr. Norton had not not submitted a ballot voting either for or against the plan. The Court deferred consideration of the merits of Mr. Norton's proofs of claim until a hearing scheduled for February 17, 2016.

### Debtor's Objection to Mr. Norton's Claims

At the hearing on February 17, 2016, both sides presented evidence and argument as to their respective positions. Mr. Norton testified for himself, and the Court admitted into evidence several documents compiled by Mr. Norton [Exs. A–G]. The Debtors offered and the Court admitted into evidence the Declaration of Ramon Wilson, Interim President of Relativity Media, LLC [Ex. 1] and the three proofs of claim filed by Mr. Norton—Claim No. 30 (filed against Relativity Media, LLC on August 12, 2015) [Ex. 2]; Claim No. 36 (filed against Relativity Fashion, LLC on August 12, 2015) [Ex. 3]; and Claim No. 41 (filed against Relativity Fashion, LLC on August 13, 2015) [Ex. 4].

The proofs of claim were each for claims of amounts between $345 million and $375 million, each including administrative priority claims of $45 million for "wages, salary, or commissions" under section 507(a)(4) of the Bankruptcy Code. The proofs of claim asserted several grounds for the claims, including services performed, malpractice, and maladministration. At the hearing, however, Mr. Norton clarified that the final claim, Claim 41, was meant to supersede the prior two claims, and thus he withdrew both Claim 30 and Claim 36.

To rebut the prima facie validity of the claims, the Debtors contended, and Mr. Wilson's declaration supported the fact, that Mr. Norton had no employment or contractual relationship with

the Debtors, and no other known connection with the Debtors that would give rise to claims. Mr. Norton confirmed that he had never been an employee of the Debtors and that he was not a party to any contract with the Debtors, and that his claims therefore were based on other grounds.

One portion of Mr. Norton's claims asked that he be given control of the Debtors' operations. It was clear from his testimony at the hearing that Mr. Norton has a profound interest in the film industry. However, the purpose of a proof of claim is to identify a debt that is owed by a debtor to a creditor. A "claim" is a right to payment that a creditor has, based on its actual dealings with a debtor and based on recognized legal or equitable principles. A proof of claim is not a means of seeking or obtaining control of the operations of a debtor, and that portion of the relief sought by Mr. Norton cannot be granted.

As to whether any debts are owed: Mr. Norton testified at the hearing that he believed that the Debtors had infringed upon his screenplay entitled "Body Jumpers" with a movie entitled "The Lazarus Effect." Mr. Norton further testified that his screenplay was registered with the Writers Guild of America. However, Mr. Norton did not offer the screenplay itself into evidence. He also did not offer any evidence as to the Debtors' alleged knowledge of the screenplay, or in what ways The Lazarus Effect allegedly was based on the screenplay, or how the Debtors may have used or appropriated property belonging to Mr. Norton. The burden of proof as to his claim rested with Mr. Norton. The evidence did not show that the Debtors committed any wrong or are indebted to Mr. Norton based on this portion of his claim.

Mr. Norton also stated at the hearing that he believed that other entities may have misappropriated his works or wronged him in various ways. The Court expresses no opinion on these points because Mr. Norton acknowledged that he did not know of any connection that the

Debtors might have had to these incidents, and offered no evidence that would support a finding that any of the Debtors should bear any responsibility for these alleged wrongs.

Mr. Norton acknowledged at the hearing that he had no other basis for a claim against the Debtors. The Court appreciates his direct answers to the Court's questions on these subjects. Based on the evidence, however, the Court finds that Mr. Norton does not hold any allowable claims against the Debtors.

## Conclusion

For the foregoing reasons, the Debtors' objection to Mr. Norton's claims is granted, and Claim 41 is hereby disallowed and expunged. Furthermore, Claims 30 and 36 were withdrawn by Mr. Norton, and the Debtors are entitled to take all steps necessary to reflect the withdrawal of those claims on the Debtors' official claims register. A separate order with be issued on this same date.

Dated: New York, New York
February 18, 2016

/s/Michael E. Wiles
UNITED STATES BANKRUPTCY JUDGE

**Annex 1**

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J & J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.