Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
**JONES DAY**
222 East 41st Street
New York, NY 10017
Tel: (212) 326-3939
Fax: (212) 755-7306

- and -

Craig A. Wolfe, Esq.
Malani J. Cademartori, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-8701

*Co-Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>RELATIVITY FASHION, LLC, *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 15-11989 (MEW)<br>(Jointly Administered) |

**DEBTORS' EX PARTE MOTION TO FILE UNDER
SEAL CERTAIN PORTIONS OF THE STIPULATION AND
AGREED ORDER BETWEEN DEBTORS, KASIMA, LLC AND
DIGITAL CINEMA IMPLEMENTATION PARTNERS, LLC**

The above-captioned debtors and debtors in possession (the "**Debtors**") submit this

motion (the "**Motion**") pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C.

§§ 101, et seq. (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases are: see page (i).

NAI-1500939252v1

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J&J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558).  The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as Exhibit A, (1) authorizing the Debtors to file under seal an unredacted version of *Stipulation and Agreed Order Between Debtors, Kasima, LLC and Digital Cinema Implementation Partners, LLC* (the "**Stipulation**"), filed contemporaneously herewith, as the Stipulation contains information designated as confidential, commercial and/or trade secret information; (2) authorizing the Debtors to file a publically-available, redacted version of the Stipulation on the docket in these proceedings from which all confidential, commercial and/or trade secret information shall be redacted; and (3) directing that the unredacted Stipulation shall remain under seal and not be made available to anyone other than the United States Trustee for the Southern District of New York, counsel for the Official Committee of Unsecured Creditors, counsel for Kasima, LLC ("**Kasima**") and Digital Cinema Implementation Partners, LLC ("**DCIP**" and, together with Kasima, the "**Creditors**" and, together with the Debtors, the "**Parties**") (collectively, the "**Notice Parties**") and any other parties as determined by the Debtors with the approval of the Creditors, or as otherwise ordered or required by the Court. In support of this Motion, the Debtors respectfully represent and set forth as follows:[1]

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings given to them in Stipulation.

**BACKGROUND**

3.     As set forth in the Stipulation, prior to the Petition Date, Debtor RML Distribution Domestic, LLC and the Creditors executed a certain Digital Deployment Agreement, dated July 18, 2011 (the "**Agreement**").  On January 21, 2016, the Creditors filed the *Objection of Digital Cinema Implementation Partners, LLC and Kasima, LLC to the Debtors' Proposed Assumption of an Executory Contract or Contracts* [Dkt. No. 1324] (the "**Objection**"), arguing, among other things, that the proper cure amount for the Agreement is $1,053,243.03.

4.     The Debtors have determined that the Agreement represents a valuable asset to the Debtors' estates that must be preserved.  As such, the Parties engaged in good-faith, arm's length negotiations and resolved the Objection as set forth in the Stipulation.

5.     The Parties have determined that filing an unredacted copy of the Stipulation on the docket in these Chapter 11 Cases will disclose confidential information to, among others, future contractual counterparties, adversaries and/or competitors, which could have a negative effect on the Debtors, the Debtors' estates and the Creditors.

6.     Accordingly, the Debtors intend to only provide unredacted versions of the Stipulation to the Notice Parties.

**RELIEF REQUESTED**

7.     By this Motion, the Debtors seek entry of an order, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, (1) authorizing the Debtors to file under seal the Stipulation as the Stipulation contains information designated as confidential, commercial and/or trade secret information; (2) authorizing the Debtors to file a publically-available, redacted version of the Stipulation on the docket in these proceedings from which all confidential, commercial and/or trade secret information shall be redacted;

and (3) directing that the unredacted Stipulation shall remain under seal and not be made available to anyone other than as set forth herein.

**BASIS FOR RELIEF**

8. Section 107(b) of the Bankruptcy Code grants bankruptcy courts the power to issue orders to protect entities from the consequences that may result from the public disclosure of certain confidential information and/or trade secrets. 11 U.S.C. § 107(b). This statute provides that "[o]n request of a party in interest, that bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." Id.

9. Bankruptcy Rule 9018 further provides the procedural mechanism by which a party may move for relief under section 107(b) Bankruptcy Code. Specifically, Bankruptcy Rule 9018 states that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information … ."

10. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 exist to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." In re Global Crossing Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). Indeed, "[w]hen the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad [and a Court may then issue] any order which justice requires." Id. at 724 (internal quotations and citation omitted).

11. Once the court finds that a party in interest is seeking protection of information that falls within one of the enumerated categories in section 107(b) of the Bankruptcy Code, the court "is required to protect a requesting interested party and has no

discretion to deny the application." <u>Video Software Dealers Ass'n v. Orion Pictures Corp.</u> <u>(In re Orion Pictures Corp.)</u>, 21 F.3d 24, 27 (2d Cir. 1994).  Notably, commercial information need not rise to the level of a trade secret to receive protection pursuant to section 107(b) of the Bankruptcy Code.  <u>Id</u>. at 28.

12. The Second Circuit has held that section 107(b) of the Bankruptcy Code "establishes the exception to the general rule that court documents are open for public inspection." <u>Id</u>. at 27.  An interested party under this exception only needs to show that the information it seeks to seal is "confidential and commercial in nature." <u>Id</u>.  Commercial information is defined as any information that would "cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." <u>Id</u>. (internal quotations omitted).  As the Second Circuit noted, the commercial information that the party seeks to seal "need not . . . be the equivalent of a trade secret" to warrant protection under section 107(b) of the Bankruptcy Code.  <u>Id</u>. at 28.

13. There is ample justification to allow the Debtors to file the unredacted Stipulation under seal and direct that the Stipulation remain under seal and not available to anyone other than as set forth herein.  The Stipulation contains information that is commercially sensitive, proprietary and highly confidential in an industry that is highly competitive and subject to intense media scrutiny.  Furthermore, the Agreement contains a confidentiality provision that restricts the disclosure of confidential information.  Accordingly, the Stipulation redacts certain information relating to the terms of the Agreement and the Assumption Agreement.

## MOTION PRACTICE

14. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their

application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013 1(a) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

## NO PREVIOUS REQUEST

15. No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

## CONCLUSION

16. For the reasons set forth herein, the Debtors respectfully request that this Court (1) authorize the Debtors to file the Stipulation under seal as the Stipulation contains information designated as confidential, commercial and/or trade secret information; (2) authorize the Debtors to file a publically-available, redacted version of the Stipulation on the docket in these proceedings from which all confidential and/or trade secret information shall be redacted; and (3) direct that the unredacted Stipulation shall remain under seal and not be made available to anyone other than the Notice Parties and any other party as ordered or required by this Court.

Dated: April 13, 2016

/s/ Lori Sinanyan
Richard L. Wynne, Esq.
Bennett L. Spiegel, Esq.
Lori Sinanyan, Esq. (admitted *pro hac vice*)
JONES DAY
222 East 41st Street
New York, NY 10017
Tel: (212) 326-3939
Fax: (212) 755-7306

*Attorneys for Debtors and Debtors in Possession*

## EXHIBIT A

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>RELATIVITY FASHION, LLC, *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 15-11989 (MEW)<br>(Jointly Administered) |

**ORDER GRANTING DEBTORS' EX PARTE MOTION TO**
**FILE UNDER SEAL CERTAIN PORTIONS OF STIPULATION**
**AND AGREED ORDER BETWEEN DEBTORS KASIMA, LLC**
**AND DIGITAL CINEMA IMPLEMENTATION PARTNERS, LLC**

Upon *Debtors' Ex Parte Motion to File Under Seal Certain Portions of Stipulation and Agreed Order Between Debtors, Kasima, LLC and Digital Cinema Implementation Partners, LLC* (the "**Motion**")[2], pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules, for entry of an order (1) authorizing the Debtors to file under seal an unredacted version of the Stipulation as the Stipulation contains information designated as confidential, commercial and/or trade secret information; (2) authorizing the Debtors to file a publically-available, redacted version of the Stipulation on the docket in these proceedings from which all confidential, commercial and/or trade secret information shall be redacted; and (3) directing that the unredacted Stipulation shall remain under seal and not be made available to anyone other than as set forth herein; and it appearing that (i) the relief requested in the Motion is appropriate and in the best interests of the Debtors, the Debtors' creditors and other parties in interest; (ii) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (iii) this proceeding is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] The Debtors in these chapter 11 cases are: see page (i).
[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Relativity Fashion, LLC (4571); Relativity Holdings LLC (7052); Relativity Media, LLC (0844); Relativity REAL, LLC (1653); RML Distribution Domestic, LLC (6528); RML Distribution International, LLC (6749); RMLDD Financing, LLC (9114); 21 & Over Productions, LLC (7796); 3 Days to Kill Productions, LLC (5747); A Perfect Getaway P.R., LLC (9252); A Perfect Getaway, LLC (3939); Armored Car Productions, LLC (2750); Best of Me Productions, LLC (1490); Black Or White Films, LLC (6718); Blackbird Productions, LLC (8037); Brant Point Productions, LLC (9994); Brick Mansions Acquisitions, LLC (3910); Brilliant Films, LLC (0448); Brothers Productions, LLC (9930); Brothers Servicing, LLC (5849); Catfish Productions, LLC (7728); Cine Productions, LLC (8359); CinePost, LLC (8440); Cisco Beach Media, LLC (8621); Cliff Road Media, LLC (7065); Den of Thieves Films, LLC (3046); Don Jon Acquisitions, LLC (7951); DR Productions, LLC (7803); Einstein Rentals, LLC (5861); English Breakfast Media, LLC (2240); Furnace Films, LLC (3558); Gotti Acquisitions, LLC (6562); Great Point Productions, LLC (5813); Guido Contini Films, LLC (1031); Hooper Farm Music, LLC (3773); Hooper Farm Publishing, LLC (3762); Hummock Pond Properties, LLC (9862); Hunter Killer La Productions, LLC (1939); Hunter Killer Productions, LLC (3130); In The Hat Productions, LLC (3140); J&J Project, LLC (1832); JGAG Acquisitions, LLC (9221); Left Behind Acquisitions, LLC (1367); Long Pond Media, LLC (7197); Madaket Publishing, LLC (9356); Madaket Road Music, LLC (9352); Madvine RM, LLC (0646); Malavita Productions, LLC (8636); MB Productions, LLC (4477); Merchant of Shanghai Productions, LLC (7002); Miacomet Media LLC (7371); Miracle Shot Productions, LLC (0015); Most Wonderful Time Productions, LLC (0426); Movie Productions, LLC (9860); One Life Acquisitions, LLC (9061); Orange Street Media, LLC (3089); Out Of This World Productions, LLC (2322); Paranoia Acquisitions, LLC (8747); Phantom Acquisitions, LLC (6381); Pocomo Productions, LLC (1069); Relative Motion Music, LLC (8016); Relative Velocity Music, LLC (7169); Relativity Development, LLC (5296); Relativity Film Finance II, LLC (9082); Relativity Film Finance III, LLC (8893); Relativity Film Finance, LLC (2127); Relativity Films, LLC (5464); Relativity Foreign, LLC (8993); Relativity India Holdings, LLC (8921); Relativity Jackson, LLC (6116); Relativity Media Distribution, LLC (0264); Relativity Media Films, LLC (1574); Relativity Music Group, LLC (9540); Relativity Production LLC (7891); Relativity Rogue, LLC (3333); Relativity Senator, LLC (9044); Relativity Sky Land Asia Holdings, LLC (9582); Relativity TV, LLC (0227); Reveler Productions, LLC (2191); RML Acquisitions I, LLC (9406); RML Acquisitions II, LLC (9810); RML Acquisitions III, LLC (9116); RML Acquisitions IV, LLC (4997); RML Acquisitions IX, LLC (4410); RML Acquisitions V, LLC (9532); RML Acquisitions VI, LLC (9640); RML Acquisitions VII, LLC (7747); RML Acquisitions VIII, LLC (7459); RML Acquisitions X, LLC (1009); RML Acquisitions XI, LLC (2651); RML Acquisitions XII, LLC (4226); RML Acquisitions XIII, LLC (9614); RML Acquisitions XIV, LLC (1910); RML Acquisitions XV, LLC (5518); RML Bronze Films, LLC (8636); RML Damascus Films, LLC (6024); RML Desert Films, LLC (4564); RML Documentaries, LLC (7991); RML DR Films, LLC (0022); RML Echo Films, LLC (4656); RML Escobar Films LLC (0123); RML Film Development, LLC (3567); RML Films PR, LLC (1662); RML Hector Films, LLC (6054); RML Hillsong Films, LLC (3539); RML IFWT Films, LLC (1255); RML International Assets, LLC (1910); RML Jackson, LLC (1081); RML Kidnap Films, LLC (2708); RML Lazarus Films, LLC (0107); RML Nina Films, LLC (0495); RML November Films, LLC (9701); RML Oculus Films, LLC (2596); RML Our Father Films, LLC (6485); RML Romeo and Juliet Films, LLC (9509); RML Scripture Films, LLC (7845); RML Solace Films, LLC (5125); RML Somnia Films, LLC (7195); RML Timeless Productions, LLC (1996); RML Turkeys Films, LLC (8898); RML Very Good Girls Films, LLC (3685); RML WIB Films, LLC (0102); Rogue Digital, LLC (5578); Rogue Games, LLC (4812); Roguelife LLC (3442); Safe Haven Productions, LLC (6550); Sanctum Films, LLC (7736); Santa Claus Productions, LLC (7398); Smith Point Productions, LLC (9118); Snow White Productions, LLC (3175); Spy Next Door, LLC (3043); Story Development, LLC (0677); Straight Wharf Productions, LLC (5858); Strangers II, LLC (6152); Stretch Armstrong Productions, LLC (0213); Studio Merchandise, LLC (5738); Summer Forever Productions, LLC (9211); The Crow Productions, LLC (6707); Totally Interns, LLC (9980); Tribes of Palos Verdes Production, LLC (6638); Tuckernuck Music, LLC (8713); Tuckernuck Publishing, LLC (3960); Wright Girls Films, LLC (9639); Yuma, Inc. (1669); Zero Point Enterprises, LLC (9558). The location of the Debtors' corporate headquarters is: 9242 Beverly Blvd., Suite 300, Beverly Hills, CA 90210.

i

and after due deliberation thereon, good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to file under seal the unredacted Stipulation as the Stipulation contains information designated as confidential, commercial and/or trade secret information.

3. The Debtors are authorized to file on the docket in these proceedings a redacted version of the Stipulation from which from which all confidential, commercial and/or trade secret information shall be redacted.

4. The unredacted Stipulation contains confidential information and shall remain under seal, and shall not be made available to anyone, except that unredacted copies shall be provided to (a) the Notice Parties, (b) at the discretion of the Debtors with the approval of the Creditors, parties requesting access to the unredacted Stipulation, subject to entry into an appropriate confidentiality agreement with the Debtors and the Creditors and without the need for further order of the Bankruptcy Court, and (c) any other party otherwise ordered or required by this Court.  The unredacted Stipulation shall be disposed of at the conclusion of these Chapter 11 Cases.

5. Any party receiving an unredacted copy of the Stipulation shall maintain the confidentiality of the Stipulation in accordance with this Order.

6. This Order is without prejudice to the rights of any party in interest, or the U.S. Trustee, to seek access to the Stipulation or any part of it.

7. The requirements set forth in Local Rule 9013-1(b) are satisfied.

2

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from and/or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2016  
      New York, New York

_____  
THE HONORABLE MICHAEL E. WILES  
UNITED STATES BANKRUPTCY JUDGE